# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| BRETFORD MANUFACTURING, INC., | ) | |
| Plaintiff, | ) | Case No. 08 C 486 |
| and | ) | Judge James B. Moran |
| MASS ENGINEERED DESIGN, INC., and JERRY MOSCOVITCH, | ) | Magistrate Judge Maria Valdez |
| | ) | Jury Trial Demanded |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND VIOLATION OF THE FIRST-TO-FILE RULE, OR ALTERNATIVELY, TO TRANSFER**

Robert M. Barrett
rbarrett@bellboyd.com
Sanjay K. Murthy
smurthy@bellboyd.com
BELL, BOYD & LLOYD LLP
70 West Madison Street, Suite 3100
Chicago, Illinois 60602
Phone: (312) 372-1121
Fax: (312) 827-8000

Attorneys for Defendants

TABLE OF CONTENTS

Page(s)

I. INTRODUCTION ...................................................................................................................1

II. FACTUAL BACKGROUND ..................................................................................................2

    A. Mr. Moscovitch Has No Contacts With Illinois ..........................................................2

    B. MASS Does Not Have Continuous And Systematic Contacts With The State Of Illinois .......................................................................................................3

    C. MASS and Mr. Moscovitch Filed Their Infringement Suit In Texas First..............4

III. THIS COURT LACKS PERSONAL JURISDICTION OVER MOSCOVITCH ...............5

    A. Bretford Fails To Allege And Cannot Show That This Court May Exercise Specific Jurisdiction Over Mr. Moscovitch ...............................................................6

    B. Bretford Cannot Show That This Judicial District Has General Jurisdiction Over Mr. Moscovitch ....................................................................................................7

IV. THIS COURT LACKS PERSONAL JURISDICTION OVER MASS .............................9

    A. Bretford Fails To Allege And Cannot Show That This Court May Exercise Specific Jurisdiction Over MASS ................................................................................9

    B. Bretford Cannot Show That This Judicial District Has General Jurisdiction Over MASS ..................................................................................................................9

V. THIS CASE SHOULD BE DISMISSED FOR VIOLATING THE FIRST-TO-FILE RULE ............................................................................................................................11

VI. IN THE ALTERNATIVE, THIS CASE SHOULD BE TRANSFERRED TO THE EASTERN DISTRICT OF TEXAS ......................................................................................12

    A. This Action Is Already Pending In The Eastern District Of Texas ......................13

    B. The Interests of Justice Overwhelmingly Favor Transfer To Texas.....................14

    C. The Convenience Of The Parties Is Best Served By Transferring This Case ..............................................................................................................................15

VII. CONCLUSION .....................................................................................................................15

Page(s)

## TABLE OF AUTHORITIES

### Cases

*Allied Van Lines v. Aaron Transfer and Storage, Inc.*, 200 F. Supp. 2d 941 (N.D. Ill. 2002) ..... 13

*Canadian Thermal Windows, Inc., v. Magic Window Co.*, 2007 WL 2481295 (N.D. Ill. Aug. 27, 2007) ................................................................................................................................ 2

*Carus Corp. v. Greater Texas Finishing Corp.*, 1992 WL 22691 (N.D. Ill., Jan. 31, 1992)........ 15

*Clear Lam Packaging, Inc. v. Rock-Tenn Co.*, 2003 WL 22012203 (N.D. Ill. Aug. 22, 2003) .................................................................................................................................... 15

*Coffey v. Van Dorn Iron Works*, 796 F.2d 217 (7th Cir. 1986) ...................................................... 14

*Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).................. 11

*Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19 (1960)...................................................... 13

*Crowley Cutlery Co. v. United States*, 849 F.2d 273 (7th Cir. 1988) ........................................... 11

*Encyclopaedia Britannica, Inc. v. Magellan Navigation, Inc*., 512 F. Supp.2d 1169 (W.D. Wis. 2007).................................................................................................................................. 15

*Gaither Tool Co. v. Tire Serv. Equip. Mfg.*, No. 96 C 8094, 1997 WL 403583 (N.D. Ill. June 16, 1997).................................................................................................................................. 8

*Heller Fin., Inc. v. Midwhey Powder Co. Inc.*, 883 F.2d 1286 (7th Cir. 1989)............................. 14

*Hildebrand v. Steck Mfg. Co.*, 279 F.3d 1351 (Fed. Cir. 2002)....................................................... 6

*Hot Wax, Inc. v. Stone Soap Co. Inc.*, No. 97 C 6878, 1999 U.S. Dist. LEXIS 4091 (N.D. Ill. Mar. 25, 1999) ...................................................................................................................... 11

*Infosys Inc. v. Billingnetwork.com, Inc.,* No. 03 C 3947, 2003 U.S. Dist LEXIS 14808 (N.D. Ill. Aug. 26, 2003)........................................................................................................ 7, 9

*Insolia v. Philip Morris* 31 F.Supp.2d 660 (W.D. Wis. 1998)......................................................... 8

*Jamik, Inc. v. Days Inn of Mount Laurel*, 74 F.Supp.2d 818 (N.D. Ill. 1999)............................... 7

*Kingdom 5-KR-41, Ltd. v. Star Cruises PLC*, No. 01 Civ. 2946(AGS), 2002 WL 432390 (S.D.N.Y. Mar. 20, 2002) ........................................................................................................ 8

*Kula v. J.K. Schofield & Co.*, 668 F.Supp. 1126 (N.D. Ill. 1987) ............................................. 8, 9

*McGill v. Gigantex Techs. Co.*, No. 05-C-5892, 2005 U.S. Dist. LEXIS 32795 (N.D. Ill. Dec. 12, 2005).......................................................................................................................... 11

*Mentmore Manufacturing Co. v. National Merchandise Manufacturing Co.* (1978) 40 C.P.R. (2d) 164 (F.C.A).............................................................................................................. 9

Page(s)

*MJC-A World of Quality, Inc., v. Wishpets Co.*, No. 00 C 6803, 2001 U.S. Dist. LEXIS
    13178 (N.D. Ill. Aug. 22, 2001) ................................................................................... 10

*Neilson v. Union Bank of California*, 290 F. Supp. 2d 1101 (C.D. Cal. 2003) .............................. 8

*Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773 (7th Cir. 2003) .................. 6, 7

*Recycling Sciences Int'l, Inc. v. Soil Restoration & Recycling L.L.C.*, No. 00 C 0311, 2001
    U.S. Dist. LEXIS 17580 (N.D. Ill. Oct. 24, 2001) .................................................... 10

*RehabCare Group East, Inc. v. Certified Health Management, Inc.*, No. 07 C 2923, 2007
    WL 3334500 (N.D. Ill. Nov. 8, 2007) ........................................................................ 8

*Ridge Gold Std. Liquors v. Joseph E. Seagram*, 572 F. Supp. 1210 (N.D. Ill. 1983) .................. 11

*Sanders v. Franklin*, 25 F. Supp. 2d 855 (N.D. Ill. 1998) ............................................................ 13

*Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d 947 (5th Cir. 1997) .................................... 11

*Serlin v. Arthur Andersen & Co.*, 3 F.3d 221 (7th Cir. 1993) ..................................................... 11

*Smith v. S.E.C.*, 129 F.3d 356 (6th Cir. 1997) ............................................................................. 11

*State Security Ins. Co. v. Frank B. Hall & Co.*, 530 F.Supp. 94 (N.D. Ill. 1981) ......................... 9

*Time Warner Cable v. GPNE Corp.*, 497 F. Supp. 2d 584 (D. Del. 2007) ................................. 12

*Time Warner Cable v. USA Video Technology Corp.*, 520 F. Supp. 2d 579 (D. Del. 2007) ...... 12

*United Feature Syndicate v. Miller Features Synd.*, 216 F. Supp. 2d 198 (S.D.N.Y. 2002) ......... 9

*Van Dusen v. Baraack*, 376 U.S. 612 (1964) ............................................................................. 12

*World-Wide Volkswagen Corp. v. Woodsen*, 444 U.S. 286 (1980) ............................................. 6

**Statutes**

28 U.S.C. § 1391(c) ....................................................................................................................... 5

28 U.S.C. § 1404(a) ..................................................................................................................... 12

**Rules**

Fed. R. Civ. P. 11(b) ..................................................................................................................... 2

Defendants, MASS Engineered Design, Inc. ("MASS") and Jerry Moscovitch ("Moscovitch") (collectively, "Defendants") submit this memorandum in support of their Motion to Dismiss for Lack of Personal Jurisdiction and Violation of the First-To-File Rule or, in the Alternative, to Transfer to the United States District Court for the Eastern District of Texas.

## I.    INTRODUCTION

Bretford's Complaint lacks a single factual allegation that supports its conclusory assertion that jurisdiction is proper in this Court. In fact, all of the factual allegations in the Complaint—as well as the key facts that Bretford conveniently left out—confirm that this Court is an improper forum for this dispute.

As Bretford concedes, MASS is a Canadian corporation with its principal place of business in Ontario, Canada and Mr. Moscovitch is an individual residing in Canada. Neither of these two non-resident defendants has the necessary connections to Illinois to support personal jurisdiction here and the Complaint noticeably fails to allege any facts showing otherwise.

Bretford, moreover, fails to advise this Court that the basis for its declaratory judgment Complaint—"allegations made by MASS Engineered and Moscovitch that products manufactured, marketed, and/or sold by Bretford infringe the '978 patent"—occurred in Texas, not Illinois. Remarkably, Bretford even conceals how those allegations of infringement arose.

In July 2006, MASS and Mr. Moscovitch filed a complaint for patent infringement in the United States District Court for the Eastern District of Texas (the "Texas Action") alleging infringement of the same patent at issue here, U.S. Patent No. RE 36,978 (the "'978 Patent"), by products that were sold by CDW Corporation ("CDW") and manufactured by Bretford. In November 2007, CDW filed a third-party Complaint against Bretford for, among other things, breach of warranty, which Bretford then answered *before* it filed this action. Thus, the Texas

Action involves the same parties, the very same patent, and the very same accused infringing products. *So not only did the allegations giving rise to Bretford's declaratory judgment claim not occur in Illinois, Bretford's Complaint is duplicative of litigation pending in another federal court.* Based on the facts above, Bretford's Complaint should be dismissed because it violates the first-to-file rule.[1]

Short of outright dismissal, which is wholly justified in this situation, the relevant facts clearly favor transferring this action to the Eastern District of Texas. Under well-established precedent in this District, cases should be transferred where related actions are pending. Here, transfer is particularly warranted to avoid conflicting determinations regarding the same patent, piecemeal litigation, and to conserve judicial resources. Judge Leonard E. Davis has already expended considerable effort over the last two years overseeing this matter: he has appointed a neutral technical advisor; he has already conducted a *Markman* hearing; and he is intimately familiar with the technology in the '978 Patent, and the parties. Last, but certainly not least, by appearing in the Texas Action, Bretford has already *agreed* that jurisdiction and venue are proper in Texas. Thus, if Bretford's Complaint is not dismissed, this action should be transferred.

## II.    FACTUAL BACKGROUND

### A.    Mr. Moscovitch Has No Contacts With Illinois.

Mr. Moscovitch resides in Ontario, Canada and is the named inventor and owner of the '978 Patent. (Complaint at ¶¶ 4, 9-10; Declaration of Jerry Moscovitch ("Moscovitch Decl.") at ¶ 4). In 2003, Mr. Moscovitch exclusively licensed the '978 Patent to MASS, a company which

---

[1] Defendants sought to avoid this wasteful motion practice by contacting Bretford and requesting that it voluntarily dismiss this Complaint—a proposal that was inexplicably rejected. (Exhibits A and B). Defendants believe the maintenance of this action was for an "improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" under FED. R. CIV. P. 11(b). *See Canadian Thermal Windows, Inc., v. Magic Window Co.*, 2007 WL 2481295 (N.D. Ill. Aug. 27, 2007) (Moran, J.).

he founded. (Moscovitch Decl. at ¶ 5).

Mr. Moscovitch maintains no office or residence in Illinois, has never lived in Illinois, owns no property in Illinois, does not lease any property in Illinois, pays no taxes in or to Illinois, maintains no telephone listing in Illinois, does not maintain a residence or postal address in Illinois, maintains no bank account in Illinois, and has not previously sued in Illinois. (Moscovitch Decl. at ¶ 6). Moreover, Mr. Moscovitch has not and does not transact any business in Illinois. (*Id.*). Finally, Mr. Moscovitch did not initiate any contact with Bretford regarding the '978 Patent at issue. (*Id.* at ¶ 7).

### B. MASS Does Not Have Continuous And Systematic Contacts With The State Of Illinois.

MASS is a Canadian corporation organized under the laws of Ontario, Canada. (Declaration of Ray Wilk ("Wilk Decl.") at ¶ 5). MASS has no offices, property, employees, agents, or distributors in Illinois, and is not licensed to do business in Illinois. (Wilk Decl. at ¶ 6). Moreover, MASS did not initiate any communications with Bretford regarding the '978 Patent at issue. (Wilk Decl. at ¶ 8).

MASS is involved in manufacturing multi-display solutions. (*Id.* at ¶ 6). However, MASS does not manufacture those products in this district and has no facilities of any kind in Illinois. (*Id.*). Since it has been in business, on occasion, some of MASS' multi-display solutions have been shipped to Illinois. (*Id.* at ¶ 7). However, those sales have been sporadic, not continuous or systematic. (*Id.*). In fact, MASS has no agreements with any of those customers that were located in Illinois that provide for any on-going business relationship and MASS does not conduct direct marketing or advertising in Illinois. (*Id.*). Finally, for at least the past five years, MASS has not attended any trade shows in Illinois. (*Id.*).

### C. MASS and Mr. Moscovitch Filed Their Infringement Suit In Texas First.

On July 7, 2006, MASS and Mr. Moscovitch jointly filed suit in the United States District Court for the Eastern District of Texas against a number of defendants, including CDW Corporation ("CDW"). (*See* Exhibit C, Complaint in Civil Action No. 2:06 CV-272). The Texas Action was assigned to Judge Leonard E. Davis.

In its Original Complaint, MASS and Mr. Moscovitch accused CDW of directly infringing the '978 Patent by, among other things, manufacturing, using, selling and offering for sale "multi-display units such as Model No. 210328" and contributing to and inducing others to manufacture and sell infringing products. (Exhibit C at ¶ 10). CDW answered MASS and Mr. Moscovitch's Complaint denying that the accused products infringe and asserting that the '978 Patent is invalid. (*See* Exhibit D, CDW's Answer, Additional Defenses, Counterclaims And Cross-Claims).

On February 7, 2007, MASS and Mr. Moscovitch informed CDW that the following products, which were apparently purchased by CDW and manufactured by Bretford, infringed the '978 Patent. (*See* Exhibit E, Preliminary Infringement Contentions at pp. 42-47). On November 27, 2007, CDW filed a Third-Party Complaint against Bretford Manufacturing in the Texas Action. (*See* Exhibit F, Third Party Complaint). In its Third-Party Complaint, CDW alleged that it "purchased the Bretford FPSM-D-DIS4-AL, FPSM-D-DIS6-AL, and/or FPSM-D-DIS2-AL" from a third-party distributor known as Tech Data. (Exhibit F at ¶ 85). In addition, CDW claimed the following based on its purchase of Bretford's multi-display units: (1) Bretford warranted that its multi-display units would be delivered free of any rightful claim of infringement; (2) Bretford agreed that it would defend, indemnify and hold harmless purchasers of its products in the event suit was brought alleging infringement; (3) if CDW is found to

4

infringe the '978 Patent as a result of equipment manufactured by Bretford, then Bretford will be in breach of its obligations to CDW; and (4) CDW timely demanded defense and indemnification from Bretford, but the demand has not been accepted. ( *See* Exhibit F at ¶¶ 85-89).

On January 18, 2008, Bretford filed its Answer to CDW's Third-Party Complaint in the Texas Action. (Exhibit G).  Notably, in its Answer, Bretford conceded two facts relevant to this motion:  (1) that it was subject to personal jurisdiction in the Eastern District of Texas and (2) that "venue is not impermissible under 28 U.S.C. § 1391(c)."  (Exhibit G, Bretford Manufacturing, Inc.'s Answer to CDW's Third-Party Complaint at ¶¶ 14, 17).  In addition, Bretford admitted that CDW had purchased the Bretford FPSM-D-DIS4-AL, FPSM-D-DIS6-AL and/or FPSM-D-DIS2-AL from Tech Data that are some of the accused products at issue in the Texas Action, denied CDW's remaining claims, and raised a number of affirmative defenses. (Exhibit G at ¶¶ 85, 90-97).  Finally, Bretford even claimed that its ***"products do not infringe U.S. Patent RE 36,978"***—once again putting the infringement of its products sold by CDW directly at issue in the Texas Action. (Exhibit G at ¶ 25) (emphasis added).

Under Federal Rule of Civil Procedure 14(a), Bretford could have asserted invalidity claims against MASS and Mr. Moscovitch in its Answer in the Texas Action—it did not. Instead, in an apparent attempt to "forum shop," on January 23, 2008—after it had already appeared and filed its Answer in the Texas Action—Bretford filed the present action in this Court seeking declaratory judgment of non-infringement and invalidity of the '978 Patent. (*See* Complaint at ¶¶ 15-16).

## ARGUMENT

### III.  THIS COURT LACKS PERSONAL JURISDICTION OVER MOSCOVITCH.

A Court may exercise personal jurisdiction over a defendant only where a defendant has

sufficient minimum contacts with the forum state. *See World-Wide Volkswagen Corp. v. Woodsen*, 444 U.S. 286, 291 (1980). In a patent case, such as this one, Federal Circuit law is controlling in determining whether a court may exercise personal jurisdiction over a non-resident defendant, such as Mr. Moscovitch. *See Hildebrand v. Steck Mfg. Co.*, 279 F.3d 1351, 1354 (Fed. Cir. 2002). As the plaintiff, Bretford bears the burden of establishing a *prima facie* case of personal jurisdiction exists over Moscovitch in order to defeat this motion. *See Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 787 (7th Cir. 2003).

Two inquiries are necessary to determine whether this Court has personal jurisdiction over Mr. Moscovitch: (1) whether jurisdiction exists under the Illinois long-arm statute; and (2) if such jurisdiction exists, would exercising it be consistent with the minimum contacts requirement of the due process clause. *See Hildebrand,* 279 F.3d at 1354. To prove jurisdiction, Bretford can show either: (1) its claim arises out of or relates to Mr. Moscovitch's contacts with this District—specific jurisdiction; or (2) Mr. Moscovitch's contacts with this District are so continuous and systematic that personal jurisdiction is warranted even though Bretford's claim has no relation to those contacts—general jurisdiction. In addressing the threshold question of personal jurisdiction, Bretford defaults entirely—offering only "on information and belief" that Mr. Moscovitch is subject to personal jurisdiction in this district because he is "the founder and owner of MASS Engineered and is responsible for its activities." (Complaint at ¶ 6). That conclusory assertion cannot satisfy the minimum contacts requirement and fails to support an exercise of either specific or general jurisdiction.

### A.   Bretford Fails To Allege And Cannot Show That This Court May Exercise Specific Jurisdiction Over Mr. Moscovitch.

To satisfy its burden of showing of specific jurisdiction, Bretford must demonstrate that its only claim, declaratory judgment of non-infringement and invalidity, is related to or arises

6

from Mr. Moscovitch's contacts with Illinois. *Infosys Inc. v. Billingnetwork.com, Inc.,* No. 03 C 3947, 2003 U.S. Dist LEXIS 14808, at *13 (N.D. Ill. Aug. 26, 2003) ("[S]pecific jurisdiction is appropriate when the plaintiff's claim is related to or arises out of defendant's contacts within the state." (citation omitted)). Notably absent from Bretford's Complaint are any facts that connect its claim to any activity by Mr. Moscovitch in this District or relating to the '978 Patent. (Complaint at ¶ 6). As a result, Bretford has failed to allege that this Court has specific jurisdiction over Moscovitch.

### B. Bretford Cannot Show That This Judicial District Has General Jurisdiction Over Mr. Moscovitch.

Recognizing that it had no legitimate claim for specific jurisdiction over Mr. Moscovitch, Bretford's only other option was to contend that this Court has general jurisdiction over him. Bretford's Complaint, however, once again fails to meet the minimum requirements.

For general jurisdiction to exist, Mr. Moscovitch's "contacts must be so extensive to be tantamount to [a defendant] being constructively present in the state to such a degree that it would be fundamentally fair to require [him] to answer in an [Illinois] court in any litigation arising out of any transaction or occurrence taking place anywhere in the world*." See Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 787 (7th Cir. 2003). This is "a fairly high standard requiring a great amount of contacts." *Jamik, Inc. v. Days Inn of Mount Laurel*, 74 F.Supp.2d 818, 822 (N.D. Ill. 1999). Bretford's only allegation—"upon information and belief" no less—is that Mr. Moscovitch is subject to general jurisdiction because he is "the founder and owner of MASS Engineered and is responsible for its activities." (Complaint at ¶ 6). This bare allegation does not even come close to satisfying the high burden Bretford must meet.

At bottom, Bretford's allegation is a feeble attempt to plead an "alter ego" theory to bootstrap its flawed personal jurisdiction claim for Mr. Moscovitch. Bretford's claim, however,

7

fails for at least two reasons. First, Bretford ignores that there is a ***presumption*** of corporate separateness. *See, e.g., Insolia v. Philip Morris Inc.*, 31 F.Supp.2d 660, 669 (W.D. Wis. 1998). Second, Bretford fails to recognize that "alter-ego" allegations ***must*** be pled with specific facts— they cannot consist of conclusory allegations or be pled "upon information and belief." *Gaither Tool Co. v. Tire Serv. Equip. Mfg., Inc.*, No. 96 C 8094, 1997 WL 403583, at *5 (N.D. Ill. June 16, 1997) (Gottschall, J.) (dismissing officer of defendant corporation where plaintiff failed to allege "facts showing that [the officer] is the 'alter ego' of" the defendant corporation and failed to allege any other contacts between officer and Illinois); *RehabCare Group East, Inc. v. Certified Health Management, Inc.*, No. 07 C 2923, 2007 WL 3334500, at *2 (N.D. Ill. Nov. 8, 2007) (Zagel, J.) (rejecting alter ego theory pled "upon information and belief" as insufficient).[2]

Indeed, this Court previously rejected an ***identical*** "alter ego" theory based solely on an individual being "chairman of the board, chief executive officer and sole shareholder of the corporation." *Kula v. J.K. Schofield & Co.*, 668 F.Supp. 1126, 1129 (N.D. Ill. 1987) (Moran, J.). As this Court explained, more facts are needed to show the corporation is a "shell":

> In *State Security*, an individual defendant was a "'major stockholder, president and chief operating agent'" of a company acquired by the corporate defendant and president of a corporate defendant, and had numerous contacts with the plaintiff. Without further facts that the corporation was a "shell," the court refused to pierce the fiduciary shield. *State Security*, 530 F.Supp. at 98. ***Similarly, Kula has alleged nothing more in his complaint except Schofield's status with respect to Schofield & Co.***

---

[2] *See also Kingdom 5-KR-41, Ltd. v. Star Cruises PLC*, No. 01 Civ. 2946(AGS), 2002 WL 432390 at *12 (S.D.N.Y. Mar. 20, 2002) ("[I]n order to overcome the presumption of separateness afforded to [] corporations, [plaintiff] is required to plead more specific facts supporting its claims, not mere conclusory allegations"); *Neilson v. Union Bank of California*, 290 F. Supp. 2d 1101, 1115 (C.D. Cal. 2003) ("[c]onclusory allegations of "alter ego" status are insufficient to state a claim. Rather, a plaintiff must allege specifically both of the elements of alter ego liability, as well as facts supporting each.")

8

*Kula*, 668 F.Supp. at 1129 (*citing State Security Ins. Co. v. Frank B. Hall & Co.*, 530 F. Supp. 94, 97 (N.D. Ill. 1981) (emphasis added).

Bretford's Complaint is devoid of any allegations of reliance upon an alter ego theory, the necessary facts to support each specific element, and any discussion of how these facts satisfy the stringent standard applied to ignore a corporate entity under Canadian law which admittedly applies.[3] Thus, Bretford's claim that Mr. Moscovitch is subject to general jurisdiction because he allegedly is the "founder and owner" of MASS must fail.

### IV. THIS COURT LACKS PERSONAL JURISDICTION OVER MASS.

#### A. Bretford Fails To Allege And Cannot Show That This Court May Exercise Specific Jurisdiction Over MASS.

On Breford's claim against MASS for declaratory judgment, no showing of specific jurisdiction can be made in this District. To satisfy its burden, Bretford must show that its claim is related to or arises from MASS' contacts with Illinois. *Infosys Inc.*, 2003 U.S. Dist. LEXIS 14808, at *13 ("[S]pecific jurisdiction is appropriate when the plaintiff's claim is related to or arises out of defendant's contacts within the state." (citation omitted)). Yet, the Complaint nowhere even suggests that Bretford's claim is connected to any of MASS' conduct in Illinois or any conduct in Illinois relating to the '978 Patent. (Complaint at ¶ 6). Thus, Bretford has failed to allege specific jurisdiction.

#### B. Bretford Cannot Show That This Judicial District Has General Jurisdiction Over MASS.

MASS obviously has no contacts with Illinois that give rise or relate to Bretford's alleged

---

[3] Canadian law leaves little room to disregard a corporate entity in the absence of fraud. *See United Feature Syndicate v. Miller Features Synd.*, 216 F. Supp. 2d 198, 223 (S.D.N.Y. 2002); *see also Mentmore Manufacturing Co. v. National Merchandise Manufacturing Co.* (1978) 40 C.P.R. (2d) 164 (F.C.A) (Exhibit H). MASS, moreover, follows proper corporate formalities under Canadian law. (Wilk Decl. at ¶ 5).

9

claim.  Thus, again, Bretford's only option was to allege that this Court has general jurisdiction over MASS.  Bretford's Complaint, however, fails to set forth such an allegation.  Bretford's conclusory assertion that "upon information and belief," MASS "has regularly and continuously conducted business and sold products in this District" falls far short of satisfying the high burden Bretford must meet to show general jurisdiction. (Complaint at ¶ 6).

Bretford must show that MASS not only had "continuous and systematic" contacts with Illinois, but that those contacts were "substantial."  Occasional activities in Illinois will not establish general jurisdiction.  *See MJC-A World of Quality, Inc., v. Wishpets Co.*, No. 00 C 6803, 2001 U.S. Dist. LEXIS 13178, at *11 (N.D. Ill. Aug. 22, 2001) ("The activity of the corporation must not be occasional or casual, but rather conducted with a 'fair measure of permanence and continuity.'" (citation omitted)).  Indeed, a corporation is not even considered "doing business" in Illinois if its activities were merely occasional during the relevant period. *See Recycling Sciences Int'l, Inc. v. Soil Restoration & Recycling L.L.C.*, No. 00 C 0311, 2001 U.S. Dist. LEXIS 17580, at *8-9 (N.D. Ill. Oct. 24, 2001) ("A corporation is 'doing business' in Illinois if it operates within the state with a fair measure of permanence and continuity, not just occasionally or casually." (citation omitted)).

Bretford cannot show that MASS' contacts in Illinois have ever been continuous and systematic at any time throughout its existence or that any contacts were otherwise sufficiently substantial to warrant personal jurisdiction.  MASS does not have any physical presence in Illinois. (Wilk Decl. at ¶¶ 5-7).  MASS, moreover, has no employees, agents, or distributors in Illinois. (*Id.* at ¶ 6).  In the past some of MASS' products—which are unrelated to the cause of action—have been shipped to Illinois, but those sales have been sporadic at best, and MASS has no agreements with any customers that provide for any on-going business relationship. (*Id.* at 7).

10

Simply put, MASS' contacts with Illinois are not "continuous or systematic." [4]

## V.    THIS CASE SHOULD BE DISMISSED FOR VIOLATING THE FIRST-TO-FILE RULE.

As the Supreme Court has stated, "[a]s between federal district courts . . . the general principal is to avoid duplicative litigation." *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976). Under the first-to-file rule, the action should be decided by the court in which the action was first filed. *Smith v. S.E.C.*, 129 F.3d 356, 361 (6th Cir. 1997). Moreover, the first-to-file rule "***does not [] require that cases be identical***. The crucial inquiry is one of '***substantial overlap***.'" *Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) (emphasis added). The law in the Seventh Circuit is likewise unequivocal that a federal lawsuit should be dismissed "'for reasons of wise judicial administration . . . whenever [that lawsuit] is duplicative of a parallel action already pending in another federal court.'" *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (affirming court's dismissal of duplicative action pending in another federal court) (*quoting Ridge Gold Std. Liquors v. Joseph E. Seagram*, 572 F. Supp. 1210, 1213 (N.D. Ill. 1983)).[5]

There is no dispute that the Texas Action was filed first, nor is there any question that Bretford, MASS and Mr. Moscovitch are all parties in the Texas action, the patent at issue is the same, and the accused infringing products are the same. The only arguable difference is that

---

[4] Indeed, this Court has found general jurisdiction lacking in cases where the contacts were far more continuous than here. *McGill v. Gigantex Techs. Co.*, No. 05-C-5892, 2005 U.S. Dist. LEXIS 32795, at *7-8 (N.D. Ill. Dec. 12, 2005) (no general jurisdiction even though the defendant sold products twice a year to an Illinois resident on a continuous basis); *Recycling Sciences Int'l, Inc.*, 2001 U.S. Dist. LEXIS 17580, at *11-13 (no general jurisdiction even though defendant sold to ten companies in Illinois products that were unrelated to the cause of action); *Hot Wax, Inc. v. Stone Soap Co. Inc.*, No. 97 C 6878, 1999 U.S. Dist. LEXIS 4091, at *19 (N.D. Ill. Mar. 25, 1999).

[5] *See Crowley Cutlery Co. v. United States*, 849 F.2d 273, 279 (7th Cir. 1988) (holding that a litigant should not be able to litigate the same issue at the same time in more than one court).

11

Bretford is currently a third-party defendant in the Texas Action. However, in applying the first-to-file rule in patents cases, strict identity is *not* required. *See, e.g., Time Warner Cable, Inc., v. USA Video Technology Corp.*, 520 F. Supp. 2d 579, 585 (D. Del. 2007) (noting the first-to-file rule applies to actions involving the same subject matter, "not necessarily the same parties"); *Time Warner Cable, Inc., v. GPNE Corp.*, 497 F. Supp. 2d 584, 588-89 (D. Del. 2007) (same).

Federal Rule of Civil Procedure 14(a), moreover, clearly allows Bretford to raise the claims in the Complaint in the Texas Action. To allow Bretford to start anew in another forum would only sanction the type of gamesmanship and forum shopping that wastes judicial resources. The potential for waste is overwhelming here since Judge Davis has: already expended considerable effort over the last two years overseeing this matter; he has appointed a neutral technical advisor; he has already conducted a *Markman* hearing; and he is intimately familiar with the technology in the '978 Patent, the accused products, and the parties. In sum, Bretford's Complaint—as the second-filed matter—should be dismissed.

## VI.    IN THE ALTERNATIVE, THIS CASE SHOULD BE TRANSFERRED TO THE EASTERN DISTRICT OF TEXAS.

Although there is substantial justification for dismissing this action outright, in the alternative, at a minimum, this action should be transferred to the Eastern District of Texas, where an identical action is already pending, and where it can be consolidated to conserve scarce judicial resources. "For the convenience of the parties, and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The fundamental rationale and function of Section 1404(a) is "to prevent waste of 'time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Baraack*, 376 U.S. 612, 616 (1964). As the Supreme Court has explained, Section 1404(a) was created precisely for

cases like this:

> To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent.

*See Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960) (superseded by statute on other grounds). Transferring this action to the Eastern District of Texas would best serve the intent of Section 1404(a)—to place litigation where it properly belongs, remedying Bretford's abuse of the federal courts by filing a federal lawsuit in this judicial district, when an identical and duplicative lawsuit is already pending in another federal court.

The principal issue in determining if an action should be transferred to a more convenient forum under section 1404(a) is whether the transferee district—here, the Eastern District of Texas—is one where the action might have originally been brought. That and the other factors to be considered and balanced in the analysis, including the convenience of the parties, the convenience of witnesses, and the interests of justice, all compel the transfer of this action to the Eastern District of Texas. *See Allied Van Lines v. Aaron Transfer and Storage, Inc.*, 200 F. Supp. 2d 941, 946 (N.D. Ill. 2002).

**A.     This Action Is Already Pending In The Eastern District Of Texas.**

Under Section 1404(a), an action "might have been brought" in any judicial district in which venue is proper. *See Allied*, 200 F. Supp. 2d at 946; *Sanders v. Franklin*, 25 F. Supp. 2d 855, 857 (N.D. Ill. 1998). Because the Texas Action involves the same parties, the very same patents, and the very same alleged infringing activity, it is indisputable that venue for this action is proper in the Eastern District of Texas. Moreover, Bretford has already filed an Answer to CDW's Third-Party Complaint and admitted that it is subject to personal jurisdiction in the Eastern District of Texas and that venue in that Court is proper. (*See* Exhibit F, Bretford

13

Manufacturing, Inc.'s Answer to CDW's Third-Party Complaint at ¶¶ 14, 17).

### B.    The Interests of Justice Overwhelmingly Favor Transfer To Texas.

The "interests of justice" analysis relates to the efficient administration of the courts. *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 221 (7th Cir. 1986). Factors traditionally considered in an "interests of justice" analysis include where the litigants are most likely to receive a speedy trial and having judges familiar with the applicable law try the case. *See Heller Fin., Inc. v. Midwhey Powder Co., Inc*., 883 F.2d 1286, 1293 (7th Cir. 1989). That analysis likewise favors transferring this action to the Eastern District of Texas. For example, the 2007 Federal Court Management Statistics show the Eastern District of Texas has a lower median time from filing to disposition and far fewer cases over three years old than this District. *See* Ex. J.

Moreover, Judge Davis is unquestionably familiar with patent law, the technology described in the patents and the issues in this case—he has been presiding over a parallel case for almost two years. Finally, the transfer statute was created to prevent the waste of time, energy and money that is caused when two cases involving the same issues are before different district courts. *See Continental Grain Co.*, 364 U.S. at 26. Judge Davis has already appointed a neutral technical advisor, reviewed extensive briefing on *Markman* issues, conducted a *Markman* hearing, and set a trial date. Finally, based on sales data from the Texas Action, Bretford has apparently sold around 450 infringing devices, about half of which were sold by CDW. (Exhibit I). It would be nonsensical to have an entirely new action, in another federal court, to resolve infringement over 250 accused products.

In sum, allowing this case to proceed in this District, would be a tremendous waste of judicial resources in having two courts construe the terms in the patents, possibly leading to inconsistent rulings on claim construction, validity, and infringement issues. It is for this reason

that district courts in the Seventh Circuit have found judicial economy dispositive in determining whether the interests of justice warrant transfer.[6]

## C. The Convenience Of The Parties Is Best Served By Transferring This Case.

While Bretford is an Illinois company, there are compelling reasons to afford Bretford's choice of forum little or no weight. As noted above, Bretford has already retained counsel to defend the Texas Action and answered CDW's Third-Party Complaint by raising a number of defenses—all of which occurred *before* Bretford filed this action. As a result, Bretford has already committed itself to producing witnesses and discovery in the Texas Action. Therefore, the Court should give no weight to any argument from Bretford that the Eastern District of Texas is an "inconvenient" forum.

## VII. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss should be granted. In the alternative, this action should be transferred to the United States District Court for the Eastern District of Texas.

Dated: March 17, 2008

Respectfully submitted,

By: s/Sanjay K. Murthy_____
    Robert M. Barrett
    rbarrett@bellboyd.com
    Sanjay K. Murthy
    smurthy@bellboyd.com
    BELL, BOYD & LLOYD LLP
    70 West Madison Street, Suite 3100
    Chicago, Illinois 60602
    Phone: (312) 372-1121
    Fax: (312) 827-8000

    Attorneys for Defendants

---

[6] *See, e.g., Carus Corp. v. Greater Texas Finishing Corp.*, 1992 WL 22691, at *1 (N.D. Ill., Jan. 31, 1992) (Rovner, J.); *Clear Lam Packaging, Inc. v. Rock-Tenn Co.*, 2003 WL 22012203, at *4 (N.D. Ill. Aug. 22, 2003) (Guzman, J.); *Encyclopaedia Britannica, Inc. v. Magellan Navigation, Inc.*, 512 F. Supp. 2d 1169, 1176 (W.D. Wis. 2007) (Shabaz, J.).

**CERTIFICATE OF ELECTRONIC SERVICE**

I, Sanjay Murthy, hereby certify that on March 17, 2008, I electronically filed the foregoing **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND VIOLATION OF THE FIRST-TO-FILE RULE, OR ALTERNATIVELY, TO TRANSFER** with the Clerk of the Court for the Northern District of Illinois using the ECF System which will send notification to the following registered participants of the ECF System as listed on the Court's Notice of Electronic Filing:

>Richard W. Young
>David Moorhead
>DRINKER BIDDLE & REATH LLP
>191 N. Wacker Dr., Suite 3700
>Chicago, IL 60606-1691

/s/ Sanjay K. Murthy