# EXHIBIT D

IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MASS ENGINEERED DESIGN, INC. ) <br> and JERRY MOSCOVITCH ) <br> ) <br>     Plaintiffs, Counter-defendants ) <br> ) <br>     vs. ) <br> ) <br> ERGOTRON, INC., DELL INC., and ) <br> TECH DATA CORPORATION ) <br> ) <br>     Defendants, ) <br> ) <br> and ) <br> ) <br> CDW CORPORATION ) <br> ) <br>     Defendant and Counterclaimant; ) | Civil Action No. 2:06 CV-272 <br><br> Judge Leonard E. Davis <br><br> **JURY TRIAL DEMANDED** |

### CDW CORPORATION'S ANSWER, ADDITIONAL DEFENSES, COUNTERCLAIMS, AND CROSS-CLAIMS

Defendant, CDW Corporation ("CDW"), answers Plaintiffs Mass Engineered Design, Inc.'s and Jerry Moscovitch's Complaint for Patent Infringement as follows:

### THE PARTIES

1. MASS ENGINEERED DESIGN, INC. is a corporation organized and existing under the laws of the province of Ontario, Canada. JERRY MOSCOVITCH is an individual residing in the province of Ontario, Canada. MASS ENGINEERED DESIGN, INC. and JERRY MOSCOVITCH are referred to herein collectively as "MASS."

**ANSWER:** CDW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1, and, on that basis, CDW denies them.

2. MASS is informed and believes, and on that basis alleges, that Defendant DELL, INC. (hereinafter referred to as "DELL") is a corporation organized and existing under the laws of the State of Delaware and has a place of business at 1 Dell Way, Round Rock, Texas 78682.

**ANSWER:** CDW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1, and, on that basis, CDW denies them.

3. MASS is informed and believes, and on that basis alleges, that Defendant ERGOTRON, INC. (hereinafter referred to as "ERGOTRON") is a corporation organized and existing under the laws of the State of Minnesota and has a place of business at 1181 Trapp Road, St. Paul, Minnesota 55121.

**ANSWER:** CDW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1, and, on that basis, CDW denies them.

4. MASS is informed and believes, and on that basis alleges, that Defendant CDW CORPORATION (hereinafter referred to as "CDW") is a corporation organized and existing under the laws of the State of Illinois and has a place of business at 200 N. Milwaukee Avenue, Vernon Hills, Illinois 60061.

**ANSWER:** Admitted.

5. MASS is informed and believes, and on that basis alleges, that Defendant TECH DATA CORPORATION (hereinafter referred to as "TECH DATA") is a corporation organized and existing under the laws of the State of Florida and has a place of business at 5350 Tech Data Drive, Clearwater, Florida 33760.

**ANSWER:** CDW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1, and, on that basis, CDW denies them.

6. DELL, CDW, TECH DATA, and ERGOTRON are referred to hereinafter collectively as "Defendants."

**ANSWER:** No response is required.

## JURISDICTION AND VENUE

7.      The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.* Venue is proper in this Federal Judicial District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b) in that Defendants have each done business in this District, has committed acts of infringement in this District, and continue to commit acts of infringement in this District, entitling MASS to relief.

**ANSWER:**    CDW admits that this Court has subject matter jurisdiction over the cause of action alleged in the Complaint and that the Complaint purports to state that venue is proper in this Court. CDW admits that it has done business in the Eastern District of Texas. CDW denies that it has committed acts of infringement in this District and denies all remaining allegations of paragraph 7.

## INFRINGEMENT OF U.S. PATENT NO. RE 36,978

8.      On November 18, 1997, U.S. Patent No. 5,687,939 was duly and legally issued for an invention entitled "Dual Display System." On December 5, 2000, Patent No. 5,687,939 was duly and legally reissued and assigned Patent No. RE 36,978 (the "978 Patent"). JERRY MOSCOVITCH is and always has been the sole owner of the '978 Patent, and have licensed it exclusively to MASS ENGINEERED DESIGN, INC. Collectively, JERRY MOSCOVITCH and MASS ENGINEERED DESIGN, INC. hold all rights and interest in the '978 Patent. A true and correct copy of the '978 Patent is attached hereto as Exhibit A.

**ANSWER:**    CDW denies that the '939 patent was duly and legally issued. CDW denies that the '978 reissue patent was duly and legally reissued. CDW admits that a correct copy of the '978 reissue patent is attached to the Complaint as Exhibit A. CDW is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8, and, on that basis, CDW denies them.

9.      DELL has infringed and continues to infringe the '978 Patent by its manufacture, use, sale, importation, and/or offer for sale of its multi-display units such as Model No. A0454684, and other products, and by its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale of infringing products. DELL is liable for infringement of the '978 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:** CDW denies the allegations of paragraph 9 to the extent they concern CDW or products sold or offered for sale by CDW or products similar thereto. CDW is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9, and, on that basis, CDW denies them.

10.     CDW has infringed and continues to infringe the '978 Patent by its manufacture, use, sale, importation, and/or offer for sale of its multi-display units such as Model No. 210328, and other products, and by its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale of infringing products. CDW is liable for infringement of the '978 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:**    Denied.

11.     ERGOTRON has infringed and continues to infringe the '978 Patent by its manufacture, use, sale, importation, and/or offer for sale of its multi-display arm units such as the DS100 Dual-Monitor Desk Stand, Model No. 33-092-200, and other products, and by its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale of infringing products. ERGOTRON's infringing acts including, but are no[sic] limited to, it supplying others, including DELL, CDW, and TECH DATA, with multi-display arm units, and contributing to and inducing DELL, CDW, TECH DATA, and such other entities to make and sell infringing products. ERGOTRON is liable for infringement of the '978 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:** CDW denies the allegations of paragraph 11 to the extent they concern CDW or products sold or offered for sale by CDW or products similar thereto. CDW is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11, and, on that basis, CDW denies them.

12.     TECH DATA has infringed and continues to infringe the '978 Patent by its manufacture, use, sale, importation, and/or offer for sale of its multi-display units and by its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale of infringing products. TECH DATA's infringing acts include, but are not limited to, it supplying others with infringing multi-display units for resale, and by contributing to and inducing others to make and/or sell infringing products. TECH DATA is liable for infringement of the '978 Patent pursuant to 35 U.S.C. § 271.

**ANSWER:** CDW denies the allegations of paragraph 12 to the extent they apply to CDW or products sold or offered for sale by CDW or products similar thereto. CDW is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12, and, on that basis, CDW denies them.

13. In accordance with 35 U.S.C. § 287, MASS has marked the products manufactured and sold by MASS that fall within the claims of the '978 Patent. Defendants' acts of infringement have caused damage to MASS and MASS is entitled to recover from Defendants the damages sustained by MASS, including MASS' [sic, MASS's] lost profits, as a result of Defendants' wrongful acts in an amount subject to proof at trial Defendants' infringement of MASS' [sic] patent rights under the '978 Patent will continue to damage MASS, causing it irreparable harm for which there is no adequate remedy at law, unless enjoined by the Court. Considering the balance of hardships between MASS and Defendants, a permanent injunction is warranted. The public interest will not be disserved by entry of such an injunction.

**ANSWER:** Denied.

14. At least DELL and ERGOTRON were notified that their conduct was infringing the '978 Patent. Defendants DELL and ERGOTRON refused to cease their infringement and, instead, continued to infringe and violate MASS' [sic] exclusive patent rights. Upon information and belief, Defendants' infringement of the '978 Patent is willful and deliberate, entitling MASS to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**ANSWER:** CDW denies the allegations of paragraph 14 to the extent they apply to CDW or products sold or offered for sale by CDW or products similar thereto. CDW is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14, and, on that basis, CDW denies them.

## JURY DEMAND

15. MASS demands a trial by jury on all issues.

**ANSWER:** No response is required.

## ANSWER TO PRAYER FOR RELIEF

MASS is not entitled to any relief sought in its Prayer for Relief.

**AFFIRMATIVE DEFENSES**

Without altering the burden of proof, CDW asserts the following defenses. CDW's investigation of its defenses, including without limitation, the identification of prior art, is continuing, and CDW reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defense, at law or in equity, that may now exist or in the future be available based upon discovery and further investigation in this case.

**FIRST AFFIRMATIVE DEFENSE**

CDW has not engaged in any activities that constitute direct infringement, inducement of infringement or contributory infringement of any claim of the '978 reissue patent.

**SECOND AFFIRMATIVE DEFENSE**

The claims of the '978 reissue patent are invalid under 35 U.S.C. §§ 102, 103, 112, and/or 251 and unenforceable for failure to satisfy the conditions for patentability of novelty, non-obviousness, adequacy of the specification disclosure, and/or distinct claiming.

**THIRD AFFIRMATIVE DEFENSE**

MASS is estopped from asserting or maintaining a construction of the patent-in-suit that would cover or read upon products sold and/or offered for sale by CDW for the reasons that, during the prosecution of the '978 reissue patent and/or the '939 patent, the Patentee, or the Patentee's duly authorized representative(s), acting on requirements of the U.S. Patent and Trademark Office, and by reason of references cited against the application, so limited the claims of the patent to exclude from the scope of any asserted claims any act(s) of CDW.

## FOURTH AFFIRMATIVE DEFENSE

The claims of the '978 reissue patent are invalid, pursuant to the judicially created recapture doctrine, because claims 16 and 17 of the '978 reissue patent impermissibly contain subject matter that was surrendered from the scope of the claims that issued in the '939 patent.

## FIFTH AFFIRMATIVE DEFENSE

The '978 reissue patent is invalid or unenforceable, in whole or in part, for Patentee's failure to comply with 35 U.S.C. § 255.

## SIXTH AFFIRMATIVE DEFENSE

CDW is not liable to MASS for any alleged acts of infringement performed prior to the date of filing and service of the Complaint for MASS's failure to comply with 35 U.S.C. § 287.

## SEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, the '978 reissue patent is wholly unenforceable due to inequitable conduct and/or fraud on the patent office.  Among other things, during the prosecution of the application that resulted in U.S. Patent No. 5,687,939 (hereinafter "the '158 application") the named inventor and his patent attorneys, individually or together, knew prior to the filing of the '158 application of material information which a reasonable patent examiner would have considered relevant to the question of patentability of one or more claims of U.S. Patent No. 5,687,939 and intentionally and deceptively withheld such information from the patent examiner in violation of their acknowledged duty of candor and good faith to the U.S. Patent and Trademark Office.

For example, in a declaration filed in the application that resulted in the issuance of the '978 reissue patent (hereinafter "the '193 application"), Mr. Moscovitch, acknowledged that he and his attorney were aware of certain material prior art prior to the filing of both the '159 and '193 applications.  Mr. Moscovitch did not provide this art to the patent examiner during the prosecution of the '158 application, nor, on information and belief, did he do so in connection with the '193 application.  Upon information and belief, Mr. Moscovitch and his patent attorneys intentionally and deceptively withheld the "prior art" referred to by Mr. Moscovitch in his declaration from the patent examiner in each application in violation of their duty of candor and good faith to the U.S. Patent and Trademark Office.

### EIGHTH AFFIRMATIVE DEFENSE

MASS's claims are barred by the equitable doctrines of latches, acquiescence and/or equitable estoppel.

### NINTH AFFIRMATIVE DEFENSE

The relief sought by MASS is precluded by the legal and/or equitable rights arising under Section 252 of Title 35 of the United States Code.

### COUNTERCLAIMS

For its counterclaims, CDW states as follows:

### THE PARTIES

1. CDW is an Illinois corporation with its principal place of business at 200 N. Milwaukee Avenue, Vernon Hills, Illinois 60061.

2. On information and belief, based on the allegations in their Complaint, MASS ENGINEERED DESIGN, INC. is a corporation organized and existing under the laws of the

province of Ontario, Canada. JERRY MOSCOVITCH is an individual residing in the province of Ontario, Canada. MASS ENGINEERED DESIGN, INC. and JERRY MOSCOVITCH are referred to herein collectively as MASS.

3. The Counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under the patent laws of the United States, 35 U.S.C. § 1 et seq. There is a justifiable controversy between the parties regarding whether U.S. Reissue Patent No. 36,978 ("the '978 reissue patent") is invalid or infringed by CDW. The Court has subject matter jurisdiction over these claims under 28 U.S.C. §§ 1331 and 1338.

4. This Court has personal jurisdiction over Counterclaim Defendants MASS based on their commencement of this litigation.

5. Venue is proper in this Court under 28 U.S.C. §§ 1391, 1400. In any event, venue is proper because MASS has consented to venue by commencing this litigation.

## COUNT I

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

6. CDW repeats and incorporates by reference the allegations of paragraphs 1-5 above.

7. MASS asserts in this lawsuit that CDW has infringed various claims 1-17 of the '978 reissue patent.

8. CDW does not infringe any claim of the '978 reissue patent.

9. There is thus a present case and controversy as to whether CDW infringes one or more claims of the '978 reissue patent.

10. CDW is entitled to a declaratory judgment that CDW does not infringe the '978 reissue patent.

## COUNT II

### DECLARATORY JUDGMENT OF PATENT INVALIDITY

11. CDW repeats and incorporates by reference the allegations of paragraphs 1-5 above.

12. MASS asserts in this lawsuit that CDW has infringed various claims 1-17 of the '978 reissue patent.

13. The claims of the '978 reissue patent are invalid for failure to satisfy one or more of the requirements of patentability, including, without limitation, sections 102, 103, 112, and 251 of Title 35 of the United Sates Code.

14. There is thus a present case and controversy as to whether the claims of the '978 reissue patent are valid.

15. CDW is entitled to a declaratory judgment that the claims of the '978 reissue patent are invalid.

## COUNT III

### DECLARATORY JUDGMENT OF UNENFORCEABILITY

16. CDW repeats and incorporates by reference the allegations of paragraphs 1-15 above as if fully set forth herein.

17. CDW repeats and incorporates by reference the allegations set forth in its Seventh Affirmative Defense as if fully set forth herein.

18. Each and every claim of the '978 reissue patent is unenforceable due to inequitable conduct and/or fraud on the patent office.

**PRAYER FOR RELIEF**

WHEREFORE, CDW asks this Court to enter judgment as follows:

a. Dismissing the Complaint in its entirety with prejudice;

b. Entering a judgment that CDW does not now and has not in the past infringed any claim of the '978 reissue patent;

c. Entering a judgment that the claims of the '978 reissue patent are invalid;

d. Entering a judgment that the claims of the '978 reissue patent are unenforceable due to inequitable conduct;

e. Declaring that CDW has the right to continue to manufacture, use, import, sell and/or offer to sell the accused products due to intervening rights;

f. Enjoining MASS from continuing to assert that CDW is infringing the '978 reissue patent;

g. Finding that this is an exceptional case under 35 U.S.C. § 285 or that MASS is engaging in vexatious litigation under 28 U.S.C. § 1927 or both and awarding CDW its attorneys' fees with respect to the patent claims in the case;

h. Awarding such further relief as the Court may deem appropriate.

Dated: August 25, 2006						Respectfully submitted,

								CDW CORPORATION


								By: /s/ Eric H. Findlay
								    Eric H. Findlay (Lead Attorney)
								    RAMEY & FLOCK, P.C.
								    100 E. Ferguson, Suite 500
								    Tyler, TX 75702
								    (903) 597-3301
								    (903) 597-2413 FAX
								    efindlay@rameyflock.com

								    Thomas L. Duston
								    Russell C. Petersen
								    Mark H. Izraelewicz
								    MARSHALL, GERSTEIN & BORUN LLP
								    6300 Sears Tower
								    233 South Wacker Drive
								    Chicago, IL 60606-6357
								    (312) 474-6300

								    Attorneys for Defendant
								    CDW Corporation


## CERTIFICATE OF SERVICE

I hereby certify that on this the 25th day of August, 2006, a true and correct copy of the foregoing instrument was served upon all parties via electronic mail.


								 /s/ Eric H. Findlay
								ERIC H. FINDLAY