**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BRETFORD MANUFACTURING, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 08 C 486 |
| and | ) ) | Judge James B. Moran |
| MASS ENGINEERED DESIGN, INC., and JERRY MOSCOVITCH, | ) ) ) | Magistrate Judge Maria Valdez |
| | ) | Jury Trial Demanded |
| Defendants. | ) ) ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT
OF THEIR AMENDED MOTION TO DISMISS FOR VIOLATION OF
THE FIRST-TO-FILE RULE, OR ALTERNATIVELY, TO TRANSFER**

Robert M. Barrett
rbarrett@bellboyd.com
Sanjay K. Murthy
smurthy@bellboyd.com
BELL, BOYD & LLOYD LLP
70 West Madison Street, Suite 3100
Chicago, Illinois 60602
Phone: (312) 372-1121
Fax: (312) 827-8000

Attorneys for Defendants

TABLE OF CONTENTS

Page(s)

I. INTRODUCTION ..................................................................................................................1

II. FACTUAL BACKGROUND.................................................................................................3

    A. MASS And Mr. Moscovitch Filed Their Infringement Suit In Texas First.............3

    B. Bretford Chose To Appear In The Texas Action *Before* It Filed Its Declaratory Judgment Complaint In Illinois............................................................4

III. THIS CASE SHOULD BE DISMISSED FOR VIOLATING THE FIRST-TO-FILE RULE............................................................................................................................5

IV. IN THE ALTERNATIVE, THIS CASE SHOULD BE TRANSFERRED TO THE EASTERN DISTRICT OF TEXAS........................................................................................8

    A. This Action Is Already Pending In The Eastern District Of Texas .........................9

    B. The Interests Of Justice Overwhelmingly Favor Transfer To Texas.......................9

    C. The Convenience Of The Parties Is Best Served By Transferring This Case........................................................................................................................11

V. CONCLUSION.....................................................................................................................11

Page(s)

## TABLE OF AUTHORITIES

### Cases

*A.P.T., Inc. v. Quad Env'l Tech. Corp., Inc.* 698 F. Supp. 718 (N.D. Ill. 1988) ............................ 8

*Allied Van Lines v. Aaron Transfer and Storage, Inc.*, 200 F. Supp. 2d 941 (N.D. Ill. 2002) ....... 9

*Applexion S.A v. Amalgamated Sugar Co.*, 1995 WL 404843 (N.D. Ill. July 7, 1995) .................. 6

*Asset Allocation & Management v. Western Employers Ins.* 892 F. 2d 566 (7th Cir. 1989) ......... 6

*Carus Corp. v. Greater Texas Finishing Corp.*, 1992 WL 22691 (N.D. Ill., Jan. 31, 1992) ........ 10

*Clear Lam Packaging v. Rock-Tenn*, 2003 WL 22012203 (N.D. Ill. Aug. 22, 2003) .................. 10

*Coffey v. Van Dorn Iron Works*, 796 F.2d 217 (7th Cir. 1986) ...................................................... 9

*Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) .................... 5

*Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19 (1960) ................................................. 8, 10

*Crowley Cutlery Co. v. United States*, 849 F. 2d 273 (7th Cir. 1988) ............................................ 6

*Encyclopaedia Brit., Inc. v. Magellan Navigation*, 512 F. Supp.2d 1169 (W.D. Wis. 2007) ...... 11

*Heller Fin., Inc. v. Midwhey Powder Co. Inc.*, 883 F.2d 1286 (7th Cir. 1989) .............................. 9

*Ridge Gold Std. Liquors v. Joseph E. Seagram*, 572 F. Supp. 1210 (N.D. Ill. 1983) .................... 6

*Sanders v. Franklin*, 25 F. Supp. 2d 855 (N.D. Ill. 1998) .............................................................. 9

*Save Power Ltd. v. Syntek Finance Corp.*, 121 F. 3d 947 (5th Cir. 1997) ...................................... 6

*Serlin v. Arthur Andersen & Co.*, 3 F. 3d 221 (7th Cir. 1993) ....................................................... 6

*Smith v. S.E.C.*, 129 F. 3d 356 (6th Cir. 1997) ............................................................................... 6

*Time Warner Cable v. GPNE Corp.*, 497 F. Supp. 2d 584 (D. Del. 2007) ..................................... 7

*Time Warner Cable v. USA Video Technology Corp.*, 520 F. Supp. 2d 579 (D. Del. 2007) .......... 7

*Van Dusen v. Baraack*, 376 U.S. 612 (1964) ................................................................................. 8

### Statutes

28 U.S.C. § 1391(c) ......................................................................................................................... 5

28 U.S.C. § 1404(a) ......................................................................................................................... 8

Fed. R. Civ. Proc. 14(a) ............................................................................................................... 5, 7

Declaratory judgment defendants, MASS Engineered Design, Inc. ("MASS") and Jerry Moscovitch ("Moscovitch") (collectively, "Defendants") submit this memorandum in support of their Motion to Dismiss for Violation of the First-To-File Rule or, in the Alternative, to Transfer to the United States District Court for the Eastern District of Texas.[1]

## I.  INTRODUCTION

This declaratory judgment action, filed by Bretford Manufacturing, Inc. ("Bretford"), involves identical factual and legal questions to those in a patent infringement action previously brought by MASS and Moscovitch in the U.S. District Court for the Eastern District of Texas. In July 2006, MASS and Moscovitch filed a complaint for patent infringement in the United States District Court for the Eastern District of Texas (the "Texas Action") alleging infringement of the same patent at issue here, U.S. Patent No. RE 36,978 (the "'978 Patent"), by products that were sold by CDW Corporation ("CDW") and manufactured by Bretford.

CDW advised Bretford of these infringement allegations and requested that it participate in the Texas Action—a request that Bretford declined. Indeed, Bretford has been aware of these infringement claims since at least February 2007, as represented by CDW's counsel to the Eastern District of Texas. Despite being aware of these infringement allegations, Bretford did

---

[1] This memorandum is submitted in place of Defendants original memorandum which included a request to have this matter dismissed based on a lack of personal jurisdiction over both Defendants. On March 19, 2008, this Court granted plaintiff leave to conduct jurisdictional discovery over Defendants' objections. At the motion hearing, Plaintiff's counsel represented the discovery would be "limited." Since then, Plaintiff has served ***52 document requests, 76 requests for admission and 5 interrogatories requesting information about Defendants' conduct throughout the entire United States and spanning at least thirteen years***. Much of the discovery requested has nothing to do "jurisdictional issues." Defendants do not believe that Plaintiff has even made a *prima facie* case for "general jurisdiction" based on the allegations in the Complaint. However, the cost and burden of responding to and disputing the relevance of this discovery are too much for Defendants to bear, especially in view of the fact that merits discovery is proceeding in the Texas Action and the reasons for dismissing or transferring the case are clear.

1

not file any declaratory judgment action and never sought to intervene in the Texas Action. Instead, Bretford indicated a willingness to allow CDW to "carry the ball" in defending this case.

In November 2007, apparently fearful that Bretford would not honor its warranty obligations, CDW filed a Third Party Complaint against Bretford for breach of warranty. In January 2008, Bretford answered that Third Party Complaint. Thus, it is undisputed that the Texas Action involves the same parties, the same patent, and the very same accused infringing products. Yet after sitting on the sidelines for almost half a year, Bretford decided that it was no longer satisfied having CDW defend its products from infringement. So *after* Bretford appeared in the Texas Action it filed this declaratory judgment action. Based on these facts, this Complaint should be dismissed for violating the first-to-file rule.

Short of outright dismissal, which is wholly justified in this situation, the relevant facts clearly favor transferring this action to the Eastern District of Texas. Under well-established precedent in this District, cases should be transferred where related actions are pending. Here, transfer is particularly warranted to avoid conflicting determinations regarding the same patent, piecemeal litigation, and to conserve judicial resources. Judge Leonard E. Davis has already expended considerable effort over the last two years overseeing this matter: he has appointed a neutral technical advisor; he has already conducted a *Markman* hearing; and he has issued a detailed *Markman* ruling. Because Judge Davis is intimately familiar with the technology in the '978 Patent and the parties, the Eastern District of Texas is the proper venue.

Last, but certainly not least, by appearing in the Texas Action, Bretford has already *agreed* that jurisdiction and venue are proper in Texas. Thus, if Bretford's Complaint is not dismissed, this action should be transferred so that it may be consolidate with the related litigation to conserve scarce judicial resources.

2

## II.     FACTUAL BACKGROUND

### A.     MASS And Mr. Moscovitch Filed Their Infringement Suit In Texas First.

On July 7, 2006, MASS and Mr. Moscovitch jointly filed suit in the United States District Court for the Eastern District of Texas against a number of defendants, including CDW Corporation ("CDW"). (*See* Exhibit A, Complaint in Civil Action No. 2:06 CV-272). The Texas Action was assigned to Judge Leonard E. Davis.

In its Original Complaint, MASS and Mr. Moscovitch accused CDW of directly infringing the '978 Patent by, among other things, manufacturing, using, selling and offering for sale "multi-display units such as Model No. 210328" and contributing to and inducing others to manufacture and sell infringing products. (Exhibit A at ¶ 10). CDW answered the Complaint denying that the accused products infringe and asserting that the '978 Patent is invalid. (*See* Exhibit B, CDW's Answer, Additional Defenses, Counterclaims And Cross-Claims).

On February 7, 2007, MASS and Mr. Moscovitch informed CDW that products, which were apparently purchased by CDW and manufactured by Bretford, infringed the '978 Patent. (*See* Exhibit C, Preliminary Infringement Contentions at pp. 42-47). On November 30, 2007, CDW filed a Third-Party Complaint against Bretford Manufacturing in the Texas Action. (*See* Exhibit D, Third Party Complaint). In its Third-Party Complaint, CDW alleged that it "purchased the Bretford FPSM-D-DIS4-AL, FPSM-D-DIS6-AL, and/or FPSM-D-DIS2-AL" from a third-party distributor known as Tech Data. (Exhibit D at ¶ 85). In addition, CDW claimed the following based on its purchase of Bretford's multi-display units: (1) Bretford warranted that its multi-display units would be delivered free of any rightful claim of infringement; (2) Bretford agreed that it would defend, indemnify and hold harmless purchasers of its products in the event suit was brought alleging infringement; (3) if CDW were found to

3

infringe the '978 Patent as a result of equipment manufactured by Bretford, then Bretford will be in breach of its obligations to CDW; and (4) CDW timely demanded defense and indemnification from Bretford, but the demand has not been accepted. (*See* Exhibit D at ¶¶ 85-89).

Finally, although CDW filed its Third Party Complaint in November 2007, Bretford was on notice of these infringement issues much earlier. For example, CDW told Judge Davis that it let Bretford know "immediately" after receiving the infringement contentions on February 7, 2007. (Exhibit E, Nov. 29, 2007 Hearing Transcript at 5:5-12, 8:3-10 (CDW statement to Judge Davis that "we have been in contact with them as I said from the moment that we were first informed that their products were accused of infringement. We have kept them apprised of all of the developments in the case. We have afforded pleadings to them as they have come in. They have been on notice of this *Markman* Hearing.")). Moreover, in September 2007, well before any depositions had taken place and before the *Markman* briefing took place in October 2007, CDW filed and served its first Third Party Complaint. (Exhibit F, CDW's first Third Party Complaint filed September 20, 2007). That filing was untimely under the Court's scheduling order, so CDW filed a motion for leave to file its Third Party Compliant which was then granted.[2] Bretford could have intervened in the Texas Action in February, September, November, or any time in between, or filed a declaratory judgment action—it did not.

### B. Bretford Chose To Appear In The Texas Action *Before* It Filed Its Declaratory Judgment Complaint In Illinois.

On January 18, 2008, Bretford filed its Answer to CDW's Third-Party Complaint in the Texas Action. (Exhibit G, Bretford Manufacturing, Inc.'s Answer to CDW's Third-Party

---

[2] Bretford will make much of the fact that MASS and Moscovitch opposed CDW's request to file its Third Party Complaint. That argument ignores the fact that CDW was attempting to add *sixteen* additional defendants to the Texas Action. Moreover, whether MASS opposed the request is irrelevant to: (1) the current state of the case; (2) the products MASS accused; and (3) Bretford's knowledge of what was accused.

4

Complaint). Notably, in its Answer, Bretford conceded: (1) that it was subject to personal jurisdiction in the Eastern District of Texas and (2) that "venue is not impermissible under 28 U.S.C. § 1391(c)." (Exhibit G at ¶¶ 14, 17). In addition, Bretford admitted that CDW had purchased the Bretford FPSM-D-DIS4-AL, FPSM-D-DIS6-AL and/or FPSM-D-DIS2-AL from Tech Data that are some of the accused products at issue in the Texas Action, denied CDW's remaining claims, and raised a number of affirmative defenses. (Exhibit G at ¶¶ 85, 90-97). Finally, Bretford even claimed that its ***"products do not infringe U.S. Patent RE 36,978"***—once again putting the infringement of its products sold by CDW directly at issue in the Texas Action. (Exhibit G at ¶ 25) (emphasis added).

As noted above, Bretford could simply have intervened in the Texas Action when CDW provided notice of the infringement allegations in early 2007 or under Federal Rule of Civil Procedure 14(a), after it appeared in the Texas Action, Bretford could have asserted invalidity claims against MASS and Mr. Moscovitch in its Answer—it did none of those things. Instead, on January 23, 2008—after it had already filed its Answer in the Texas Action—Bretford filed this Complaint, setting two courts on the path to deciding identical issues, at the cost of judicial efficiency, consistency, and the convenience of all involved. (*See*, Declaratory Judgment Complaint at ¶¶ 15-16).

## ARGUMENT

**III. THIS CASE SHOULD BE DISMISSED FOR VIOLATING THE FIRST-TO-FILE RULE.**

As the Supreme Court has stated, "[a]s between federal district courts . . . the general principal is to avoid duplicative litigation." *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976). Under the first-to-file rule, the action should be decided by the court in which the action was first filed. *Smith v. S.E.C.*, 129 F. 3d 356, 361 (6th

5

Cir. 1997). Moreover, the first-to-file rule "*does not [] require that cases be identical*. The crucial inquiry is one of '*substantial overlap.*'" *Save Power Ltd. v. Syntek Finance Corp.*, 121 F. 3d 947, 950 (5th Cir. 1997) (emphasis added). The law in the Seventh Circuit is likewise unequivocal that a federal lawsuit should be dismissed "'for reasons of wise judicial administration . . . whenever [that lawsuit] is duplicative of a parallel action already pending in another federal court.'" *Serlin v. Arthur Andersen & Co.*, 3 F. 3d 221, 223 (7th Cir. 1993) (affirming court's dismissal of duplicative action pending in another federal court) (*quoting Ridge Gold Std. Liquors v. Joseph E. Seagram*, 572 F. Supp. 1210, 1213 (N.D. Ill. 1983)).[3] Indeed, the Seventh Circuit even applies a *presumption* that the first case should be allowed to proceed and the second should be enjoined—a presumption that can only be rebutted in special circumstances. *See, e.g., Asset Allocation & Management Co. v. Western Employers Ins. Co.*, 892 F. 2d 566, 573 (7th Cir. 1989).[4] In no case, however, should a district court approve of the simultaneous litigation of essentially identical claims in two federal courts. *Asset Allocation*, 892 F. 2d at 573.

There is no dispute that the Texas Action was filed first, nor is there any question that Bretford, MASS and Mr. Moscovitch are all parties in the Texas action, the patent at issue is the same, and the accused infringing products are the same. The only arguable difference is that Bretford is currently a third-party defendant in the Texas Action. However, in applying the first-

---

[3] *See Crowley Cutlery Co. v. United States*, 849 F. 2d 273, 279 (7th Cir. 1988) (holding that a litigant should not be able to litigate the same issue at the same time in more than one court).

[4] Circumstances sufficient to rebut the presumption include: (1) the inability of the defendant to obtain jurisdiction over one of the counterclaim defendants in the first-filed suit; (2) the trivial nature of the original suit compared to the latter one; (3) a showing that the first action was filed in bad faith; (4) a showing that the plaintiff in the first-filed action raced to the courthouse to avoid litigating in another forum; or (5) a showing that the second action has developed further than the first. *Applexion S.A v. Amalgamated Sugar Co.*, 1995 WL 404843, *2 (N.D. Ill. July 7, 1995) (Conlon, J.). ***None*** of those circumstances are present here.

6

to-file rule in patents cases, strict identity is **not** required. *See, e.g., Time Warner Cable, Inc., v. USA Video Technology Corp.*, 520 F. Supp. 2d 579, 585 (D. Del. 2007) (applying the first-to-file rule to action involving the same subject matter, "not necessarily the same parties"); *Time Warner Cable, Inc., v. GPNE Corp.*, 497 F. Supp. 2d 584, 588-89 (D. Del. 2007) (same). Indeed, the facts of *Time Warner* are nearly identical to those here:

> The Texas litigation is moving forward with TWC as a defendant: Judge Clark denied the other defendants' motion to transfer or stay the suit, ***TWC filed its answer, a scheduling order has been filed, claim construction briefing is completed, and discovery has begun. Judicial and litigant resources are being expended in the Eastern District of Texas in a suit involving the same patent, facts and technology as this suit. Thus, it would create economic waste to duplicate this litigation in the District of Delaware.***

*Time Warner*, 520 F. Supp. 2d. at 587. Just like in *Time Warner*, it would create "economic waste" to duplicate this litigation in Illinois.

Federal Rule of Civil Procedure 14(a), moreover, clearly allows Bretford to raise the claims in the Complaint in the Texas Action. Permitting Bretford to start anew in another forum would only sanction the type of gamesmanship and forum shopping that wastes judicial resources. The potential for waste is overwhelming here since Judge Davis has: already expended considerable effort over the last two years overseeing this case; appointed a neutral technical advisor; conducted a *Markman* hearing; issued a *Markman* ruling; and is intimately familiar with the technology in the '978 Patent, the accused products, and the parties. In sum, Bretford's Complaint—as the second-filed matter—should be dismissed.[5]

---

[5] Bretford's suggestion at the March 19th hearing that this action is a "customer suit exception" to the first-to-file rule is misplaced. It is undisputed that Bretford's declaratory judgment action will **not** resolve **all** of the infringement issues against the defendant-customers who are parties to the Texas Action (*i.e.,* CDW, Tech Data, Dell) as required under the "customer suit exception." As this Court explained in *A.P.T., Inc. v. Quad Env'l Tech. Corp., Inc.***:** "***where the patentee has a separate interest in litigating against the***

**IV.    IN THE ALTERNATIVE, THIS CASE SHOULD BE TRANSFERRED TO THE EASTERN DISTRICT OF TEXAS.**

Although there is substantial justification for dismissing this action outright, in the alternative, this action should be transferred to the Eastern District of Texas, where an identical action is already pending, and where it can be consolidated to conserve scarce judicial resources. "For the convenience of the parties, and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The fundamental rationale and function of Section 1404(a) is "to prevent waste of 'time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Baraack*, 376 U.S. 612, 616 (1964).

As the Supreme Court explained, Section 1404(a) was created precisely for cases like this:

> To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent.

*See Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960) (superseded by statute on other grounds). Transferring this action to the Eastern District of Texas would best serve the intent of Section 1404(a)—to place litigation where it properly belongs, remedying Bretford's abuse of the federal courts by filing a federal lawsuit in this judicial district, when an identical and duplicative lawsuit is already pending in another federal court.  This is especially true given that there will be a trial in November of nearly *half* the alleged infringing devices in this case.

The principal issue in determining if an action should be transferred to a more convenient

---

*customer, the 'real party in interest' rationale for giving priority to the manufacturer's lawsuit is inapplicable. In these situations courts do not apply the customer suit exception."*  698 F. Supp. 718, 721 (N.D. Ill. 1988) (Moran, J.) (emphasis added).

8

forum under Section 1404(a) is whether the transferee district—here, the Eastern District of Texas—is one where the action might have originally been brought. That and the other factors to be considered and balanced in the analysis, including the convenience of the parties, the convenience of witnesses, and the interests of justice, all compel the transfer of this action to the Eastern District of Texas. *See Allied Van Lines v. Aaron Transfer and Storage, Inc.*, 200 F. Supp. 2d 941, 946 (N.D. Ill. 2002).

### A.   This Action Is Already Pending In The Eastern District Of Texas.

Under Section 1404(a), an action "might have been brought" in any judicial district in which venue is proper. *See Allied*, 200 F. Supp. 2d at 946; *Sanders v. Franklin*, 25 F. Supp. 2d 855, 857 (N.D. Ill. 1998). Because the Texas Action involves the same parties, the same patents, and the same alleged infringing activity, it is indisputable that venue for this action is proper in the Eastern District of Texas. Moreover, Bretford has already filed an Answer to CDW's Third-Party Complaint, asserted that its products do not infringe, and admitted that it is subject to personal jurisdiction in the Eastern District of Texas and that venue in that Court is proper. (*See* Exhibit G at ¶¶ 14, 17 and 25).

### B.   The Interests Of Justice Overwhelmingly Favor Transfer To Texas.

The "interests of justice" analysis relates to the efficient administration of the courts. *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 221 (7th Cir. 1986). Factors traditionally considered in an "interests of justice" analysis include where the litigants are most likely to receive a speedy trial and having judges familiar with the applicable law try the case. *See Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989). That analysis likewise favors transferring this action to the Eastern District of Texas. For example, the 2007 Federal Court Management Statistics show the Eastern District of Texas has a lower median time

from filing to disposition and far fewer cases over three years old than this District. (*See* Exhibit H). Moreover, Judge Davis has indicated that he will work with the parties to adopt a proper scheduling order. (*See* Exhibit E at 8-24:9-7).

Moreover, Judge Davis is unquestionably familiar with the issues in this case, patent law, and the technology described in the patents—he has been presiding over a parallel case for almost two years. Finally, the transfer statute was created to prevent the waste of time, energy and money that is caused when two cases involving the same issues are before different district courts. *See Continental Grain Co.*, 364 U.S. at 26. Judge Davis has already appointed a neutral technical advisor, reviewed extensive briefing on *Markman* issues, conducted a *Markman* hearing, and set a trial date. Finally, based on sales data and other information obtained from the Texas Action, Bretford has apparently sold around 450 infringing devices, about half of which were sold by CDW. (Exhibit I). It would be nonsensical to have an entirely new action, in another federal court, to resolve infringement of the other half when the first half already is going to trial, in a case where Bretford already is a party.

In sum, allowing this case to proceed in this District, would waste judicial resources in having two courts construe the terms in the patents, possibly leading to inconsistent rulings on claim construction, validity, and infringement issues. It is for this reason that district courts in the Seventh Circuit have found judicial economy dispositive in determining whether the interests of justice warrant transfer. *See, e.g., Carus Corp. v. Greater Texas Finishing Corp.*, 1992 WL 22691, at *1 (N.D. Ill., Jan. 31, 1992) (Rovner, J.) ("[t]he presence of three related cases involving the same patent and the same type of infringement actions in the transferor district weighs heavily in favor of transfer"); *Clear Lam Packaging, Inc. v. Rock-Tenn Co.*, 2003 WL 22012203, at *4 (N.D. Ill. Aug. 22, 2003) (Guzman, J.) ("[a]s a general proposition, related

litigation should be transferred to a forum where consolidation is feasible"); *Encyclopaedia Britannica, Inc. v. Magellan Navigation, Inc.*, 512 F. Supp. 2d 1169, 1176 (W.D. Wis. 2007) (Shabaz, J.) ("judicial economy may be dispositive in determining whether the interests of justice warrant transfer").

**C.     The Convenience Of The Parties Is Best Served By Transferring This Case.**

While Bretford is an Illinois company, there are compelling reasons to afford Bretford's choice of forum little or no weight. As noted above, Bretford has already retained counsel to defend the Texas Action and answered CDW's Third-Party Complaint by raising a number of defenses—all of which occurred ***before*** Bretford filed this action. As a result, Bretford has already committed itself to producing witnesses and discovery in the Texas Action. Therefore, the Court should give no weight to any argument from Bretford that the Eastern District of Texas is an "inconvenient" forum.

Finally, this action and the Texas Action will require the testimony of a nearly identical set of witnesses to testify on the issues of infringement and validity of the '978 patent. Specifically, both actions will likely require witnesses from Bretford to testify as to the manufacture, use, or sale of the Bretford FPSM-D-DIS4-AL, FPSM-D-DIS6-AL, and/or FPSM-D-DIS2-AL infringing products and will require witnesses from MASS and Mr. Moscovitch to testify as regarding the '978 patent and damages from infringement. Should both actions proceed, these witnesses will be required to appear multiple times in separate courts. Transferring this action to Texas would therefore greatly reduce the burden on these witnesses.

**V.     CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss should be granted. In the alternative, this action should be transferred to the Eastern District of Texas.

Dated:  March 31, 2008	Respectfully submitted,

By: s/Sanjay K. Murthy
     Robert M. Barrett
     rbarrett@bellboyd.com
     Sanjay K. Murthy
     smurthy@bellboyd.com
     BELL, BOYD & LLOYD LLP
     70 West Madison Street, Suite 3100
     Chicago, Illinois 60602
     Phone:  (312) 372-1121
     Fax:  (312) 827-8000

     Attorneys for Defendants

## CERTIFICATE OF ELECTRONIC SERVICE

I, Sanjay Murthy, hereby certify that on March 31, 2008, I electronically filed the foregoing **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR AMENDED MOTION TO DISMISS FOR VIOLATION OF THE FIRST-TO-FILE RULE, OR ALTERNATIVELY, TO TRANSFER** with the Clerk of the Court for the Northern District of Illinois using the ECF System which will send notification to the following registered participants of the ECF System as listed on the Court's Notice of Electronic Filing:

>Richard W. Young
>David J. Moorhead
>DRINKER BIDDLE & REATH LLP
>191 N. Wacker Dr., Suite 3700
>Chicago, IL 60606-1691

/s/ Sanjay K. Murthy