**EXHIBIT A**

IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MASS ENGINEERED DESIGN, INC. and JERRY MOSCOVITCH | § | JUDGE: LED |
| | § | |
| Plaintiffs | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 2 - 0 6 C V - 2 7 2 |
| | § | |
| ERGOTRON, INC., DELL INC., CDW CORPORATION, and TECH DATA CORPORATION | § | |
| | § | |
| | § | |
| | § | |
| Defendants | § | JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

PLAINTIFFS, MASS ENGINEERED DESIGN, INC. and JERRY MOSCOVITCH, for their Complaint against Defendants ERGOTRON, INC., DELL INC., CDW CORPORATION, and TECH DATA CORPORATION allege as follows:

## THE PARTIES

1.     MASS ENGINEERED DESIGN, INC. is a corporation organized and existing under the laws of the province of Ontario, Canada. JERRY MOSCOVITCH is an individual residing in the province of Ontario, Canada. MASS ENGINEERED DESIGN, INC. and JERRY MOSCOVITCH are referred to herein collectively as "MASS."

2.     MASS is informed and believes, and on that basis alleges, that Defendant DELL, INC. (hereinafter referred to as "DELL") is a corporation organized and existing under the laws of the State of Delaware and has a place of business at 1 Dell Way, Round Rock, Texas 78682.

3.     MASS is informed and believes, and on that basis alleges, that Defendant ERGOTRON, INC. (hereinafter referred to as "ERGOTRON") is a corporation organized and

existing under the laws of the State of Minnesota and has a place of business at 1181 Trapp Road, St. Paul, Minnesota 55121.

    4.    MASS is informed and believes, and on that basis alleges, that Defendant CDW CORPORATION (hereinafter referred to as "CDW") is a corporation organized and existing under the laws of the State of Illinois and has a place of business at 200 N. Milwaukee Avenue, Vernon Hills, Illinois 60061.

    5.    MASS is informed and believes, and on that basis alleges, that Defendant TECH DATA CORPORATION (hereinafter referred to as "TECH DATA") is a corporation organized and existing under the laws of the State of Florida and has a place of business at 5350 Tech Data Drive, Clearwater, Florida 33760.

    6.    DELL, CDW, TECH DATA, and ERGOTRON are referred to hereinafter collectively as "Defendants."

**JURISDICTION AND VENUE**

    7.    The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.* Venue is proper in this Federal Judicial District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400 (b) in that Defendants have each done business in this District, have committed acts of infringement in this District, and continue to commit acts of infringement in this District, entitling MASS to relief.

**INFRINGEMENT OF U.S. PATENT NO. RE 36,978**

    8.    On November 18, 1997, U.S. Patent No. 5,687,939 was duly and legally issued for an invention entitled "Dual Display System." On December 5, 2000, Patent No. 5,687,939 was duly and legally reissued and assigned Patent No. RE 36,978 (the "'978 Patent"). JERRY MOSCOVITCH is and always has been the sole owner of the '978 Patent, and has licensed it

2

exclusively to MASS ENGINEERED DESIGN, INC. Collectively, JERRY MOSCOVITCH and MASS ENGINEERED DESIGN, INC. hold all rights and interest in the '978 Patent. A true and correct copy of the '978 Patent is attached hereto as Exhibit A.

9. DELL has infringed and continues to infringe the '978 Patent by its manufacture, use, sale, importation, and/or offer for sale of its multi-display units such as Model No. A0454684, and other products, and by its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale of infringing products. DELL is liable for infringement of the '978 Patent pursuant to 35 U.S.C. § 271.

10. CDW has infringed and continues to infringe the '978 Patent by its manufacture, use, sale, importation, and/or offer for sale of its multi-display units such as Model No. 210328, and other products, and by its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale of infringing products. CDW is liable for infringement of the '978 Patent pursuant to 35 U.S.C. § 271.

11. ERGOTRON has infringed and continues to infringe the '978 Patent by its manufacture, use, sale, importation, and/or offer for sale of its multi-display arm units such as the DS100 Dual-Monitor Desk Stand, Model No. 33-092-200, and other products, and by its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale of infringing products. ERGOTRON's infringing acts include, but are no limited to, it supplying others, including DELL, CDW, and TECH DATA, with multi-display arm units, and contributing to and inducing DELL, CDW, TECH DATA, and such other entities to make and sell infringing products. ERGOTRON is liable for infringement of the '978 Patent pursuant to 35 U.S.C. § 271.

12. TECH DATA has infringed and continues to infringe the '978 Patent by its manufacture, use, sale, importation, and/or offer for sale of its multi-display units and by its

3

contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale of infringing products. TECH DATA's infringing acts include, but are not limited to, it supplying others with infringing multi-display units for resale, and by contributing to and inducing others to make and/or sell infringing products. TECH DATA is liable for infringement of the '978 Patent pursuant to 35 U.S.C. § 271.

13    In accordance with 35 U.S.C. § 287, MASS has marked the products manufactured and sold by MASS that fall within the claims of the '978 Patent. Defendants' acts of infringement have caused damage to MASS and MASS is entitled to recover from Defendants the damages sustained by MASS, including MASS' lost profits, as a result of Defendants' wrongful acts in an amount subject to proof at trial. Defendants' infringement of MASS' patent rights under the '978 Patent will continue to damage MASS, causing it irreparable harm for which there is no adequate remedy at law, unless enjoined by the Court. Considering the balance of hardships between MASS and Defendants, a permanent injunction is warranted. The public interest will not be disserved by entry of such an injunction.

14.    At least DELL and ERGOTRON were notified that their conduct was infringing the '978 Patent. Defendants DELL and ERGOTRON refused to cease their infringement and, instead, continued to infringe and violate MASS' exclusive patent rights. Upon information and belief, Defendants' infringement of the '978 Patent is willful and deliberate, entitling MASS to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**JURY DEMAND**

15.    MASS demands a trial by jury on all issues.

178093 01/2553 00100

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs JERRY MOSCOVITCH and MASS ENGINEERED DESIGN,

INC. request entry of judgment in their favor and against Defendants including the following:

a)     A finding that Defendants have infringed U.S. Patent No. RE 36,978;

b)     A permanent injunction enjoining Defendants and their respective officers, agents, employees, and those acting in privity with them, from further infringement, contributory infringement and/or inducing infringement of U.S. Patent No 36,978;

c)     An award of the damages arising out of Defendants' infringement of U.S. Patent No. RE 36, 978;

d)     A finding that Defendants' infringement was willful and an award of enhanced damages pursuant to 35 U.S.C. § 284;

e)     A finding that this case is an exceptional case, and an award of attorneys' fees to MASS pursuant to 35 U.S.C. § 285 and/or as otherwise permitted by law;

f)     An award of pre-judgment and post-judgment interest in amounts according to proof;

g)     Costs of court; and

h)     For such other relief as the Court may deem as just and proper.

DATED: July 7, 2006

Respectfully submitted,

Max L. Tribble, Jr., *Lead Attorney*
State Bar No. 20213950
mtribble@susmangodfrey.com
Justin A. Nelson
State Bar No. 24034766
jnelson@susmangodfrey.com
1000 Louisiana Street, Suite 5100

5

Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile No. (713) 654-6666

OF COUNSEL:
Otis W. Carroll
State Bar No. 03895700
nancy@icklaw.com
IRELAND, CARROLL & KELLEY, P.C.
6101 South Broadway, Suite 500
P.O. Box 7879
Tyler, Texas 75711
Telephone: (903) 561-1600
Facsimile: (903) 561-1071

Franklin Jones, Jr.
State Bar No. 00000055
maizieh@millerfirm.com
JONES AND JONES, INC., P.C.
201 West Houston Street
P.O. Drawer 1249
Marshall, Texas 75671-1249
Telephone: (903) 938-4395
Facsimile: (903) 938-3360

Gregory L. Maag
State Bar No. 12748500
gmaag@conleyrose.com
Jonathan M. Harris
State Bar No. 00796713
jharris@conleyrose.com
CONLEY ROSE, P.C.
600 Travis Street, Suite 7100
Houston, Texas 77002
Telephone: (713) 238-8000
Facsimile: (713) 238-8088

S. Calvin Capshaw
State Bar. No. 03783900
ccapshaw@mailbmc.com
Elizabeth L. DeRieux
State Bar No. 05770585
ederieux@mailbmc.com
BROWN McCARROLL, L.L.P.
1127 Judson Road, Suite 220
P.O. Box 3999

178093.01/2553.00100

Longview, Texas 75601-5157
Telephone: (903) 236-9800
Facsimile: (903) 236-8787

Robert M. Parker
State Bar No. 15498000
rmparker@cox-internet.com
Christopher Bunt
State Bar No. 00787165
cbunt@cox-internet.com
Parker & Bunt, P.C.
100 E Ferguson Street, Ste. 1114
Tyler, TX, 75702
Telephone: 903-531-3535

ATTORNEYS FOR JERRY MOSCOVITCH AND
MASS ENGINEERED DESIGN, INC.