**EXHIBIT D**

IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MASS ENGINEERED DESIGN, INC. and JERRY MOSCOVITCH<br>    Plaintiffs, Counter-defendants<br>vs.<br><br>ERGOTRON, INC., DELL INC., and TECH DATA CORPORATION, CDW CORPORATION<br>    Defendants,<br>and<br><br>CDW CORPORATION<br>    Counterclaimant and Third-Party Plaintiff<br>vs.<br>A.B. DISTRIBUTING, INC., D&H DISTRIBUTING COMPANY, EIZO NANAO TECHNOLOGIES INC., INGRAM MICRO INC., INTERNATIONAL AUDIO VISUAL INC., SYNNEX CORPORATION, TECH DATA CORPORATION, CSAV, INC., GLOBAL MARKETING PARTNERS, INC., SEA LAND, INC., PEERLESS INDUSTRIES, INC., DOUBLESIGHT DISPLAYS, LLC, AND BRETFORD MANUFACTURING, INC.<br><br>    Third-Party Defendants | Civil Action No. 2:06 CV-272<br><br>Judge Leonard E. Davis<br><br>**JURY TRIAL DEMANDED** |

**THIRD-PARTY COMPLAINT**

       Defendant, Counter-Claimant and Third-Party-Plaintiff, CDW CORPORATION ("CDW"), brings this action against Third-Party Defendants, A.B. DISTRIBUTING, INC. ("A&B"), D&H DISTRIBUTING ("D&H"), EIZO NANAO TECHNOLOGIES, INC. ("EIZO"), INGRAM MICRO INC. ("INGRAM"), INTERNATIONAL AUDIO VISUAL INC. ("IAV"),

SYNNEX CORPORATION ("SYNNEX"), TECH DATA CORPORATION ("TECH DATA"), CSAV, INC. ("CSAV"), GLOBAL MARKETING PARTNERS, INC. ("GLOBAL"), SEA LAND, INC. ("SEA LAND"), PEERLESS INDUSTRIES, INC. ("PEERLESS"), DOUBLESIGHT DISPLAYS LLC ("DOUBLESIGHT"), AND BRETFORD MANUFACTURING, INC. ("BRETFORD"), alleging as follows:

**The Parties to this Third-Party Complaint**

1. CDW is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business at 200 N. Milwaukee Ave., Vernon Hills, Illinois, 60061. CDW is currently a Defendant in an action for patent infringement pending in this judicial district (the "Action").

2. Upon information and belief, A&B is a corporation existing under the laws of the State of Illinois with its principal place of business at 300 Lexington Dr., Buffalo Grove, Illinois 60089, and is doing business in this judicial district and elsewhere.

3. Upon information and belief, D&H is a corporation existing under the laws of the State of Pennsylvania with its principal place of business at 2525 N. Seventh St., PO Box 5967, Harrisburg, Pennsylvania 17110, and is doing business in this judicial district and elsewhere.

4. Upon information and belief, EIZO is corporation organized and existing under the laws of the State of California with its principal place of business at 5710 Warland Dr., Cypress, California 90630, and is doing business in this judicial district and elsewhere.

5. Upon information and belief, INGRAM is a corporation organized and existing under the law of the State of Delaware with its principal of business at 1600 E. St. Andrew Pl., Santa Ana, California 92705, and is doing business in this judicial district and elsewhere.

6.	Upon information and belief, IAV is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 5149 Powerline Rd., Ft. Lauderdale, Florida 33309, and is doing business in this judicial district and elsewhere.

7.	Upon information and belief, SYNNEX is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 44201 Nobel Dr., Fremont, California 94538, and is doing business in this judicial district and elsewhere.

8.	Upon information and belief, TECH DATA is a corporation organized and existing under the laws of the State of Florida with its principal place of business at 5350 Tech Data Dr., Clearwater Florida 33760, and is doing business in this judicial district and elsewhere. TECH DATA is currently a Defendant in the Action.

9.	Upon information and belief, CSAV is a corporation existing under the laws of the State of Massachusetts with its principal place of business at 8401 Eagle Creek Parkway, Ste. 700, Savage, Minnesota, and is doing business in this judicial district and elsewhere.

10.	Upon information and belief, GLOBAL is a corporation organized and existing under the laws of the State of California with its principal place of business at 6300 Canoga Avenue, Suite 1530, Woodland Hills, California 91367, and is doing business in this judicial district and elsewhere.

11.	Upon information and belief, SEA LAND is a corporation organized and existing under the laws of the State of Michigan with its principal place of business at 11116 Fitzgerald, Ste. B, Nunica, Michigan 49448, and is doing business in this judicial district and elsewhere.

12. Upon information and belief, PEERLESS is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 3215 W. North Ave., Melrose Park, Illinois 60160, and is doing business in this judicial district and elsewhere.

13. Upon information and belief, DOUBLESIGHT is a limited liability corporation organized and existing under the laws of the State of California with its principal place of business at 18 Technology Dr., Ste 161, Irvine, CA 92618, and is doing business in this judicial district and elsewhere.

14. Upon information and belief, BRETFORD is a corporation organized and existing under the laws of the State of Illinois with its principal place of business at 11000 Seymour Ave., Schiller Park, Illinois 60131, and is doing business in this judicial district and elsewhere.

15. The amount in controversy exceeds $75,000.

**Jurisdiction and Venue**

16. The underlying action for patent infringement arises under the patent laws of the United States, Title 35, United States Code. Federal Courts have exclusive jurisdiction under Title 28, United States Code, particularly §1338(a). This Court has original jurisdiction of the claims in Counts Two through Twelve under Title 28, United States Code, particularly §1332(a)(1). The Court has supplemental jurisdiction of those and all remaining claims herein under Title 28, United States Code, particularly §1337(a), inasmuch as the claims herein are so related to the claims within the Court's original jurisdiction, including the underlying claim brought by Plaintiffs, that they form part of the same case or controversy under Article III of the United States Constitution.

17. Venue is proper under Title 28, United States Code §§1391(b) and (c).

**Plaintiffs' Allegations**

18. Plaintiff JERRY MOSCOVITCH claims to be the owner and assignee of the following United States Letters Patent RE 36,978 (the "Patent-in-Suit"):

19. Plaintiff MASS ENGINEERED DESIGN, INC. claims to be the exclusive licensee of the Patent-in-Suit.

20. Plaintiffs have filed an Original Complaint in this Court alleging patent infringement against CDW.

21. In its Original Complaint, Plaintiffs allege that CDW has infringed the Patent-in-Suit by reason of its alleged manufacture, use, sale, importation, and/or offer for sale of multi-display units such as Model No. 210328 and other unidentified products, and that it has allegedly contributed to and induced the infringement of the Patent-in-Suit. Plaintiffs seek recovery from CDW under Section 271 of Title 35 of the United States Code.

22. On February 7, 2007, Plaintiffs notified CDW of their contentions that certain products manufactured and sold by the Counter-Defendants infringed the Patent-in-Suit. Those accused products, together their respective manufactures and the distributor(s), if any, from or through whom CDW purchased those products, are listed below:

| | |
|---|---|
| Chief FTP-220 (CDW 1021070) | **Manufacturer:** CSAV **Distributor(s):** A&B, TECH DATA, IAV |
| Chief FTP-320 (CDW 997919) | **Manufacturer:** CSAV **Distributor(s):** A&B, TECH DATA, IAV |
| Global Marketing Partners Moview the Dual (MVDMS) (CDW 890905) | **Manufacturer:** SEA LAND **Distributor(s):** D&H, INGRAM, GLOBAL* |

-

| | |
|---|---|
| Global Marketing Partners Moview the Dual (MV2XDC) (CDW 832694) | **Manufacturer:** SEA LAND **Distributor(s):** D&H, INGRAM, GLOBAL* |
| Global Marketing Partners Moview the Quad (MVQUMS) (CDW 843229) | **Manufacturer:** SEA LAND **Distributor(s):** D&H, INGRAM, GLOBAL* |
| Peerless Quad Desktop Articulating Mount (LCT-104) (CDW 849750) | **Manufacturer:** PEERLESS **Distributor(s):** INGRAM, SYNNEX, TECH DATA |
| Peerless MultiScreen Desktop Articulating Arm (LCT-102) (CDW 8938681) | **Manufacturer:** PEERLESS **Distributor(s):** INGRAM, SYNNEX, TECH DATA |
| Peerless MultiScreen Desktop Mount (LCT-103) (CDW 1059230) | **Manufacturer:** PEERLESS **Distributor(s):** INGRAM, SYNNEX, TECH DATA |
| Bretford FPSM-D-DIS4-AL (CDW 947297) | **Manufacturer:** BRETFORD **Distributor(s):** TECH DATA |
| Bretford FPSM-D-DIS6-AL (CDW 947299) | **Manufacturer:** BRETFORD **Distributor(s):** TECH DATA |
| Bretford FPSM-D-DIS2-AL (CDW 947294) | **Manufacturer:** BRETFORD **Distributor(s):** TECH DATA |
| Eizo LS-HM1-D (CDW 629187) | **Manufacturer:** EIZO |
| DoubleSight DS-1700 | **Manufacturer:** DOUBLESIGHT |

*On information and belief.

23.     CDW does not design or manufacture multi-display stands.

**CDW's Relationship with the Third-Party Defendants**

24.     CDW purchases multi-display stands from the Third-Party Defendants.

25.     CDW denies that it infringes any valid patent owned and/or licensed by Plaintiffs.

26.     If CDW is found to infringe a valid patent owned and/or licensed by Plaintiffs, then the Third-Party Defendants are either under a duty to indemnify CDW or have breached their warranties to CDW.  In either case, CDW is entitled to legal relief from the Court.

27.　　In addition, certain Third-Party Defendants, as more fully identified in the following paragraphs, have expressly agreed to defend and hold CDW harmless from any and all costs, expenses, fees and otherwise in connection with the claims asserted against CDW by the Plaintiffs. These parties are currently in breach of those obligations and CDW is entitled to a declaration that these parties owe it a duty to defend.

28.　　CDW has performed all applicable conditions precedent to the Third-Party Defendants' obligations hereunder.

### Count One – A&B

29.　　CDW has purchased the Chief FTP-220 and/or the Chief FTP-320 from A&B. A&B is a merchant who during the relevant time period regularly dealt in the goods of the kind that are accused of infringement.

30.　　Under the Section 2-312 of the Uniform Commercial Code (810 ILCS 5/2-312), A&B warranted that the goods purchased from A&B would be delivered free of any rightful claim of infringement, among other express and implied warranties.

31.　　If CDW is found to infringe the Patent-in-Suit, then A&B will be in breach of their obligations to CDW, entitling CDW to relief as set forth below in the Prayer for Relief.

32.　　CDW timely demanded defense and indemnification from A&B but the demand has not been accepted.

### Count Two – D&H

33.　　CDW has purchased the Global Marketing Partners Moview the Dual (MVDMS), the Dual (MV2XDC), and/or the Quad (MVQUMS) from D&H. D&H is a merchant who during the relevant time period regularly dealt in the goods of the kind that are accused of infringement.

34. Under the Section 2-312 of the Uniform Commercial Code (810 ILCS 5/2-312), D&H warranted that the goods purchased from D&H would be delivered free of any rightful claim of infringement, among other express and implied warranties.

35. In addition, CDW and D&H entered into a Distributor Agreement pursuant to which D&H agreed to defend, indemnify and hold CDW harmless from and against any and all claims, demands, actions, lawsuits, proceedings, liabilities, losses, costs and expenses (including reasonable attorneys' fees) arising out of any actual or alleged infringement of any patent or other proprietary or privacy right of a third party in connection with the accused products purchased by CDW from D&H.

36. If CDW is found to infringe the Patent-in-Suit, then D&H will be in breach of their obligations to CDW, entitling CDW to relief as set forth below in the Prayer for Relief.

37. CDW timely demanded defense and indemnification from D&H but the demand has not been accepted.

## Count Three – EIZO

38. CDW has purchased the Eizo LS-HM1-D from EIZO. EIZO is a merchant who during the relevant time period regularly dealt in the goods of the kind that are accused of infringement.

39. Under the Section 2-312 of the Uniform Commercial Code (810 ILCS 5/2-312), EIZO warranted that the goods purchased from EIZO would be delivered free of any rightful claim of infringement, among other express and implied warranties.

40. If CDW is found to infringe the Patent-in-Suit, then EIZO will be in breach of their obligations to CDW, entitling CDW to relief as set forth below in the Prayer for Relief.

41. CDW timely demanded defense and indemnification from EIZO but the demand has not been accepted.

### Count Four – INGRAM

42. CDW has purchased the Global Marketing Partners Moview the Dual (MVDMS), the Dual (MV2XDC), and/or the Quad (MVQUMS), as well as the Peerless Quad Desktop Articulating Mount (LCT-104), MultiScreen Desktop Articulating Arm (LCT-102), and/or MultiScreen Desktop Mount (LCT-103) from INGRAM.  INGRAM is a merchant who during the relevant time period regularly dealt in the goods of the kind that are accused of infringement.

43. Under the Section 2-312 of the Uniform Commercial Code (810 ILCS 5/2-312), INGRAM warranted that the goods purchased from INGRAM would be delivered free of any rightful claim of infringement, among other express and implied warranties.

44. If CDW is found to infringe the Patent-in-Suit, then INGRAM will be in breach of their obligations to CDW, entitling CDW to relief as set forth below in the Prayer for Relief.

45. CDW timely demanded defense and indemnification from INGRAM but the demand has not been accepted.

### Count Five – IAV

46. CDW has purchased the Chief FTP-220 and/or the Chief FTP-320 from IAV. IAV is a merchant who during the relevant time period regularly dealt in the goods of the kind that are accused of infringement.

47.	Under the Section 2-312 of the Uniform Commercial Code (810 ILCS 5/2-312), IAV warranted that the goods purchased from IAV would be delivered free of any rightful claim of infringement, among other express and implied warranties.

48.	In addition, CDW and IAV entered into a Distributor Agreement pursuant to which IAV agreed to defend, indemnify and hold CDW harmless from and against any and all claims, demands, actions, lawsuits, proceedings, liabilities, losses, costs and expenses (including reasonable attorneys' fees) arising out of any actual or alleged infringement of any patent or other proprietary or privacy right of a third party in connection with the accused products purchased by CDW from IAV.

49.	If CDW is found to infringe the Patent-in-Suit, then IAV will be in breach of their obligations to CDW, entitling CDW to relief as set forth below in the Prayer for Relief.

50.	CDW timely demanded defense and indemnification from IAV but the demand has not been accepted.

**Count Six - SYNNEX**

51.	CDW has purchased the Peerless Quad Desktop Articulating Mount (LCT-104), MultiScreen Desktop Articulating Arm (LCT-102), and/or MultiScreen Desktop Mount (LCT-103) from SYNNEX.  SYNNEX is a merchant who during the relevant time period regularly dealt in the goods of the kind that are accused of infringement.

52.	Under the Section 2-312 of the Uniform Commercial Code (810 ILCS 5/2-312), SYNNEX warranted that the goods purchased from SYNNEX would be delivered free of any rightful claim of infringement, among other express and implied warranties.

53.     In addition, CDW and SYNNEX entered into a Distributor Agreement pursuant to which SYNNEX agreed to defend, indemnify and hold CDW harmless from and against any and all claims, demands, actions, lawsuits, proceedings, liabilities, losses, costs and expenses (including reasonable attorneys' fees) arising out of any actual or alleged infringement of any patent or other proprietary or privacy right of a third party in connection with the accused products purchased by CDW from SYNNEX.

54.     If CDW is found to infringe the Patent-in-Suit, then SYNNEX will be in breach of their obligations to CDW, entitling CDW to relief as set forth below in the Prayer for Relief.

55.     CDW timely demanded defense and indemnification from SYNNEX but the demand has not been accepted.

### Count Seven - TECH DATA

56.     CDW has purchased the Peerless Quad Desktop Articulating Mount (LCT-104), MultiScreen Desktop Articulating Arm (LCT-102), and/or MultiScreen Desktop Mount (LCT-103); the Bretford FPSM-D-DIS4-AL, FPSM-D-DIS6-AL, and/or FPSM-D-DIS2-AL; as well as the Chief FTP-220 and/or the Chief FTP-320 from TECH DATA.  TECH DATA is a merchant who during the relevant time period regularly dealt in the goods of the kind that are accused of infringement.

57.     Under the Section 2-312 of the Uniform Commercial Code (810 ILCS 5/2-312), TECH DATA warranted that the goods purchased from TECH DATA would be delivered free of any rightful claim of infringement, among other express and implied warranties.

58.     CDW and TECH DATA entered into a Distributor Agreement pursuant to which TECH DATA agreed to pass through to CDW all warranties, representations, and agreements to

indemnify provided by the manufacturers to TECH DATA relating to the accused products. TECH DATA further agreed that it would, at its own expenses, utilize commercially reasonable efforts to facilitate this indemnification of CDW.

59. On information and belief, those warrantees, representations and agreements include warranties and representations, express or implied, that the accused products would be free of any rightful claim of infringement, and that the manufacturers with whom TECH DATA dealt would defend, indemnify and hold CDW harmless in the event suit was brought alleging such products infringed.

60. TECH DATA has breached its obligations hereunder, entitling CDW to relief as set forth below in the Prayer for Relief.

61. CDW timely demanded defense, indemnification and performance from TECH DATA but the demand has not been accepted nor honored.

**Count Eight – CSAV**

62. CDW has purchased the Chief FTP-220 and/or FTP-320, manufactured by CSAV, from the distributors A&B, TECH DATA, and/or IAV. CSAV is a merchant who during the relevant time period regularly dealt in the goods of the kind that are accused of infringement.

63. Under the Section 2-312 of the Uniform Commercial Code (810 ILCS 5/2-312), as well as other express and implied warranties, CSAV warranted that CSAV manufactured goods purchased from A&B, TECH DATA, and IAV would be delivered free of any rightful claim of infringement. On information and belief, these warranties passed through to CDW. On information and belief, CDW was an intended beneficiary of these warranties.

64. On information and belief, CSAV agreed that it would defend, indemnify and hold harmless purchasers of CSAV manufactured goods in the event suit was brought alleging such products infringed. On information and belief, these obligations passed through to CDW. On information and belief, CDW was an intended beneficiary of these obligations.

65. If CDW is found to infringe the Patent-in-Suit as a result of equipment manufactured by CSAV, then CSAV will be in breach of their obligations to CDW, entitling CDW to relief as set forth below in the Prayer for Relief.

66. CDW timely demanded defense and indemnification from CSAV but the demand has not been accepted.

### Count Nine – GLOBAL

67. CDW has purchased the Global Marketing Partners Moview Dual (MVDMS), the Dual (MV2XDC), and/or the Quad (MVQUMS) from the distributors D&H and/or INGRAM. GLOBAL is a merchant who during the relevant time period regularly dealt in the goods of the kind that are accused of infringement.

68. Under the Section 2-312 of the Uniform Commercial Code (810 ILCS 5/2-312), GLOBAL warranted that GLOBAL supplied goods purchased from D&H and INGRAM would be delivered free of any rightful claim of infringement, among other express and implied warranties. On information and belief, these warranties passed through to CDW. On information and belief, CDW was an intended beneficiary of these warranties.

69. On information and belief, GLOBAL agreed that it would defend, indemnify and hold harmless purchasers of GLOBAL supplied goods in the event suit was brought alleging

such products infringed. On information and belief, these warranties passed through to CDW. On information and belief, CDW was an intended beneficiary of these obligations.

70. If CDW is found to infringe the Patent-in-Suit as a result of equipment purchased through GLOBAL, then GLOBAL will be in breach of their obligations to CDW, entitling CDW to relief as set forth below in the Prayer for Relief.

71. Upon information and belief, GLOBAL was notified of CDW's timely demand of defense and indemnification to D&H and/or INGRAM, which demand has not been accepted.

### Count Ten – SEA LAND

72. CDW has purchased the Global Marketing Partners Moview the Dual (MVDMS), the Dual (MV2XDC), and/or the Quad (MVQUMS), manufactured by SEA LAND, from the distributors D&H and/or INGRAM. SEA LAND is a merchant who during the relevant time period regularly dealt in the goods of the kind that are accused of infringement.

73. Under the Section 2-312 of the Uniform Commercial Code (810 ILCS 5/2-312), SEA LAND warranted that SEA LAND manufactured goods purchased from D&H and INGRAM would be delivered free of any rightful claim of infringement, among other express and implied warranties. On information and belief, these warranties passed through to CDW. On information and belief, CDW was an intended beneficiary of these warranties.

74. On information and belief, SEE LAND agreed that it would defend, indemnify and hold harmless purchasers of SEE LAND manufactured goods in the event suit was brought alleging such products infringed. On information and belief, these warranties passed through to CDW. On information and belief, CDW was an intended beneficiary of these obligations.

75. If CDW is found to infringe the Patent-in-Suit as a result of equipment manufactured by SEA LAND, then SEA LAND will be in breach of their obligations to CDW, entitling CDW to relief as set forth below in the Prayer for Relief.

76. CDW timely demanded defense and indemnification from SEA LAND but the demand has not been accepted.

**Count Eleven – PEERLESS**

77. CDW has purchased the Peerless Quad Desktop Articulating Mount (LCT-104), MultiScreen Desktop Articulating Arm (LCT-102), and/or MultiScreen Desktop Mount (LCT-103) from the distributors INGRAM, SYNNEX, and/or TECH DATA. SEA LAND is a merchant who during the relevant time period regularly dealt in the goods of the kind that are accused of infringement.

78. Under the Section 2-312 of the Uniform Commercial Code (810 ILCS 5/2-312), PEERLESS warranted that PEERLESS manufactured goods purchased from INGRAM, SYNNEX and TECH DATA would be delivered free of any rightful claim of infringement, among other express and implied warranties. On information and belief, these warranties passed through to CDW. On information and belief, CDW was an intended beneficiary of these warranties.

79. On information and belief, PEERLESS agreed that it would defend, indemnify and hold harmless purchasers of PEERLESS manufactured goods in the event suit was brought alleging such products infringed. On information and belief, these warranties passed through to CDW. On information and belief, CDW was an intended beneficiary of these obligations.

80. If CDW is found to infringe the Patent-in-Suit as a result of equipment manufactured by PEERLESS, then PEERLESS will be in breach of their obligations to CDW, entitling CDW to relief as set forth below in the Prayer for Relief.

81. CDW timely demanded defense and indemnification from PEERLESS but the demand has not been accepted.

### Count Twelve – DOUBLESIGHT

82. CDW has purchased the DOUBLESIGHT DS-1700 from DOUBLESIGHT. DOUBLESIGHT is a merchant who during the relevant time period regularly dealt in the goods of the kind that are accused of infringement.

83. Under the Section 2-312 of the Uniform Commercial Code (810 ILCS 5/2-312), DOUBLESIGHT warranted that the goods would be delivered free of any rightful claim of infringement, among other express and implied warranties.

84. If CDW is found to infringe the Patent-in-Suit as a result of equipment manufactured by DOUBLESIGHT, then DOUBLESIGHT will be in breach of their obligations to CDW, entitling CDW to relief as set forth below in the Prayer for Relief.

### Count Thirteen – BRETFORD

85. CDW has purchased the Bretford FPSM-D-DIS4-AL, FPSM-D-DIS6-AL, and/or FPSM-D-DIS2-AL from the distributor TECH DATA. BRETFORD is a merchant who during the relevant time period regularly dealt in the goods of the kind that are accused of infringement.

86. Under the Section 2-312 of the Uniform Commercial Code (810 ILCS 5/2-312), BRETFORD warranted that BRETFORD manufactured goods purchased from TECH DATA would be delivered free of any rightful claim of infringement, among other express and implied

warranties. On information and belief, these warranties passed through to CDW. On information and belief, CDW was an intended beneficiary of these warranties.

87. On information and belief, BRETFORD agreed that it would defend, indemnify and hold harmless purchasers of BRETFORD manufactured goods in the event suit was brought alleging such products infringed. On information and belief, these warranties passed through to CDW. On information and belief, CDW was an intended beneficiary of these obligations.

88. If CDW is found to infringe a Patent-in-Suit as a result of equipment manufactured by BRETFORD, then BRETFORD will be in breach of its obligations to CDW entitling CDW to relief as set forth in the Prayer for Relief.

89. CDW timely demanded defense and indemnification from BRETFORD but the demand has not been accepted.

**PRAYER FOR RELIEF**

WHEREFORE, CDW respectfully requests that this Court order judgment in its favor on each and every Third-Party Claim set forth above, and award it relief including, but not limited to, the following:

90. Money damages in an amount to be determined at trial;

91. An Order requiring the Third-Party Defendants to defend, hold harmless and fully indemnify CDW against any adverse consequence, economic or otherwise, of Plaintiffs' claims versus CDW;

92. An Order requiring the Third-Party Defendants to secure a license or otherwise to protect, indemnify and hold CDW harmless against any injunction or other equitable relief that may be granted to Plaintiffs;

93. Costs and attorneys fees to the full extent available at law; and

94. Such other relief as may be appropriate.

95. Trial by jury is demanded.

Dated: November 30, 2007          Respectfully submitted,

         CDW CORPORATION.

By: /s/ Eric H. Findlay
     Eric H. Findlay
     State Bar No. 00789886
     RAMEY & FLOCK, P.C.
     100 E. Ferguson
     Suite 500
     Tyler, TX 75702
     (903) 597-3301
     (903) 597-2413 FAX
     EFINDLAY@RAMEYFLOCK.COM

MARSHALL, GERSTEIN & BORUN LLP
THOMAS L. DUSTON
CHARLES E. JUISTER
6300 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6357
(312) 474-6300

Attorneys for Defendant
CDW CORPORATION

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Third-Party Complaint has been forwarded via the Court's CM/ECF Filing System or via first class mail to each attorney/party of record on November 30, 2007.

/s/ Eric H. Findlay
Eric H. Findlay