**EXHIBIT G**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MASS ENGINEERED DESIGN, INC. and JERRY MOSCOVITCH, , | ) ) ) | |
| Plaintiffs, Counter-defendants | ) ) | |
| vs. | ) ) ) | |
| ERGOTRON, INC., DELL, INC., and TECH DATA CORPORATION, CDW CORPORATION | ) ) ) ) | |
| Defendants | ) ) | Civil Action  No. 2:06 CV-272LED |
| and | ) ) | **JURY TRIAL DEMANDED** |
| CDW CORPORATION | ) ) ) | |
| Counterclaimant and Third Party Plaintiff | ) ) ) | |
| vs. | ) ) | |
| A.B. DISTRIBUTING, INC., D&H DISTRIBUTING COMPANY, EIZO NANAO TECHNOLOGIES INC., INGRAM MICRO INC., INTERNATIONAL AUDIO VISUAL INC., SYNNEX CORPORATION, TECH DATA CORPORATION, CSAV, INC., GLOBAL MARKETING PARTNERS, INC., SEA LAND, INC., PEERLESS INDUSTRIES, INC., DOUBLESIGHT DISPLAYS, LLC, AND BRETFORD MANUFACTURING, INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Third-Party Defendants. | ) | |

## BRETFORD MANUFACTURING, INC.'S ANSWER TO CDW'S THIRD PARTY COMPLAINT

Third Party Defendant, Bretford Manufacturing, Inc., ("Bretford"), by and through its

counsel, hereby answers and asserts its affirmative defenses to Third-Party Plaintiff CDW

Corporation's ("CDW") Third Party Complaint filed at Docket No. 159 as follows:

1

## ANSWER

1.    CDW is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business at 200 N. Milwaukee Ave., Vernon Hills, Illinois, 60061. CDW is currently a Defendant in an action for patent infringement pending in this judicial district (the "Action").

**ANSWER:** Bretford is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

2.    Upon information and belief, A&B is a corporation existing under the laws of the State of Illinois with its principal place of business at 300 Lexington Dr., Buffalo Grove, Illinois 60089, and is doing business in this judicial district and elsewhere.

**ANSWER:** Bretford is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

3.    Upon information and belief, D&H is a corporation existing under the laws of the State of Pennsylvania with its principal place of business at 2525 N. Seventh St., PO Box 5967, Harrisburg, Pennsylvania 17110, and is doing business in this judicial district and elsewhere.

**ANSWER:** Bretford is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

4.    Upon information and belief, EIZO is corporation organized and existing under the laws of the State of California with its principal place of business at 5710 Warland Dr., Cypress, California 90630, and is doing business in this judicial district and elsewhere.

**ANSWER:** Bretford is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

5.    Upon information and belief, INGRAM is a corporation organized and existing under the law of the State of Delaware with its principal of business at 1600 E. St. Andrew Pl., Santa Ana, California 92705, and is doing business in this judicial district and elsewhere.

**ANSWER:** Bretford is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

6.    Upon information and belief, IAV is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 5149 Powerline Rd., Ft. Lauderdale, Florida 33309, and is doing business in this judicial district and elsewhere.

**ANSWER:** Bretford is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

7.    Upon information and belief, SYNNEX is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 44201 Nobel Dr., Fremont, California 94538, and is doing business in this judicial district and elsewhere.

**ANSWER:** Bretford is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

8.    Upon information and belief, TECH DATA is a corporation organized and existing under the laws of the State of Florida with its principal place of business at 5350 Tech Data Dr., Clearwater Florida 33760, and is doing business in this judicial district and elsewhere. TECH DATA is currently a Defendant in the Action.

**ANSWER:** Bretford is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

9.    Upon information and belief, CSAV is a corporation existing under the laws of the State of Massachusetts with its principal place of business at 8401 Eagle Creek Parkway, Ste. 700, Savage, Minnesota, and is doing business in this judicial district and elsewhere.

**ANSWER:** Bretford is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

10.    Upon information and belief, GLOBAL is a corporation organized and existing under the laws of the State of California with its principal place of business at 6300 Canoga Avenue, Suite 1530, Woodland Hills, California 91367, and is doing business in this judicial district and elsewhere.

**ANSWER:** Bretford is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

11.    Upon information and belief, SEA LAND is a corporation organized and existing under the laws of the State of Michigan with its principal place of business at 11116 Fitzgerald, Ste. B, Nunica, Michigan 49448, and is doing business in this judicial district and elsewhere.

**ANSWER:** Bretford is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

12.     Upon information and belief, PEERLESS is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 3215 W. North Ave., Melrose Park, Illinois 60160, and is doing business in this judicial district and elsewhere.

   **ANSWER:**  Bretford is without knowledge or information sufficient to form a belief as

to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

13.     Upon information and belief, DOUBLESIGHT is a limited liability corporation organized and existing under the laws of the State of California with its principal place of business at 18 Technology Dr., Ste 161, Irvine, CA 92618, and is doing business in this judicial district and elsewhere.

   **ANSWER:**  Bretford is without knowledge or information sufficient to form a belief as

to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

14.     Upon information and belief, BRETFORD is a corporation organized and existing under the laws of the State of Illinois with its principal place of business at 11000 Seymour Ave., Schiller Park *[sic]*, Illinois 60131, and is doing business in this judicial district and elsewhere.

   **ANSWER:**  Bretford admits that it is a corporation organized and existing under the laws

of the State of Illinois and has its principal place of business at 11000 Seymour Avenue, Franklin

Park, Illinois, 60131 and does business in this judicial district and elsewhere.

15.     The amount in controversy exceeds $75,000.

   **ANSWER:**  Bretford is without knowledge or information sufficient to form a belief as

to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

### Jurisdiction and Venue

16.     The underlying action for patent infringement arises under the patent laws of the United States, Title 35, United States Code. Federal Courts have exclusive jurisdiction under Title 28, United States Code, particularly §1338(a). This Court has original jurisdiction of the claims in Counts Two through Twelve under Title 28, United States Code, particularly §1332(a)(1). The Court has supplemental jurisdiction of those and all remaining claims herein under Title 28, United States Code, particularly §1337(a), inasmuch as the claims herein are so related to the claims within the Court's original jurisdiction, including the underlying claim brought by Plaintiffs, that they form part of the same case or controversy under Article III of the United States Constitution.

**ANSWER:** Bretford admits that the instant lawsuit purports to be an action for patent infringement filed by plaintiffs Mass Engineered Design, Inc. and Jerry Moscovitch ("Plaintiffs"). Although Bretford does not contest this Court's subject matter jurisdiction, CDW's jurisdictional allegations are legal conclusions to which no answer is required or made. Bretford further denies that CDW is entitled to any recovery against it.

17.    Venue is proper under Title 28, United States Code §§1391(b) and (c).

**ANSWER:** Bretford admits that venue is not impermissible under 28 U.S.C. § 1391(c). Bretford denies the remaining allegations asserted in this Paragraph.

### Plaintiffs' Allegations

18.    Plaintiff JERRY MOSCOVITCH claims to be the owner and assignee of the following United States Letters Patent RE 36,978 (the "Patent-in-Suit"):

**ANSWER:** Bretford admits that the face of United States Patent No. RE 36,978 identifies Jerry Moscovitch as the inventor. Bretford is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted in this Paragraph, and on that basis, denies the same.

19.    Plaintiff MASS ENGINEERED DESIGN, INC. claims to be the exclusive licensee of the Patent-in-Suit.

**ANSWER:** Bretford admits that Paragraph 8 of the Complaint at Docket No. 1 in the instant litigation alleges that "Jerry Moscovitch is and always has been the sole owner of the '978 Patent, and has licensed it exclusively to Mass Engineered Design, Inc." Bretford is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted in this Paragraph, and on that basis, denies the same.

20.    Plaintiffs have filed an Original Complaint in this Court alleging patent infringement against CDW.

**ANSWER:** Bretford admits that the Complaint at Docket No. 1 in the instant litigation contains allegations of patent infringement against CDW. Bretford is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted in this Paragraph, and on that basis, denies the same.

21. In its Original Complaint, Plaintiffs allege that CDW has infringed the Patent-in-Suit by reason of its alleged manufacture, use, sale, importation, and/or offer for sale of multidisplay units such as Model No. 210328 and other unidentified products, and that it has allegedly contributed to and induced the infringement of the Patent-in-Suit. Plaintiffs seek recovery from CDW under Section 271 of Title 35 of the United States Code.

   **ANSWER:** Bretford admits that Paragraph 10 of the Complaint at Docket No. 1 in the instant litigation states as follows: "CDW has infringed and continues to infringe the '978 Patent by its manufacture, use, sale, importation, and/or offer for sale of its multi-display units such as Model No. 210328, and other products, and by its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale of infringing products. CDW is liable for infringement of the '978 Patent pursuant to 35 U.S.C. § 271." Bretford is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted in this Paragraph, and on that basis, denies the same.

22. On February 7, 2007, Plaintiffs notified CDW of their contentions that certain products manufactured and sold by the Counter-Defendants infringed the Patent-in-Suit. Those accused products, together their respective manufactures and the distributor(s), if any, from or through whom CDW purchased those products, are listed below:

| | |
|---|---|
| Chief FTP-220 (CDW 1021070) | Manufacturer: CSAV Distributor(s): A&B, TECH DATA, IAV |
| Chief FTP-320 (CDW 997919) | Manufacturer: CSAV Distributor(s): A&B, TECH DATA, IAV |

| | |
|---|---|
| Global Marketing Partners Moview the Dual (MVDMS) (CDW 890905) | Manufacturer: SEA LAND Distributor(s): D&H, INGRAM, GLOBAL* |
| Global Marketing Partners Moview the Dual (MV2XDC) (CDW 832694) | Manufacturer: SEA LAND Distributor(s): D&H, INGRAM, GLOBAL* |
| Global Marketing Partners Moview the Quad (MVQUMS) (CDW 843229) | Manufacturer: SEA LAND Distributor(s): D&H, INGRAM, GLOBAL* |
| Peerless Quad Desktop Articulating Mount (LCT-104) (CDW 849750) | Manufacturer: PEERLESS Distributor(s): INGRAM, SYNNEX, TECH DATA |
| Peerless MultiScreen Desktop Articulating Arm (LCT-102) (CDW 8938681) | Manufacturer: PEERLESS Distributor(s): INGRAM, SYNNEX, TECH DATA |
| Peerless MultiScreen Desktop Mount (LCT-103) (CDW 1059230) | Manufacturer: PEERLESS Distributor(s): INGRAM, SYNNEX, TECH DATA |
| Bretford FPSM-D-DIS4-AL (CDW 947297) | Manufacturer: BRETFORD Distributor(s): TECH DATA |
| Bretford FPSM-D-DIS6-AL (CDW 947299) | Manufacturer: BRETFORD Distributor(s): TECH DATA |
| Bretford FPSM-D-DIS2-AL (CDW 947294) | Manufacturer: BRETFORD Distributor(s): TECH DATA |
| Eizo LS-HM1-D (CDW 629187) | Manufacturer: EIZO |

7

| DoubleSight DS-1700 | Manufacturer: DOUBLESIGHT |

*On information and belief.

  **ANSWER:** Bretford is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

**23.** CDW does not design or manufacture multi-display stands.

  **ANSWER:** Bretford is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

**CDW's Relationship with the Third-Party Defendants**

**24.** CDW purchases multi-display stands from the Third-Party Defendants.

  **ANSWER:** To the extent the allegations of this Paragraph are directed to Bretford, Bretford denies each and every allegation of this Paragraph.  To the extent that the allegations of this Paragraph are directed toward third-party defendants other than Bretford, Bretford is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies the same.

**25.** CDW denies that it infringes any valid patent owned and/or licensed by Plaintiffs.

  **ANSWER:** To the extent the allegations of this Paragraph are directed to Bretford's products identified in Paragraph 22, Bretford admits that such products do not infringe U.S. Patent RE 36,978.  Bretford is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations asserted in this Paragraph, and that basis, denies the same.

**26.** If CDW is found to infringe a valid patent owned and/or licensed by Plaintiffs, then the Third-Party Defendants are either under a duty to indemnify CDW or have breached their warranties to CDW. In either case, CDW is entitled to legal relief from the Court.

  **ANSWER:** To the extent the allegations of this Paragraph are directed to Bretford, Bretford denies that it has a duty to indemnify CDW, denies that it breached any warranties to

CDW, and denies that CDW is entitled to any legal relief from Bretford.  To the extent that the allegations of this Paragraph are directed toward third-party defendants other than Bretford, Bretford is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies the same.  Bretford is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted in this Paragraph, and on that basis, denies the same.

27.    In addition, certain Third-Party Defendants, as more fully identified in the following paragraphs, have expressly agreed to defend and hold CDW harmless from any and all costs, expenses, fees and otherwise in connection with the claims asserted against CDW by the Plaintiffs. These parties are currently in breach of those obligations and CDW is entitled to a declaration that these parties owe it a duty to defend.

**ANSWER:**  To the extent the allegations of this Paragraph are directed to the activities of Bretford, Bretford denies that it expressly agreed to defend and hold CDW harmless from any and all costs, expenses, fees, and otherwise in connection with claims asserted against CDW by the Plaintiffs.  To the extent that the allegations of this Paragraph are directed toward the activities of third-party defendants other than Bretford, Bretford is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies the same.  Bretford is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted in this Paragraph, and on that basis, denies the same.

28.    CDW has performed all applicable conditions precedent to the Third-Party Defendants' obligations hereunder.

**ANSWER:**  To the extent the allegations of this Paragraph are directed to Bretford, Bretford denies each and every allegation of this Paragraph.  To the extent that the allegations of this Paragraph are directed toward third-party defendants other than Bretford, Bretford is without

sufficient knowledge or information to form a belief as to the truth of the allegations in this

Paragraph, and on that basis, denies the same.

## COUNT ONE – A&B

**29.**    CDW has purchased the Chief FTP-220 and/or the Chief FTP-320 from A&B. A&B is a merchant who during the relevant time period regularly dealt in the goods of the kind that are accused of infringement.

**ANSWER:**  Bretford is without knowledge or information sufficient to form a belief as

to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

**30.**    Under the Section 2-312 of the Uniform Commercial Code (810 ILCS 5/2-312), A&B warranted that the goods purchased from A&B would be delivered free of any rightful claim of infringement, among other express and implied warranties.

**ANSWER:**  Bretford is without knowledge or information sufficient to form a belief as

to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

**31.**    If CDW is found to infringe the Patent-in-Suit, then A&B will be in breach of their obligations to CDW, entitling CDW to relief as set forth below in the Prayer for Relief.

**ANSWER:**  Bretford is without knowledge or information sufficient to form a belief as

to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

**32.**    CDW timely demanded defense and indemnification from A&B but the demand has not been accepted.

**ANSWER:**  Bretford is without knowledge or information sufficient to form a belief as

to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

## COUNT TWO – D&H

**33.**    CDW has purchased the Global Marketing Partners Moview the Dual (MVDMS), the Dual (MV2XDC), and/or the Quad (MVQUMS) from D&H. D&H is a merchant who during the relevant time period regularly dealt in the goods of the kind that are accused of infringement.

**ANSWER:**  Bretford is without knowledge or information sufficient to form a belief as

to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

34.    Under the Section 2-312 of the Uniform Commercial Code (810 ILCS 5/2-312), D&H warranted that the goods purchased from D&H would be delivered free of any rightful claim of infringement, among other express and implied warranties.

   **ANSWER:**  Bretford is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

35.    In addition, CDW and D&H entered into a Distributor Agreement pursuant to which D&H agreed to defend, indemnify and hold CDW harmless from and against any and all claims, demands, actions, lawsuits, proceedings, liabilities, losses, costs and expenses (including reasonable attorneys' fees) arising out of any actual or alleged infringement of any patent or other proprietary or privacy right of a third party in connection with the accused products purchased by CDW from D&H.

   **ANSWER:**  Bretford is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

36.    If CDW is found to infringe the Patent-in-Suit, then D&H will be in breach of their obligations to CDW, entitling CDW to relief as set forth below in the Prayer for Relief.

   **ANSWER:**  Bretford is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

37.    CDW timely demanded defense and indemnification from D&H but the demand has not been accepted.

   **ANSWER:**  Bretford is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

**Count Three – EIZO**

38.    CDW has purchased the Eizo LS-HM1-D from EIZO. EIZO is a merchant who during the relevant time period regularly dealt in the goods of the kind that are accused of infringement.

   **ANSWER:**  Bretford is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

39.    Under the Section 2-312 of the Uniform Commercial Code (810 ILCS 5/2-312), EIZO warranted that the goods purchased from EIZO would be delivered free of any rightful claim of infringement, among other express and implied warranties.

**ANSWER:**  Bretford is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

40.    If CDW is found to infringe the Patent-in-Suit, then EIZO will be in breach of their obligations to CDW, entitling CDW to relief as set forth below in the Prayer for Relief.

**ANSWER:**  Bretford is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

41.    CDW timely demanded defense and indemnification from EIZO but the demand has not been accepted.

**ANSWER:**  Bretford is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

## COUNT FOUR – INGRAM

42.    CDW has purchased the Global Marketing Partners Moview the Dual (MVDMS), the Dual (MV2XDC), and/or the Quad (MVQUMS), as well as the Peerless Quad Desktop Articulating Mount (LCT-104), MultiScreen Desktop Articulating Arm (LCT-102), and/or MultiScreen Desktop Mount (LCT-103) from INGRAM. INGRAM is a merchant who during the relevant time period regularly dealt in the goods of the kind that are accused of infringement.

**ANSWER:**  Bretford is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

43.    Under the Section 2-312 of the Uniform Commercial Code (810 ILCS 5/2-312), INGRAM warranted that the goods purchased from INGRAM would be delivered free of any rightful claim of infringement, among other express and implied warranties.

**ANSWER:**  Bretford is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

44.    If CDW is found to infringe the Patent-in-Suit, then INGRAM will be in breach of their obligations to CDW, entitling CDW to relief as set forth below in the Prayer for Relief.

**ANSWER:**  Bretford is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

45.     CDW timely demanded defense and indemnification from INGRAM but the demand has not been accepted.

   **ANSWER:**  Bretford is without knowledge or information sufficient to form a belief as

to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

### COUNT FIVE – IAV

46.     CDW has purchased the Chief FTP-220 and/or the Chief FTP-320 from IAV. IAV is a merchant who during the relevant time period regularly dealt in the goods of the kind that are accused of infringement.

   **ANSWER:**  Bretford is without knowledge or information sufficient to form a belief as

to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

47.     Under the Section 2-312 of the Uniform Commercial Code (810 ILCS 5/2-312), IAV warranted that the goods purchased from IAV would be delivered free of any rightful claim of infringement, among other express and implied warranties.

   **ANSWER:**  Bretford is without knowledge or information sufficient to form a belief as

to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

48.     In addition, CDW and IAV entered into a Distributor Agreement pursuant to which IAV agreed to defend, indemnify and hold CDW harmless from and against any and all claims, demands, actions, lawsuits, proceedings, liabilities, losses, costs and expenses (including reasonable attorneys' fees) arising out of any actual or alleged infringement of any patent or other proprietary or privacy right of a third party in connection with the accused products purchased by CDW from IAV.

   **ANSWER:**  Bretford is without knowledge or information sufficient to form a belief as

to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

49.     If CDW is found to infringe the Patent-in-Suit, then IAV will be in breach of their obligations to CDW, entitling CDW to relief as set forth below in the Prayer for Relief.

   **ANSWER:**  Bretford is without knowledge or information sufficient to form a belief as

to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

50.     CDW timely demanded defense and indemnification from IAV but the demand has not been accepted.

**ANSWER:**  Bretford is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

### Count Six - SYNNEX

51.   CDW has purchased the Peerless Quad Desktop Articulating Mount (LCT-104), MultiScreen Desktop Articulating Arm (LCT-102), and/or MultiScreen Desktop Mount (LCT- 103) from SYNNEX. SYNNEX is a merchant who during the relevant time period regularly dealt in the goods of the kind that are accused of infringement.

**ANSWER:**  Bretford is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

52.   Under the Section 2-312 of the Uniform Commercial Code (810 ILCS 5/2-312), SYNNEX warranted that the goods purchased from SYNNEX would be delivered free of any rightful claim of infringement, among other express and implied warranties.

**ANSWER:**  Bretford is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

53.   In addition, CDW and SYNNEX entered into a Distributor Agreement pursuant to which SYNNEX agreed to defend, indemnify and hold CDW harmless from and against any and all claims, demands, actions, lawsuits, proceedings, liabilities, losses, costs and expenses (including reasonable attorneys' fees) arising out of any actual or alleged infringement of any patent or other proprietary or privacy right of a third party in connection with the accused products purchased by CDW from SYNNEX.

**ANSWER:**  Bretford is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

54.   If CDW is found to infringe the Patent-in-Suit, then SYNNEX will be in breach of their obligations to CDW, entitling CDW to relief as set forth below in the Prayer for Relief.

**ANSWER:**  Bretford is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

55.   CDW timely demanded defense and indemnification from SYNNEX but the demand has not been accepted.

**ANSWER:**  Bretford is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

## COUNT SEVEN - TECH DATA

**56.**    CDW has purchased the Peerless Quad Desktop Articulating Mount (LCT-104), MultiScreen Desktop Articulating Arm (LCT-102), and/or MultiScreen Desktop Mount (LCT-103); the Bretford FPSM-D-DIS4-AL, FPSM-D-DIS6-AL, and/or FPSM-D-DIS2-AL; as well as the Chief FTP-220 and/or the Chief FTP-320 from TECH DATA. TECH DATA is a merchant who during the relevant time period regularly dealt in the goods of the kind that are accused of infringement.

    **ANSWER:**  Bretford is without knowledge or information sufficient to form a belief as

to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

**57.**    Under the Section 2-312 of the Uniform Commercial Code (810 ILCS 5/2-312), TECH DATA warranted that the goods purchased from TECH DATA would be delivered free of any rightful claim of infringement, among other express and implied warranties.

    **ANSWER:**  Bretford is without knowledge or information sufficient to form a belief as

to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

**58.**    CDW and TECH DATA entered into a Distributor Agreement pursuant to which TECH DATA agreed to pass through to CDW all warranties, representations, and agreements to 12 indemnify provided by the manufacturers to TECH DATA relating to the accused products.  TECH DATA further agreed that it would, at its own expenses, utilize commercially reasonable efforts to facilitate this indemnification of CDW.

    **ANSWER:**  Bretford is without knowledge or information sufficient to form a belief as

to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

**59.**    On information and belief, those warrantees, representations and agreements include warranties and representations, express or implied, that the accused products would be free of any rightful claim of infringement, and that the manufacturers with whom TECH DATA dealt would defend, indemnify and hold CDW harmless in the event suit was brought alleging such products infringed.

    **ANSWER:**  Bretford is without knowledge or information sufficient to form a belief as

to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

**60.**    TECH DATA has breached its obligations hereunder, entitling CDW to relief as set forth below in the Prayer for Relief.

    **ANSWER:**  Bretford is without knowledge or information sufficient to form a belief as

to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

61.    CDW timely demanded defense, indemnification and performance from TECH DATA but the demand has not been accepted nor honored.

**ANSWER:**  Bretford is without knowledge or information sufficient to form a belief as

to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

### COUNT EIGHT – CSAV

62.    CDW has purchased the Chief FTP-220 and/or FTP-320, manufactured by CSAV, from the distributors A&B, TECH DATA, and/or IAV. CSAV is a merchant who during the relevant time period regularly dealt in the goods of the kind that are accused of infringement.

**ANSWER:**  Bretford is without knowledge or information sufficient to form a belief as

to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

63.    Under the Section 2-312 of the Uniform Commercial Code (810 ILCS 5/2-312), as well as other express and implied warranties, CSAV warranted that CSAV manufactured goods purchased from A&B, TECH DATA, and IAV would be delivered free of any rightful claim of infringement. On information and belief, these warranties passed through to CDW. On information and belief, CDW was an intended beneficiary of these warranties.

**ANSWER:**  Bretford is without knowledge or information sufficient to form a belief as

to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

64.    On information and belief, CSAV agreed that it would defend, indemnify and hold harmless purchasers of CSAV manufactured goods in the event suit was brought alleging such products infringed. On information and belief, these obligations passed through to CDW.   On information and belief, CDW was an intended beneficiary of these obligations.

**ANSWER:**  Bretford is without knowledge or information sufficient to form a belief as

to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

65.    If CDW is found to infringe the Patent-in-Suit as a result of equipment manufactured by CSAV, then CSAV will be in breach of their obligations to CDW, entitling CDW to relief as set forth below in the Prayer for Relief.

**ANSWER:**  Bretford is without knowledge or information sufficient to form a belief as

to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

66.    CDW timely demanded defense and indemnification from CSAV but the demand has not been accepted.

   **ANSWER:**  Bretford is without knowledge or information sufficient to form a belief as

to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

### COUNT NINE – GLOBAL

67.    CDW has purchased the Global Marketing Partners Moview Dual (MVDMS), the Dual (MV2XDC), and/or the Quad (MVQUMS) from the distributors D&H and/or INGRAM. GLOBAL is a merchant who during the relevant time period regularly dealt in the goods of the kind that are accused of infringement.

   **ANSWER:**  Bretford is without knowledge or information sufficient to form a belief as

to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

68.    Under the Section 2-312 of the Uniform Commercial Code (810 ILCS 5/2-312), GLOBAL warranted that GLOBAL supplied goods purchased from D&H and INGRAM would be delivered free of any rightful claim of infringement, among other express and implied warranties. On information and belief, these warranties passed through to CDW. On information and belief, CDW was an intended beneficiary of these warranties.

   **ANSWER:**  Bretford is without knowledge or information sufficient to form a belief as

to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

69.    On information and belief, GLOBAL agreed that it would defend, indemnify and hold harmless purchasers of GLOBAL supplied goods in the event suit was brought alleging such products infringed. On information and belief, these warranties passed through to CDW.   On information and belief, CDW was an intended beneficiary of these obligations.

   **ANSWER:**  Bretford is without knowledge or information sufficient to form a belief as

to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

70.    If CDW is found to infringe the Patent-in-Suit as a result of equipment purchased through GLOBAL, then GLOBAL will be in breach of their obligations to CDW, entitling CDW to relief as set forth below in the Prayer for Relief.

   **ANSWER:**  Bretford is without knowledge or information sufficient to form a belief as

to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

**71.**   Upon information and belief, GLOBAL was notified of CDW's timely demand of defense and indemnification to D&H and/or INGRAM, which demand has not been accepted.

**ANSWER:**  Bretford is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

### COUNT TEN – SEA LAND

**72.**   CDW has purchased the Global Marketing Partners Moview the Dual (MVDMS), the Dual (MV2XDC), and/or the Quad (MVQUMS), manufactured by SEA LAND, from the distributors D&H and/or INGRAM. SEA LAND is a merchant who during the relevant time period regularly dealt in the goods of the kind that are accused of infringement.

**ANSWER:**  Bretford is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

**73.**   Under the Section 2-312 of the Uniform Commercial Code (810 ILCS 5/2-312), SEA LAND warranted that SEA LAND manufactured goods purchased from D&H and INGRAM would be delivered free of any rightful claim of infringement, among other express and implied warranties. On information and belief, these warranties passed through to CDW.  On information and belief, CDW was an intended beneficiary of these warranties.

**ANSWER:**  Bretford is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

**74.**   On information and belief, SEE LAND agreed that it would defend, indemnify and hold harmless purchasers of SEE LAND manufactured goods in the event suit was brought alleging such products infringed. On information and belief, these warranties passed through to CDW. On information and belief, CDW was an intended beneficiary of these obligations.

**ANSWER:**  Bretford is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

**75.**   If CDW is found to infringe the Patent-in-Suit as a result of equipment manufactured by SEA LAND, then SEA LAND will be in breach of their obligations to CDW, entitling CDW to relief as set forth below in the Prayer for Relief.

**ANSWER:**  Bretford is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

76.    CDW timely demanded defense and indemnification from SEA LAND but the demand has not been accepted.

   **ANSWER:**  Bretford is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

### COUNT ELEVEN – PEERLESS

77.    CDW has purchased the Peerless Quad Desktop Articulating Mount (LCT-104), MultiScreen Desktop Articulating Arm (LCT-102), and/or MultiScreen Desktop Mount (LCT-103) from the distributors INGRAM, SYNNEX, and/or TECH DATA. SEA LAND [*sic*] is a merchant who during the relevant time period regularly dealt in the goods of the kind that are accused of infringement.

   **ANSWER:**  Bretford is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

78.    Under the Section 2-312 of the Uniform Commercial Code (810 ILCS 5/2-312), PEERLESS warranted that PEERLESS manufactured goods purchased from INGRAM, SYNNEX and TECH DATA would be delivered free of any rightful claim of infringement, among other express and implied warranties. On information and belief, these warranties passed through to CDW. On information and belief, CDW was an intended beneficiary of these warranties.

   **ANSWER:**  Bretford is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

79.    On information and belief, PEERLESS agreed that it would defend, indemnify and hold harmless purchasers of PEERLESS manufactured goods in the event suit was brought alleging such products infringed. On information and belief, these warranties passed through to CDW. On information and belief, CDW was an intended beneficiary of these obligations.

   **ANSWER:**  Bretford is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

80.    If CDW is found to infringe the Patent-in-Suit as a result of equipment manufactured by PEERLESS, then PEERLESS will be in breach of their obligations to CDW, entitling CDW to relief as set forth below in the Prayer for Relief.

   **ANSWER:**  Bretford is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

81.     CDW timely demanded defense and indemnification from PEERLESS but the demand
        has not been accepted.

        **ANSWER:**  Bretford is without knowledge or information sufficient to form a belief as

to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

### COUNT TWELVE – DOUBLESIGHT

82.     CDW has purchased the DOUBLESIGHT DS-1700 from DOUBLESIGHT.
        DOUBLESIGHT is a merchant who during the relevant time period regularly dealt in the
        goods of the kind that are accused of infringement.

        **ANSWER:**  Bretford is without knowledge or information sufficient to form a belief as

to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

83.     Under the Section 2-312 of the Uniform Commercial Code (810 ILCS 5/2-312),
        DOUBLESIGHT warranted that the goods would be delivered free of any rightful claim
        of infringement, among other express and implied warranties.

        **ANSWER:**  Bretford is without knowledge or information sufficient to form a belief as

to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

84.     If CDW is found to infringe the Patent-in-Suit as a result of equipment manufactured by
        DOUBLESIGHT, then DOUBLESIGHT will be in breach of their obligations to CDW,
        entitling CDW to relief as set forth below in the Prayer for Relief.

        **ANSWER:**  Bretford is without knowledge or information sufficient to form a belief as

to the truth of the allegations asserted in this Paragraph, and on that basis, denies the same.

### COUNT THIRTEEN – BRETFORD

85.     CDW has purchased the Bretford FPSM-D-DIS4-AL, FPSM-D-DIS6-AL, and/or FPSM-
        D-DIS2-AL from the distributor TECH DATA. BRETFORD is a merchant who during
        the relevant time period regularly dealt in the goods of the kind that are accused of
        infringement.

        **ANSWER:**  Bretford admits that CDW has purchased the Bretford FPSM-D-DIS4-AL,

FPSM-D-DIS6-AL, and/or FPSM-D-DIS2-AL from Tech Data.  Bretford admits that it regularly

deals in the Bretford FPSM-D-DIS4-AL, FPSM-D-DIS6-AL, and/or FPSM-D-DIS2-AL

products.  Bretford is without knowledge or information sufficient to form a belief as to the truth

of the remaining allegations asserted in this Paragraph, and on that basis, denies the same.

86.    Under the Section 2-312 of the Uniform Commercial Code (810 ILCS 5/2-312), BRETFORD warranted that BRETFORD manufactured goods purchased from TECH DATA would be delivered free of any rightful claim of infringement, among other express and implied warranties. On information and belief, these warranties passed through to CDW.  On information and belief, CDW was an intended beneficiary of these warranties.

    **ANSWER:**  Denied.

87.    On information and belief, BRETFORD agreed that it would defend, indemnify and hold harmless purchasers of BRETFORD manufactured goods in the event suit was brought alleging such products infringed. On information and belief, these warranties passed through to CDW. On information and belief, CDW was an intended beneficiary of these obligations.

    **ANSWER:**  Denied.

88.    If CDW is found to infringe a Patent-in-Suit as a result of equipment manufactured by BRETFORD, then BRETFORD will be in breach of its obligations to CDW entitling CDW to relief as set forth in the Prayer for Relief.

    **ANSWER:**  Denied.

89.    CDW timely demanded defense and indemnification from BRETFORD but the demand has not been accepted.

    **ANSWER:**  Denied.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense:  Failure to State a Claim for Relief**

90.    CDW's claims against Bretford are barred, in whole or in part, for failure to state

a claim upon which relief may be granted.

**Second Affirmative Defense: Lack of Privity**

91.    CDW's claims against Bretford are barred, in whole or in part, because CDW is

neither a party to nor in privity with a party who has a contract with Bretford.

### Third Affirmative Defense: CDW is Not a Direct and Intended Beneficiary

**92.**    CDW's claims against Bretford are barred, in whole or in part, because CDW is not a direct and intended beneficiary of any contract with Bretford.

### Fourth Affirmative Defense: CDW Has No Contract with Bretford for Multi-Display Products

**93.**    CDW's claims against Bretford are barred, in whole or in part, because Bretford has no contracts with CDW for the sale of any multi-display products identified in Paragraph 22 of CDW's Third Party Complaint.  (*See* Para. 22 above).

### Fifth Affirmative Defense: Waiver and Estoppel

**94.**    On information and belief, CDW received notification of the Plaintiffs' claims of patent infringement on February 7, 2007.  (*See* Para. 22 above).

**95.**    On information and belief, CDW's claims against Bretford are barred, in whole or in part, based on the doctrines of waiver and estoppel.

### Sixth Affirmative Defense: Disclaimer

**96.**    On information and belief, Tech Data disclaimed any implied warranty asserted by CDW.  (*See, e.g.,* Third-Party Defendant's Tech Data Corporation's Motion to Dismiss CDW Corporation's Third Party Complaint, or in the Alternative, Motion for More Definite Statement and Motion to Transfer or, in the Alternative, Motion to Bifurcate, Docket No. 200).

**97.**    On information and belief, CDW's claims against Bretford are barred, in whole or in part, based on disclaimer.

### PRAYER FOR RELIEF

WHEREFORE, Bretford respectfully requests that this Court enter judgment in its favor and grant the following relief:

A.    Dismiss Count Thirteen of CDW's Third-Party Complaint with prejudice;

        **B.**      Award Bretford its costs, reasonable attorneys' fees, and disbursements incurred in this action; and

        **C.**      Award such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

      Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule CV-38, Bretford hereby demands a trial by jury.

**Dated:  January 18, 2008**                      **Respectfully submitted,**

OF COUNSEL:

G. Peter Albert, Jr.
FOLEY & LARDNER LLP
11250 El Camino Real, Suite 200
San Diego, California  92130
Telephone:  (858) 847-6700
Facsimile:  (858) 792-6773
palbert@foley.com

Andrea M. Augustine
FOLEY & LARDNER LLP
321 North Clark St., Suite 2800
Chicago, Illinois 60610-4764
Telephone:  (312) 832-4500
Facsimile:  (312) 832-4700
aaugustine@foley.com

/s/ Guy N. Harrison _____

Guy Harrison
State Bar No. 00000077
HARRISON LAW FIRM
217 North Center
Longview, Texas  75601
Telephone:  (903) 758-7361
Facsimile:  (903) 753-9557
guy@gnhlaw.com

ATTORNEYS FOR THIRD PARTY
DEFENDANT BRETFORD
MANUFACTURING, INC.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 18, 2008, I electronically filed the foregoing Bretford Manufacturing, Inc.'s Answer to CDW's Third Party Complaint with the Clerk of Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record.

/s/ Guy N. Harrison
Guy N. Harrison

24