IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRETFORD MANUFACTURING, INC., | |
| Plaintiff, | |
| v. | Case No. 08 C 486 |
| MASS ENGINEERED DESIGN, INC., and JERRY MOSCOVITCH, | Judge Moran |
| Defendants. | |

**BRETFORD'S OPPOSITION TO DEFENDANTS' AMENDED MOTION TO DISMISS**

Richard W. Young (IL Bar No. 6181557)
Richard.Young@dbr.com
David J. Moorhead (IL Bar No. 6280666)
David.Moorhead@dbr.com
DRINKER BIDDLE & REATH LLP
191 N. Wacker Dr., Suite 3700
Chicago, IL  60606-1691
(312) 569-1000
(312) 569-3000 (fax)

*Counsel for Plaintiff Bretford Manufacturing, Inc.*

# TABLE OF CONTENTS

Page

INTRODUCTION ..................................................................................................................1

FACTUAL BACKGROUND .................................................................................................1

ARGUMENT ..........................................................................................................................4

I.    Bretford Is Entitled To a Fair Adjudication of Its Rights................................................4

II.   This is the First Suit Between MASS and Bretford. .......................................................5

III.  Under the Customer Suit Exception, This Litigation Should Proceed............................6

IV.  This Case Should Not Be Transferred to Texas...............................................................9

      A.    The Eastern District of Texas Is Not a More Convenient Forum.........................9

      B.    The Interests of Justice Favor Following the Customer Suit Exception..............10

CONCLUSION .....................................................................................................................11


# TABLE OF AUTHORITIES

**Cases**

*A.P.T., Inc. v. Quad Envtl. Techs. Corp., Inc.*, 698 F. Supp. 718 (N.D. Ill. 1988) .......................... 8

*Blonder-Tongue Labs., Inc. v. Univ. of Illinois Found.*, 402 U.S. 313 (1971) .............................. 8

*Ciena Corp. v. Nortel Networks, Inc.*, 2005 WL 1189881 (E.D. Tex. May 19, 2005) ............... 6, 7

*Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735 (1st Cir. 1977) .............................................. 10

*Coffey v. Van Dorn Iron Works*, 796 F.2d 217 (7th Cir. 1986) ............................................. 9, 10

*Furmanite Am., Inc. v. Durango Assocs., Inc.*, 662 F. Supp. 348 (E.D. Va. 1986) ..................... 10

*Goodyear Tire & Rubber Co. v. Releasomers, Inc.*, 824 F.2d 953 (Fed. Cir. 1987) ..................... 4

*Katz v. Lear Siegler, Inc.*, 909 F.2d 1459 (Fed. Cir. 1990) ......................................................... 6

*Kucala Enters., Ltd. v. Auto Wax Co., Inc.*, 2002 WL 1586415
 (N.D. Ill. July 18, 2002) ........................................................................................... 6, 9, 11

*MedImmune, Inc. v. Genentech, Inc.*, 127 S.Ct. 764 (2007) ........................................................ 4

*Minn. Mining & Mfg. Co. v. Norton Co.*, 929 F.2d 670 (Fed. Cir. 1991) ..................................... 4

*Pasulka v. Sykes*, 131 F. Supp.2d 988 (N.D. Ill. 2001) ............................................................... 9

*Sony Elecs., Inc. v. Guardian Media Techs., Ltd.*, 497 F.3d 1271 (Fed. Cir. 2007) ..................... 4

*Time Warner Cable, Inc. v. GPNE Corp.*, 497 F. Supp.2d 584 (D.Del. 2007) ............................. 5

*Time Warner Cable, Inc. v. USA Video Tech. Corp.*, 520 F. Supp.2d 579 (D.Del. 2007) ............ 5

*Whelen Techs., Inc. v. Mill Specialties, Inc.*, 741 F. Supp. 715 (N.D. Ill. 1990) ...................... 6, 7

**Statutes**

28 U.S.C. § 1404(a) .................................................................................................................. 9

**Other Authorities**

8 Donald S. Chisum, CHISUM ON PATENTS, § 21.02[4][c] (2006) ................................................ 6

## TABLE OF ABBREVIATIONS

| ABBREVIATION | TERM |
|---|---|
| MASS | Defendants Jerry Moscovitch and MASS Engineered Design, Inc. (collectively) |
| Texas Dkt. | Docket in *MASS v. Ergotron et al.*, Civil Action No. 2:06 CV-272 LED (E.D. Tex.) |
| Flynn Decl. | Declaration of Gerald M. Flynn, Bretford Manufacturing, Inc. |

**INTRODUCTION**

MASS would have this Court believe that it sued Bretford first. It did not. It chose not to sue Bretford. It chose not to sue Bretford when it brought a case in Texas nearly two years ago against some of Bretford's customers. It chose not to sue Bretford when it identified Bretford products in its infringement contentions in that case over fourteen months ago. It chose not to sue Bretford when the deadline for adding parties in that case passed in February 2007. When a customer brought Bretford into the Texas case on a claim for indemnification last December, MASS still chose not to sue Bretford for infringement. Not until six weeks after Bretford brought this action in its home forum did MASS seek to assert any claim against Bretford in Texas. By then, the Texas case was over a year and a half old and nearly three-quarters of the way to its scheduled trial this November. MASS' claim that the action here "violates the first to file rule" is wrong. Even if MASS' argument had merit, the well-established rule requires that this case—the case involving the manufacturer of the accused products—proceed and that the Texas case against Bretford's customers be stayed as to Bretford's products.

**FACTUAL BACKGROUND**

In July 2006, Jerry Moscovitch and his company, MASS Engineered Design, a Canadian citizen and corporation respectively (collectively, "MASS"), brought suit in the Eastern District of Texas against several retailers and manufacturers for infringement of a patent on computer monitor stands. *MASS v. Ergotron et al.*, Civil Action No. 2:06 CV-272 LED (E.D. Tex.). MASS did not name Bretford. For almost two years, that case has moved forward without Bretford.

Over 14 months ago, on February 2, 2007, MASS served its preliminary infringement contentions in the Texas action. MASS identified for the first time in the case certain Bretford

products and contended that the sale of those products by some defendants infringed MASS' patent. *Plaintiffs' Preliminary Infringement Contentions (Literal) for Defendant CDW Corporation's Products,* pp. 42-47; *Plaintiffs' Preliminary Infringement (Equivalence) for Defendant CDW Corporation's Products*, pp. 42-47. That same day the deadline for adding new parties passed. *Amended Docket Control Order* [Texas Dkt. # 184, Jan. 2, 2008]. Even though MASS had identified Bretford products and asserted that they infringed its patent, MASS chose not to sue Bretford. As MASS would later concede, it wanted to keep Bretford out of the case. *MASS' Response to CDW's Motion to Extend Time*, [Texas Dkt. # 116, Oct. 17, 2007]. At that time and for more than three months thereafter, Bretford was unaware that its products were involved in the litigation. *Declaration of Gerald M. Flynn*, ¶ 6 ("*Flynn Decl.*").

The parties in Texas continued with discovery. By last October, according to MASS, "significant discovery ha[d] already occurred and … the parties ha[d] invested substantial efforts in both discovery and claim construction." *MASS' Response to CDW's Motion to Extend Time*, [Texas Dkt. # 116, Oct. 17, 2007], p. 3. The parties had briefed claim construction issues and the court held a claim construction hearing. Bretford was not a party and could not present its claim construction arguments.

By then, Bretford had become aware of the Texas litigation, but it was not defending any of the named defendants. Its sales to the named defendants were insignificant. Moreover, the deadline for adding parties had long since passed. Bretford would not be bound by any judgment in the case. It nevertheless shared its construction of the claims of MASS' patent with its customer CDW, a named defendant in the case. CDW disregarded Bretford's suggested claim construction, and the Texas court never heard or considered Bretford's claim construction arguments.

On November 30, 2007, almost nine months after the deadline for adding parties and the day after it conducted the claim construction hearing, the Texas court allowed CDW to bring a third-party indemnification claim against Bretford.  [Texas Dkt. #156, Nov. 30, 2007].  Bretford was brought into the case over MASS' objection.  *MASS' Response to CDW's Motion to Extend Time*, [Texas Dkt. # 116, Oct. 17, 2007], p. 2 (CDW "could easily have acted with reasonable diligence in requesting leave to file its third party complaint any time" in the eight months following service of MASS' preliminary infringement contentions).  Still, MASS chose not to assert any claim for infringement against Bretford.

In January of this year, Bretford took action to resolve MASS' still unasserted claims of infringement that threatened its business.  It filed this suit against MASS here in the Northern District of Illinois, where Bretford is located.  Bretford seeks a declaratory judgment of non-infringement and invalidity of U.S. Patent No. RE 36,978.  *Complaint*, [Dkt. # 1].  When Bretford filed this case, no other claims were pending between the parties.  This is the first filed case between Bretford and MASS.

Six weeks after Bretford served the Complaint, MASS changed its strategy and sought leave to add a claim of patent infringement against Bretford in the Texas action.  [Texas Dkt. # 265, Mar. 11, 2008].  Bretford opposed MASS' motion.  That motion remains pending.

Six days later, MASS moved to dismiss this case for lack of personal jurisdiction and "violation" of the first-to-file rule.  [Dkt. # 20].  With this Court's permission, Bretford served expedited jurisdictional discovery on MASS.  Rather than respond to Bretford's discovery, however, MASS conceded jurisdiction and filed an amended motion to dismiss or transfer based on a "violation of the first to file rule."  [Dkt. # 27].

3

**ARGUMENT**

I.  **BRETFORD IS ENTITLED TO A FAIR ADJUDICATION OF ITS RIGHTS.**

Bretford brought this declaratory judgment action to protect its business and to adjudicate MASS' unasserted claims of infringement against Bretford. Congress created declaratory judgment actions to provide a remedy for entities—like Bretford—that are threatened with litigation but not sued. "The Declaratory Judgment Act was intended to fix the problem that arises when the other side does not sue." *Sony Elecs., Inc. v. Guardian Media Techs., Ltd.*, 497 F.3d 1271, 1284 (Fed. Cir. 2007) (citing *Minn. Mining & Mfg. Co. v. Norton Co.*, 929 F.2d 670, 673 (Fed. Cir. 1991) ("In promulgating the Declaratory Judgment Act, Congress intended to prevent avoidable damages from being incurred by a person uncertain of his rights and threatened with damage by delayed adjudication")). See also *MedImmune, Inc. v. Genentech, Inc.*, 127 S.Ct. 764, 773 (2007) ("The dilemma posed by that coercion—putting the challenger to the choice between abandoning his rights or risking prosecution—is a dilemma that it was the very purpose of the Declaratory Judgment Act to ameliorate") (internal citations omitted); *Goodyear Tire & Rubber Co. v. Releasomers, Inc.*, 824 F.2d 953, 956 (Fed. Cir. 1987) ("The purpose of the Declaratory Judgment Act … in patent cases is to provide the allegedly infringing party relief from uncertainty and delay regarding its legal rights").

MASS chose not to sue Bretford despite suing Bretford's customers and alleging that Bretford's products infringed its patent. Even after Bretford was brought into the Texas case— over MASS' objection—on the indemnity claim of Bretford's customer, MASS still refused to assert its infringement claims directly against Bretford. But by then the Texas case was already too far along to permit Bretford a meaningful opportunity to defend MASS' infringement allegations even if they had been asserted. Bretford therefore sought a full and fair opportunity to adjudicate MASS' claims of infringement here. Congress enacted the Declaratory Judgment

4

Act for precisely Bretford's circumstance.

Despite MASS' heavy reliance on *Time Warner Cable, Inc. v. USA Video Tech. Corp.*, 520 F. Supp.2d 579 (D.Del. 2007) and assertion that the facts in that case "are nearly identical to those here," the relevant facts differ significantly. In that case, Time Warner Cable ("TWC") brought a declaratory judgment action in the District of Delaware two days after USA Video sued Time Warner, Inc. in Texas. USA Video promptly added TWC to its case in Texas. As MASS noted, the District of Delaware found it important that the "Texas litigation is moving forward **with TWC** as a defendant…." *Time Warner Cable, Inc. v. USA Video Tech. Corp.,* 520 F. Supp.2d at 587 (emphasis added). Unlike the situation in *Time Warner*, MASS' case in Texas already moved forward **without Bretford**. The judicial efficiencies relevant in *Time Warner* would not occur here since the court and parties in Texas would have to repeat much of what they have already done if Bretford is added there.

The other *Time Warner* case cited by MASS is likewise irrelevant. In *Time Warner Cable, Inc. v. GPNE Corp.*, 497 F. Supp.2d 584 (D.Del. 2007), TWC brought a different declaratory judgment action against GPNE in the District of Delaware two days after GPNE sued TWC's majority owner, Time Warner, Inc., for infringement in the Eastern District of Texas. TWC alleged "GPNE intends to include it as a defendant in the Texas litigation…." *Time Warner, Inc. v. GPNE Corp.,* 497 F. Supp.2d at 585. Bretford, however, brought this suit because MASS **did not include** it as a defendant in the Texas litigation but instead forced Bretford to the sidelines.

## II.    THIS IS THE FIRST SUIT BETWEEN MASS AND BRETFORD.

This is the first filed case between MASS and Bretford. It is precisely because MASS refused to adjudicate its infringement claims directly against Bretford that Bretford filed this action. In a further attempt to deprive Bretford of a fair opportunity to adjudicate MASS' claims

5

of infringement, MASS **then** did an about-face and sought leave in Texas to add a claim of infringement there against Bretford. This was not even a race to the courthouse. MASS did not seek leave to bring a claim against Bretford in Texas until March 11, 2008—more than six weeks after Bretford served MASS with this action.

### III.    UNDER THE CUSTOMER SUIT EXCEPTION, THIS LITIGATION SHOULD PROCEED.

MASS' lawsuit in Texas against Bretford's customers does not defeat Bretford's action here. Under the customer suit exception, litigation brought by a manufacturer, even if it is the second-filed suit, should proceed while the suit against the customer is stayed. 8 Donald S. Chisum, CHISUM ON PATENTS, § 21.02[4][c] (2006) ("A second-filed action may be given priority if the first action involves secondary parties, such as customers of the accused manufacturer, and the second action involves the primary parties to the patent dispute").

This is the manufacturer's suit. Bretford manufactures monitor mounts that MASS has accused of infringement. As the manufacturer, Bretford has "a greater interest in defending its actions against charges of patent infringement." *Whelen Techs., Inc. v. Mill Specialties, Inc.*, 741 F. Supp. 715, 715 (N.D. Ill. 1990) (granting motion to stay customer suit). In *Kucala Enters., Ltd. v. Auto Wax Co., Inc.*, No. 02 C 1403, 2002 WL 1586415 (N.D. Ill. July 18, 2002), the court denied a motion to transfer a manufacturer's declaratory judgment action to Texas where the defendant/patentee had sued the manufacturer's customers. The Court held that the manufacturer is the "primary party in interest opposing the infringement suit" and has a "direct interest in the litigation." *Kucala Enters.,* 2002 WL 1586415, at *4.

The Texas action should be stayed as it applies to Bretford products sold by Bretford customers. *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990) (affirming stay of suit between customer and patent owner in favor of suit between manufacturer and patent owner); *Ciena Corp. v. Nortel Networks, Inc.*, Case No. 2:05 CV 14, 2005 WL 1189881, at * 9

6

(E.D. Tex. May 19, 2005) ("The customer-suit exception allows a court to stay a first-filed suit against customers when the manufacturer brings a later-filed declaratory judgment action"). See also *Whelen Techs.,*, 741 F. Supp. at 715 ("In patent infringement actions, stays are appropriate where the first action is brought against the customer of an offending manufacturer and a subsequent action is brought involving the manufacturer itself").

MASS ignores the prejudice that Bretford will suffer if Bretford is forced to defend itself in the Texas action at the eleventh hour. The Texas action has proceeded without Bretford. Discovery has continued to proceed for many months without Bretford. **Six months ago** MASS sought to keep Bretford out of the Texas action because that action had already advanced significantly. *MASS' Response to CDW's Motion to Extend Time*, [Texas Dkt. # 116, Oct. 17, 2007], p. 3. Bretford did not participate in the inventor's deposition. Its non-infringement and invalidity contentions have not been considered. It could not participate in claim construction briefing or the Texas court's claim construction hearing. Those facts alone evidence a significant prejudice to Bretford. Moreover, fast approaching deadlines for expert reports, close of fact discovery, close of expert discovery, and trial multiply the prejudice to Bretford.

Judicial resources would not be conserved if the court in Texas must extend discovery and trial and re-do claim construction. It would be unjust to Bretford to do otherwise, particularly since Bretford's customers have so far not presented Bretford's claim construction arguments or otherwise defended Bretford's products, which are materially different from the other accused products, against MASS' claims of infringement.[1] The Texas court can proceed with the case as it applies to the non-Bretford products.

---

[1] The failure of Bretford's customers to defend Bretford's products against MASS' claims of infringement is perhaps not surprising. Bretford products made up no more than 3% of the sales of accused products of any defendant in the Texas action.

7

MASS makes much of the fact that Bretford's suit will not resolve the entire case in Texas. That's right. The Texas action brought by MASS involves numerous, different accused products from 8 other manufacturers. Without Bretford and its products at issue, that case would become less complicated. Adding Bretford at this late date and keeping its products amongst the different types of accused products will only complicate the Texas case.

MASS cannot dispute that this case will resolve all of its claims related to Bretford's products. If Bretford's products are found not to infringe MASS' patent, MASS' claims against Bretford's customers will be completely resolved. If MASS' patent is found invalid in this case, MASS' claims against Bretford's customers will be completely resolved. *Blonder-Tongue Labs., Inc. v. Univ. of Illinois Found.*, 402 U.S. 313, 350 (1971) (patentee is estopped from asserting its patent in subsequent suits after the patent was found invalid following a full and fair adjudication on the merits). MASS' reliance on *A.P.T., Inc. v. Quad Envtl. Techs. Corp., Inc.*, 698 F. Supp. 718 (N.D. Ill. 1988) is misplaced. In that case, the customers were the direct infringers, and the declaratory judgment plaintiff was only alleged to have contributed to the infringement. MASS is accusing Bretford of direct infringement.

MASS also makes much of Bretford's appearance in the Texas action to defend itself from CDW's third-party indemnification claim. That is a third-party dispute between CDW and Bretford regarding Bretford's indemnification obligations. Bretford denied CDW's claim, and MASS itself acknowledged that "issue is separate from the patent case . . . ." *MASS' Sur-Reply Regarding CDW's Motion for Leave to File Third Party Complaint*, [Texas Dkt. # 130, Nov. 1, 2007], p. 2.

Remarkably, MASS, which brought suit in the Eastern District of Texas where neither MASS nor any of the defendants have any particular connection, accuses Bretford of forum

8

shopping. Bretford is based, incorporated, and has its headquarters and manufacturing facility here where it brought suit. *Flynn Decl.*, ¶ 4. This District has a strong interest in this litigation. The Eastern District of Texas has no interest in this litigation. No witnesses are based in Texas. No documents are in Texas. MASS brought its case against national retailers in the Eastern District of Texas because the retailers apparently provided "a means to secure a convenient forum for the patentee." *Kucala Enters.*, 2002 WL 1586415, at *4 ("the forum shopping stone that [the defendant] casts at [the plaintiff] might also be cast at [the defendant]").

## IV. THIS CASE SHOULD NOT BE TRANSFERRED TO TEXAS.

Transfer is not appropriate here. Section 1404(a) permits a court to transfer a case if the transfer is for the convenience of the parties and the witnesses and in the interest of justice. *28 U.S.C. § 1404(a)*; *Pasulka v. Sykes*, 131 F. Supp.2d 988, 994 (N.D. Ill. 2001) (denying motion to transfer under § 1404(a)). Transferring the case to the Eastern District of Texas is neither more convenient for the parties nor in the interests of justice.

### A. The Eastern District of Texas Is Not a More Convenient Forum.

The Eastern District of Texas is not more convenient for the parties or witnesses. MASS cannot meet its burden of showing Texas is a "clearly more convenient forum." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986) ("The Movant … has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient"). Bretford is based here in the Northern District. Its headquarters are here. Its designers are here. Its only manufacturing facilities are here. Its showroom is here. Its witnesses are here. Its documents are here. *Flynn Decl.*, ¶ 4. As plaintiff, Bretford's chosen forum is "generally entitled to substantial deference, particularly where the chosen forum is the plaintiff's home forum." *Kucala Enters.*, 2002 WL 1586415, at *3.

9

MASS and Moscovitch, on the other hand, are both Canadian. MASS has no apparent connection to the Eastern District of Texas. MASS has no witnesses based in the Eastern District of Texas. It has no documents in the Eastern District of Texas. MASS is not a small company incapable of handling litigation in two different forums. Seventeen lawyers from around the United States have filed appearances on its behalf in litigation on the patent-in-suit.

All that can be said of the Texas court is that it is familiar with the patent. But rather than favoring transfer, that court's prior consideration of the patent-in-suit militates *against* transfer. *Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 739 (1st Cir. 1977) ("[I]t may be more difficult for the district judge to give, or to feel he is giving a new defendant a de novo, impartial consideration"); *Furmanite Am., Inc. v. Durango Assocs., Inc.*, 662 F. Supp. 348, 351 (E.D. Va. 1986) ("Since these parties are entitled to a de novo, impartial consideration, such prior judicial experience may actually be more a negative than a positive reason for transfer").

**B.     The Interests of Justice Favor Following the Customer Suit Exception.**

MASS' argument that transfer is in the interest of justice ignores the burden such a transfer would place on the court and the other parties in the Texas action and the prejudice to Bretford. The Texas action has proceeded for nearly two years without Bretford. The parties have conducted extensive discovery without Bretford. They briefed and argued claim construction without Bretford. The Texas court construed the claims without Bretford. All of that would need to be repeated. The plain facts defeat MASS' argument that transferring this case to Texas is in the interest of justice.

A transfer to Texas is not an efficient use of judicial resources. *Coffey*, 796 F.2d at 221 (noting that the "interests of justice" factor relates to the efficient functioning of the courts"). The court and the parties in the Texas case would need to re-do numerous tasks that have already been completed to cure the prejudice to Bretford. A transfer would require the Texas court to

10

extend fact discovery, consider Bretford's claim construction arguments and issue a new ruling, and extend expert discovery. Depositions would need to be re-taken. The trial—currently set for November—would inevitably be pushed back by several months — perhaps more depending on the court's schedule. Moreover, the case in Texas would be simpler without Bretford's products. *Kucala Enters.*, 2002 WL 1586415, at *4 ("it would likely be unwieldy to deal with two separately accused products against two independent defendant-sellers in one trial, which suggests a stay of the claims concerning [one party's] product might be more efficient in any event").

MASS could have sued Bretford in Texas when it filed that action more than two years ago. But it chose not to. It kept Bretford out of that case while it pursued claims of infringement against Bretford's customers. Bretford took action here to protect its business and its customers. It would be manifestly unjust to deprive Bretford of its right to fully and fairly litigate MASS' previously unasserted claims of infringement here and to force Bretford at the eleventh hour to defend those claims in Texas.

## CONCLUSION

For the foregoing reasons, Defendants' Amended Motion to Dismiss or Transfer should be denied.

Dated: April 14, 2008                                **BRETFORD MANUFACTURING, INC**.

                                                                */s/ Richard W. Young*
                                                Richard W. Young (IL Bar No. 6181557)
                                                Richard.Young@dbr.com
                                                David J. Moorhead (IL Bar No. 6280666)
                                                David.Moorhead@dbr.com
                                                DRINKER BIDDLE & REATH LLP
                                                191 N. Wacker Dr., Suite 3700
                                                Chicago, IL  60606-1691
                                                (312) 569-1000
                                                *Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that, on **April 14, 2008** a copy of:

- *Bretford's Opposition to Defendants' Amended Motion to Dismiss*

was served by ECF upon the following counsel of record:

> Sanjay Murthy
> Robert M. Barrett
> Bell Boyd & Lloyd LLP
> 70 W. Madison St., Suite 3100
> Chicago, IL 60602
> (312) 372-1121
> (312) 827-8000 (fax)

>                  */s/ Richard W. Young*
> Richard W. Young (IL Bar No. 6181557)
> Richard.Young@dbr.com
> David J. Moorhead (IL Bar No. 6280666)
> David.Moorhead@dbr.com
> DRINKER BIDDLE & REATH LLP
> 191 N. Wacker Dr., Suite 3700
> Chicago, IL  60606-1691
> (312) 569-1000
> (312) 569-3000 (fax)
>
> *Counsel for Plaintiff*
> *Bretford Manufacturing, Inc.*

CH02/ 22518770