**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BRETFORD MANUFACTURING, INC., ) | |
| ) | |
| Plaintiff, ) | Case No. 08 C 486 |
| ) | |
| and ) | Judge James B. Moran |
| ) | |
| MASS ENGINEERED DESIGN, INC., and ) | Magistrate Judge Maria Valdez |
| JERRY MOSCOVITCH, ) | |
| ) | Jury Trial Demanded |
| Defendants. ) | |

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT
OF THEIR AMENDED MOTION TO DISMISS FOR VIOLATION OF
THE FIRST-TO-FILE RULE, OR ALTERNATIVELY, TO TRANSFER**

Robert M. Barrett
rbarrett@bellboyd.com
Sanjay K. Murthy
smurthy@bellboyd.com
BELL, BOYD & LLOYD LLP
70 West Madison Street, Suite 3100
Chicago, Illinois 60602
Phone: (312) 372-1121
Fax: (312) 827-8000

Attorneys for Defendants

TABLE OF CONTENTS

Page

I. THE TEXAS ACTION IS THE FIRST-FILED ACTION ............................................... 2

II. THE CUSTOMER SUIT EXCEPTION DOES NOT APPLY ........................................... 4

    A. Bretford's Manufacturer's Suit Was Not Promptly Filed ......................................... 4

    B. Bretford's Manufacturer's Suit Will Not Resolve All Issues Between The Parties .................................................................................................................. 5

III. ANY ALLEGED PREJUDICE IS OF BRETFORD'S OWN MAKING, BUT EVEN SO IT COULD BE EASILY CURED ................................................................. 7

IV. IN THE ALTERNATIVE, THIS CASE SHOULD BE TRANSFERRED TO THE EASTERN DISTRICT OF TEXAS ............................................................................... 9

V. CONCLUSION ................................................................................................................ 11

TABLE OF AUTHORITIES

Page(s)

**Cases**

*A.P.T., Inc. v. Quad Envt'l Tech. Corp.*
   698 F. Supp. 718, 721 (N.D. Ill. 1988) ................................................................................. 5

*Alloc, Inc. v. Unilin Décor N.V.*
   2005 WL 3448060 (W.D. Wis. Dec. 15, 2005) ................................................................. 5, 6

*Applexion S.A. v. Amalgamated Sugar Co.*
   1995 WL 404843 (N.D. Ill. July 7, 1995) ............................................................................. 4

*Asset Allocation & Mgmt. Co. v. W. Employers Ins. Co.*
   892 F. 2d 566 (7th Cir. 1989) ................................................................................................ 4

*Christianson v. Colt Indus.*
   486 U.S. 800, 812 (1988) .................................................................................................... 11

*Codex Corp. v. Milgo Elec. Corp.*
   553 F. 2d 735 (1st Cir. 1977) ................................................................................................ 5

*DataTreasury Corp. v. First Data Corp.*
   243 F. Supp. 2d 591 (N.D. Tex. 2003) ............................................................................... 10

*Denstply Int'l, Inc. v. Kerr Mfg. Co.*
   734 F. Supp. 656 (D. Del. 1990) ........................................................................................... 6

*Graco Children's Prod., Inc. v. Kohus*
   1998 U.S. Dist. LEXIS 4289 (E.D. Pa. Apr. 2, 1998) .......................................................... 7

*Holley Performance Prod., Inc. v. Barry Grant, Inc.*
   No. 04-c-5758, 2004 U.S. Dist. LEXIS 25892 (N.D. Ill. Dec. 20, 2004) ............................ 10

*Kahn v. Gen. Motors Corp.*
   889 F. 2d 1078 (Fed. Cir. 1989) ........................................................................................... 3

*Kucala Enters., Ltd. v. Auto Wax Co., Inc.*
   2002 WL 1586415 (N.D. Ill. Jul. 18, 2002) ......................................................................... 5

*League of United Latin Am. Citizens v. Clements*
   884 F.2d 185 (5th Cir. 1989) ................................................................................................. 7

*Markman v. Westview Instruments*
   517 U.S. 370 (1996) .................................................................................................... 10

*Microsoft Corp. v. Commonwealth Scientific and Indus. Research Org.*
   2007 WL 4376104 (E.D. Tex. Dec. 13, 2007) ..................................................... 5, 6

*Reid v. Gen. Motors Corp.*
   240 F.R.D. 257 (E.D. Tex. 2006) ................................................................................ 7

*Shire U.S., Inc. v. Johnson Matthey, Inc.*,
   2008 WL 399333 (E.D. Pa. Feb. 14, 2008) ................................................................. 3

*Tegic Commc'ns Corp. v. Board of Regents of the University of Texas*
   458 F.3d 1335 (Fed. Cir. 2006) ................................................................................... 6

*Time Warner Cable, Inc., v. GPNE Corp.*
   497 F. Supp. 2d 584 (D. Del. 2007) ............................................................................ 3

*Time Warner Cable, Inc., v. USA Video Tech. Corp.*
   520 F. Supp. 2d 579 (D. Del. 2007) ............................................................................ 3

*Vanguard Prods. Group, Inc. v. Protex Int'l Corp.*
   No. 05-6310 2006 WL 695700 (N.D. Ill. Mar. 14, 2006) ........................................... 3

**Statutes**

28 U.S.C. § 1404(a) ............................................................................................................ 9

Bretford's opposition concedes all of the facts necessary to warrant dismissal or transfer of this action.

*First,* Bretford concedes that the Texas Action involves the same patent, the same accused infringing products, the same parties, and it was filed before this declaratory judgment complaint.[1]

*Second*, Bretford **admits** that it has been on notice since at least **May 2007** that the products it manufactured were at issue in the Texas Action. What Bretford does not do—anywhere in its opposition—is explain why it did nothing about those infringement allegations until January 2008. The facts show that Bretford was happy sitting on the sidelines and letting CDW defend this case for months without objection. Bretford's long period of inaction belie its newly-invented claim that this declaratory judgment action is critical to "protecting its business."

*Third*, Bretford's cries of prejudice in having to defend itself in the Texas Action ring particularly hollow. As noted above, Bretford admits that it knew about that case for almost a year and even concedes that it was provided with pleadings and other materials. Despite being armed with that knowledge, Bretford *affirmatively* chose not to participate. Bretford could have sought to intervene in the Texas Action or filed a declaratory judgment action months ago—it did not. Thus, any prejudice Bretford claims now is clearly of its own making.

Finally, Bretford misses the point when it exhaustively details how it "was not sued." Regardless of whether it was a "named" defendant, MASS and Moscovitch were actively enforcing their patent rights and accusing **Bretford's products** of infringement. Once Bretford

---

[1] The "Texas Action" refers to the lawsuit filed by MASS and Moscovitch in 2006 currently pending in the U.S. District Court for the Eastern District of Texas, Civil Action No. 2:06-CV-272. Unless otherwise noted, all Exhibits refer to those attached to Defendants' Memorandum of Law in Support of Their Amended Motion to Dismiss for Violation of the First-To-File Rule, or Alternatively, to Transfer ("Memo").

1

became aware of those allegations, it was Bretford's contractual obligation to protect its customer and/or defend its products from those allegations—not MASS' and Moscovitch's obligation to drag Bretford into the case. Indeed, that is precisely why a "customer suit" exception to the first-to-file rule exists. However, Bretford chose to do nothing to defend its products. Bretford failed to intervene in the Texas Action back in May 2007, and it did not file a declaratory judgment action until long *after* it was already a party to the Texas Action.

The first-to-file rule, as applied in patent cases, turns on which court first obtains possession of the subject of the dispute (*i.e.,* the patent and accused products), not the parties to the dispute. Here, Bretford cannot contest that the Texas Action involves the *same patent* and the *same accused infringing products* refuting any notion that priority should be given to this eleventh-hour declaratory judgment action.

I.  **THE TEXAS ACTION IS THE FIRST FILED ACTION.**

Bretford half-heartedly disputes that the Texas Action should be considered the first-filed—devoting less than a paragraph to this contention. (Bretford's Opposition) ("Opp." at 5-6). Bretford's entire argument rests upon the legally incorrect premise that the first-to-file rule does not apply unless the same parties are involved. (*Id.*) Notably, Bretford's opposition fails to cite *any* authority—not a single case—supporting its interpretation of the first-to-file rule. (*Id.*)

As MASS and Moscovitch pointed out in their opening brief, the first-to-file rule turns on which court first obtains possession of the subject matter of the dispute, not the parties of the dispute. (Memo at 9-7) Indeed, courts have universally rejected Bretford's "strict identity" argument:

> ***Regarding the instant question, courts within and outside this Circuit have found no requirement that the parties in the concurrent actions be the same in order for the first-to-file rule to apply.***

2

*Shire U.S., Inc. v. Johnson Matthey, Inc.*, 2008 WL 399333, at *3 (E.D. Pa. Feb. 14, 2008) (rejecting argument that first-to-file rule in patent cases requires identical parties *citing* decisions of the Second, and Third Circuits and other district courts) (emphasis added); *Vanguard Prods. Group, Inc. v. Protex Int'l Corp.*, No. 05-6310 2006 WL 695700, at *3-5 (N.D. Ill. Mar. 14, 2006) (Darrah, J.) ("The first-to-file rule is a discretionary doctrine that provides if actions involving **nearly identical parties** and issues have been filed in two different courts, the court in which the first suit was filed should generally proceed to judgment.") (emphasis added).² Even Bretford admits the Texas Action involves the same patent and same accused products, and thus, the Texas Action irrefutably qualifies as the first-filed action.

Moreover, both the Seventh Circuit and Federal Circuit apply a strong presumption that the first-filed case should be allowed to proceed and the second should be enjoined—a presumption that can only be rebutted in special circumstances. *See Kahn v. Gen. Motors Corp.*, 889 F. 2d 1078, 1081 (Fed. Cir. 1989) (finding abuse of discretion when district court stayed first-filed matter in favor of second-filed manufacturer suit); *Vanguard*, 2006 WL, 695700 at *2 ("The Federal Circuit has strongly endorsed the first-to-file doctrine.").

Circumstances sufficient to rebut the presumption include: (1) the inability of the defendant to obtain jurisdiction over one of the counterclaim defendants in the first-filed suit; (2) the trivial nature of the original suit compared to the latter one; (3) a showing that the first action was filed in bad faith; (4) a showing that the plaintiff in the first-filed action raced to the

---

[2] *See also Versus Tech., Inc., v. Hillenbrand Indus., Inc.*, No. 04-168 2004 WL 3457629, at *5 (W.D. Mich. Nov. 23, 2004) (stating in patent matter that complete identity of parties is not required for first-to-file rule to apply); *Time Warner Cable, Inc., v. USA Video Tech. Corp.*, 520 F. Supp. 2d 579, 585 (D. Del. 2007) (applying the first-to-file rule to action involving the same subject matter, "not necessarily the same parties"); *Time Warner Cable, Inc., v. GPNE Corp.*, 497 F. Supp. 2d 584, 588-89 (D. Del. 2007) (same).

3

courthouse to avoid litigating in another forum; or (5) a showing that the second action has developed further than the first. *Applexion S.A. v. Amalgamated Sugar Co.*, 1995 WL 404843, at *2 (N.D. Ill. July 7, 1995) (Conlon, J.). **None** of those circumstances is present here, and Bretford does not even try to suggest otherwise.

Finally, a district court should not sanction the simultaneous litigation of essentially identical claims in two federal courts. *See, e.g., Asset Allocation & Mgmt. Co. v. W. Employers Ins. Co.*, 892 F. 2d 566, 573 (7th Cir. 1989). Thus, as the second-filed matter, involving the exact same patent, parties, and accused products, this declaratory judgment action should be dismissed.

## II.　THE CUSTOMER SUIT EXCEPTION DOES NOT APPLY.

Recognizing that it has no legitimate claim that its declaratory judgment complaint is the "first-filed" action, Bretford's devotes almost its entire opposition to its back-up argument—that the "customer suit" exception to the first-to-file rule applies. (Opp. 6-9, 10.) Bretford's reliance upon this doctrine, which was created to protect customers, is remarkable since Bretford **knew** its customer CDW was being sued in Texas and **refused** to come to its defense or participate. Regardless, for a number of reasons, the customer suit exception does not apply.

### A.　Bretford's Manufacturer's Suit Was Not Promptly Filed And It Is A Party In Texas.

For the customer suit exception to apply, the manufacturer's declaratory judgment action must be "promptly" filed after the customer action in a place where the "manufacturer could not be sued":

> In these circumstances, while we do not say that there should be an inflexible rule, we would recognize a rebuttable presumption that a manufacturer's declaratory judgment action, in its home forum, ***at least if brought no later than promptly after a customer action***, should take precedence over a mere customer action ***in a***

4

*jurisdiction to which the manufacturer could not be sued.*

*Codex Corp. v. Milgo Elec. Corp.*, 553 F. 2d 735, 738 (1st Cir. 1977) (emphasis added).

Bretford filed its declaratory judgment action over a ***year and half*** after the Texas Action and by its own admission ***nine months*** after it became aware of the Texas Action. (*See* Flynn Decl. ¶ 6.) Under no circumstances is a nine month delay "prompt," and Bretford offers no explanation for this gap. Also, the Court in Texas is not a venue where Bretford "could not be sued" as evidenced by the fact that Bretford has admitted both jurisdiction and venue in the Texas Action. (Exhibit G ¶¶ 14, 17).

### B. Bretford's Manufacturer's Suit Will Not Resolve All Issues Between The Parties.

Bretford also fails to recognize that the "customer suit" exception does not apply unless the manufacturer's suit will resolve ***all*** issues against the parties. *See Microsoft Corp. v. Commonwealth Scientific and Indus. Research Org.*, 2007 WL 4376104, at *2 (E.D. Tex. Dec. 13, 2007); *Alloc, Inc. v. Unilin Décor N.V.*, 2005 WL 3448060, at *3 (W.D. Wis. Dec. 15, 2005). As this Court explained in *A.P.T., Inc. v. Quad Envt'l Tech. Corp., Inc.*: "[W]here the patentee has a separate interest in litigating against the customer, the 'real party in interest' rationale for giving priority to the manufacturer's lawsuit is inapplicable. In these situations courts do not apply the customer suit exception." 698 F. Supp. 718, 721 (N.D. Ill. 1988) (Moran, J.).[3] Here, Dell, Tech Data, and CDW sell other accused infringing products in addition to products manufactured by Bretford. Those customers are also accused of contributory infringement and

---

[3] Bretford's heavy reliance upon *Kucala Enters., Ltd. v. Auto Wax Co., Inc.* is totally misplaced. 2002 WL 1586415 (N.D. Ill. Jul. 18, 2002) (Lefkow, J.). The *Kucala* case is easily distinguishable for the following reasons: (1) there was a question of whether the declaratory judgment plaintiff was subject to personal jurisdiction in Texas; (2) the other litigation in Texas was already resolved or near settlement; and (3) the court in Texas had indicated its willingness to defer to the Court in Illinois.

5

inducement—in addition to literal infringement—and trial is proceeding against those defendants in November 2008. (Exhibit A, Complaint in Civil Action No. 2:06 CV-272, ¶ 9-12.) Thus, Bretford's suggestion that "MASS' claims against Bretford's customers will be completely resolved" by the present action is untrue, and its attempt to distinguish this Court's holding in *A.P.T.* flawed. (Opp. 8.)

Moreover, the customer suit exception is also not applicable where "all relevant parties are joined in the same suit in the same jurisdiction." *Alloc*, 2005 WL 3448060, at *5. Here, of course, all parties (*e.g.,* CDW, Tech Data, Dell, and Bretford) are already in front of the court in Texas, and they have all consented to jurisdiction and venue. Finally, "'[t]he guiding principles in the customer suit exception cases are efficiency and judicial economy.'" *Microsoft*, 2007 WL 4376104, at *3 (quoting *Tegic Commc'ns Corp. v. Board of Regents of the University of Texas* 458 F. 3d 1335, 1343 (Fed. Cir. 2006)). "[E]fficiency and judicial economy" strongly counsel for keeping all the accused devices in the Texas Action, where discovery is proceeding, the court has already spent significant time and resources issuing a *Markman* ruling, and a trial date is already set for November 2008. As the district court found in *Microsoft*, "[s]itting on the sidelines . . . does not promote efficiency or judicial economy." *Id.* Bretford has in fact "sat on the sidelines," instead of honoring its contractual obligations to defend its customers.[4] (Exhibit D ¶¶ 85-89.)

---

[4] Bretford's suggestion that the Texas Action be "stayed" in favor of this action is untenable. The case in Texas has proceeded for almost two years now, a trial date is set, and Bretford has been a party to the Texas Action since November 2007. Bretford cites to **no** authority that an eleventh-hour declaratory judgment action can trump a nearly two-year old case. As one district court observed in rejecting an untimely stay request: "a rigid application of the 'customer suit' rule in this case would give the Court's imprimatur to the delay of Centrix in bringing its 'manufacturer's action'" *Denstply Int'l, Inc. v. Kerr Mfg. Co.*, 734 F. Supp. 656, 660 (D. Del. 1990) (rejecting stay request based on customer suit exception lawsuit because of a five month delay). By its own admission Bretford has waited nearly *twice* as long.

Ironically, after "opting out" of the Texas Action, Bretford now seeks to incorrectly invoke a rule created to protect customers. However, when "a manufacturer could have raised the same issues and defended its customers in the first litigation but *opted out*, its entitlement to the benefit from that exception is considerably lessened." *Graco Children's Prod., Inc. v. Kohus*, 1998 U.S. Dist. LEXIS 4289, *10 (E.D. Pa. Apr. 2, 1998) (emphasis added).

### III. ANY ALLEGED PREJUDICE IS OF BRETFORD'S OWN MAKING, BUT EVEN SO IT COULD BE EASILY CURED

As CDW's counsel informed Judge Davis, Bretford knew about the Texas Action many months ago and chose to sit on the sidelines:

> [W]e have been in contact with them [Bretford] as I said from the moment that we were first informed that their products were accused of infringement. We have kept them apprised of all of the developments in the case. We have afforded pleadings to them as they have come in. They have been on notice of this *Markman* Hearing.

(Exhibit E, Nov. 29, 2007 Hearing Tr. 5:5-12, 8:1-10.)

Bretford admits that it has known about the Texas Action since at least May 2007—before any depositions had occurred and well before the *Markman* Hearing. (Flynn Decl. of ¶ 6.) Notably, the Eastern District of Texas readily grants permissive joinder where there are common questions of law or fact. *See, e.g., League of United Latin Am. Citizens v. Clements*, 884 F. 2d 185, 189, n.2 (5th Cir. 1989); *Reid v. Gen. Motors Corp.*, 240 F.R.D. 257, 260 (E.D. Tex. 2006). Bretford could have intervened in the Texas Action in May, July, August, November, or any time in between, or filed a declaratory judgment action as soon as it became aware of these infringement allegations—it did none of those things.

As MASS and Moscovitch predicted, Bretford relies heavily upon the fact that they originally opposed CDW's request to file its Third Party Complaint adding Bretford to the Texas

7

Action. This argument is misleading. Bretford fails to advise this Court that CDW was attempting to add *sixteen* additional defendants to the Texas Action—not just Bretford.[5] Moreover, whether MASS opposed the request is irrelevant to (1) the current state of the Texas Action where Bretford is now a party; (2) the products MASS accused of infringement; and (3) Bretford's knowledge that its products were accused of infringement and its refusal to join to case or defend its customers.

Moreover, CDW attempted to add Bretford to the Texas Action in September 2007, and the Court in Texas officially added them in November 2007—one year before the current trial date in the Texas Action. Bretford claims it will be unable to defend itself at the "eleventh hour." (Opp. 11.) Yet remarkably Bretford has proposed a schedule in this case to have a deadline for dispositive motions one year from its filing. (*See* Exhibit 1 at 3-4.) Bretford's claim that it can effectively prepare for trial in this Court in about one year refutes any claim of prejudice in having to proceed in Texas under a similar schedule. (*See* Exhibit 2, Docket Control Order.)

Nevertheless, to the extent that any prejudice does exist, MASS and Moscovitch have informed the Court in Texas that they are agreeable to work on a revised scheduling order to work out any concerns of Bretford. (Exhibit 3, Mass Engineered Design, Inc. and Jerry Moscovitch's Reply to Bretford and CSAV's Response on Motion for Leave to Add Cross Claims at 5.) Judge Davis has likewise indicated his willingness to accommodate Bretford's scheduling concerns:

> [A]t least get them in the case and then we will have a status conference with them after they are in and see what their position is. And if they -- and the Court will decide then whether -- well, they will decide first if they can live with the scheduling order as it

---

[5] All but two of those additional defendants have now settled with MASS and Moscovitch.

8

>is. And if they can't, then I can either hold them to it or sever them out and put them on a separate track and not disturb this trial setting.

(Exhibit E, Nov. 29, 2007 Hearing Tr. 8:25-9:7).

Thus, Bretford's complaints about prejudice from "fast approaching deadlines" and due dates for expert reports are easily addressed.

### IV.     IN THE ALTERNATIVE, THIS CASE SHOULD BE TRANSFERRED TO THE EASTERN DISTRICT OF TEXAS.

Under 28 U.S.C. § 1404(a), a district court may transfer an action "[f]or the convenience of parties and witnesses, [and] in the interest of justice." Bretford's entire discussion on the "interests of justice" relates to its faulty argument that the customer suit exception applies. For the reasons discussed above, it clearly does not.

Bretford also provides an extensive discussion on why it would be more convenient for Bretford to resolve this dispute in Illinois rather than in Texas. (Opp. 9-10.) However, Bretford's discussion fails to address three critical points: the inconvenience of duplicative litigation, the potential for conflicting judgments, and the waste of judicial resources.

The question before this Court is not which jurisdiction this dispute will be resolved in, for the Texas Action will proceed whether Bretford's Declaratory Judgment action is transferred. The only question here is whether a second, duplicative action should proceed in Illinois while a first action on the same issues proceeds in Texas. Bretford does not and cannot provide a single reason why duplicative litigations would not inconvenience the parties and witnesses involved. MASS, Moscovitch, and Bretford are all parties to the pre-existing Texas Action and will remain so regardless of the outcome of this motion. If this action proceeds in Illinois, the parties would need to put forth witnesses in both jurisdictions to testify on the same issues and to produce the same documents.

9

Bretford also fails to address the tremendous waste of judicial resources and the potential for conflicting judgments that arise from duplicative litigations. Beyond the duplication of effort, continuing with this action would create conflicting rulings. Both courts will be construing the '978 Patent, addressing both the infringement of the same accused products and the patent's validity, raising the distinct possibility of conflicting rulings on the same questions of law and fact. Indeed, as this Court has previously found, that is exactly why a case like this should be transferred:

> This is precisely the type of duplicative litigation that warrants transfer to ensure efficient functioning of federal courts. It will be a significant waste of judicial economies for two separate courts to adjudicate issues regarding the same patent. There is great risk that consideration of the same patent by two separate federal courts will create inconsistent results, particularly with regard to claim construction rulings.

*Holley Performance Prod, Inc. v. Barry Grant, Inc.*, No. 04-c-5758, 2004 U.S. Dist. LEXIS 25892, at *21-22 (N.D. Ill. Dec. 20, 2004) (Conlon, J.); *DataTreasury Corp. v. First Data Corp.*, 243 F. Supp. 2d 591, 596 (N.D. Tex. 2003) ("Having two different courts interpret the same patent claims would risk inconsistent claim construction rulings which, in turn, would promote uncertainty and impede the administration of justice. This untenable prospect favors resolving related patent cases in the same forum whenever possible.").

The two cases Bretford cites for the novel proposition that the Texas Court's familiarity with the issues in this case actually warrant against transfer were both decided before *Markman v. Westview Instruments* which held that claim construction is a matter of law for the courts to decide. 517 U.S. 370 (1996). Bretford is requesting a *Markman* hearing in this case in August 2008. (Exhibit 1 at 5). Not surprisingly, Bretford fails to cite **any** Federal Circuit or district court authority sanctioning the practice of having two different Federal Courts engaging in

10

nearly concurrent *Markman* proceedings on the same patent. As the Supreme Court noted in *Christianson v. Colt Indus. Operating Corp.*, one of Congress' objectives in creating the Federal Circuit was "to reduce the widespread lack of uniformity and uncertainty of legal doctrine that exist[ed] in the administration of patent law." 486 U.S. 800, 812 (1988) (citation omitted). If accepted, Bretford's proposed course of action to have "dueling" *Markman* proceedings would not only waste judicial resources, it would create havoc in both cases and the patent system.

## V.    CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss should be granted. In the alternative, this action should be transferred to the Eastern District of Texas.

Dated:  April 21, 2008                                              Respectfully submitted,

                                                                                By:  s/Sanjay K. Murthy_____
                                                                                    Robert M. Barrett
                                                                                    rbarrett@bellboyd.com
                                                                                    Sanjay K. Murthy
                                                                                    smurthy@bellboyd.com
                                                                                    BELL, BOYD & LLOYD LLP
                                                                                    70 West Madison Street, Suite 3100
                                                                                    Chicago, Illinois 60602
                                                                                    Phone:  (312) 372-1121
                                                                                    Fax:  (312) 827-8000

                                                                                    Attorneys for Defendants

## CERTIFICATE OF ELECTRONIC SERVICE

I, Sanjay K. Murthy, hereby certify that on April 21, 2008, I electronically filed the foregoing **DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR AMENDED MOTION TO DISMISS FOR VIOLATION OF THE FIRST-TO-FILE RULE, OR ALTERNATIVELY, TO TRANSFER** with the Clerk of the Court for the Northern District of Illinois using the ECF System which will send notification to the following registered participants of the ECF System as listed on the Court's Notice of Electronic Filing:

>  Richard W. Young
>  David J. Moorhead
>  DRINKER BIDDLE & REATH LLP
>  191 N. Wacker Dr., Suite 3700
>  Chicago, IL 60606-1691

/s/ Sanjay K. Murthy