**EXHIBIT 1**

**DrinkerBiddle&Reath**
L L P

David J. Moorhead
(312) 569-1483 Direct
(312) 569-3483 Fax
David.Moorhead@dbr.com

Law Offices

191 North Wacker Drive
Suite 3700
Chicago, IL
60606-1698

312-569-1000 phone
312-569-3000 fax
www.drinkerbiddle.com

CALIFORNIA
DELAWARE
ILLINOIS
NEW JERSEY
NEW YORK
PENNSYLVANIA
WASHINGTON DC
WISCONSIN

Established 1849

April 3, 2008

**By Email**

Sanjay K. Murthy
Bell Boyd & Lloyd LLP
70 West Madison, Suite 3100
Chicago, IL 60602-4207
smurthy@bellboyd.com

    Re:    *Bretford Mfg. v. Mass Engineered et al.*
               **Civil Action No. 08 C 486 (N.D. Ill.)**

Dear Mr. Murthy:

This summarizes our telephonic Rule 26(f) conference, which we held at 11:00 a.m. today. I participated on behalf of Bretford, and you and Brian Arnold participated on behalf of the defendants.

I opened the conversation by generally explaining that Bretford claims its products do not infringe U.S. Patent No. RE 36,978 and that the '978 Patent is invalid. You explained that the defendants have not answered and therefore do not know the nature or basis of any claims or defenses that they may assert.

We briefly discussed settlement possibilities. I expressed Bretford's willingness to consider your client's proposals, and you indicated that you would confer with your client whether any settlement possibilities exist. We both acknowledged that previous efforts were not productive.

With regard to the time for initial disclosures, I suggested that the parties adhere to Rule 26(a)(1)(C) and exchange initial disclosures by April 17, 14 days after this Rule 26(f) conference. You were unwilling to agree to follow the Rule 26(a)(1)(C) and stated that the defendants would not serve their initial disclosures until 10 days after the Court denies their pending motion. You could provide no support for your position. As I stated, Bretford will comply with the Federal Rules and expects the defendants to do the same.

We agreed that we do not anticipate any issue with regard to the preservation of discovery materials.

We then focused our discussions on a discovery plan for the case under Rule 26(f)(3). I indicated that Bretford does not believe that any modification to the scope, form, or

DrinkerBiddle&Reath LLP

Sanjay K. Murthy
April 3, 2008
Page 2

requirements for the initial disclosures required under Rule 26(a) is necessary. You reiterated your position that the defendants will not make their initial disclosures until 10 days after the pending motion is denied. I reiterated that your position is in conflict with the Federal Rules.

When we discussed the subjects on which discovery may be needed, I indicated that Bretford intends to take discovery on at least the defendants' rights under the '978 Patent and the invalidity, unenforceability, and non-infringement of the '978 Patent. You initially indicated that you did not know what topics the defendants would need discovery on because they have not answered. You subsequently indicated that the defendants will need discovery on at least Bretford's claims.

We discussed discovery regarding electronically stored information, and I proposed that the parties produce the materials in TIFF format, but that a party may request a document in native format upon a showing of information needed or expected to be discovered from each such material. You indicated that this was an agreeable approach.

With regard to claims of privilege, I proposed that the parties agree to produce privilege logs within two weeks of producing documents in response to a discovery request. You indicated that the parties could likely reach an agreement on this issue, but that you needed to confirm with the defendants' other counsel. I expressed our flexibility on this issue.

I further proposed that the parties agree not to schedule documents created on or after January 22, 2008 (the date of filing of this case) on the privilege log. You acknowledged that is standard practice but again indicated a need to consult with the defendants' other counsel in light of other litigation.

We agreed to make no changes to the number of discovery requests permitted under the Federal Rules.

We agreed that a protective order is necessary. I indicated that Bretford wants to agree as to its terms in advance of the defendants' discovery responses. I offered to take the lead on preparing a protective order.

With regard to the schedule for the case, I opened our discussion by stating that discovery had already commenced. You disagreed and indicated that the discovery that Bretford served on April 3, 2008 was not proper. I noted that at this morning's hearing Judge Moran again instructed the parties to proceed with discovery. Judge Moran denied your repeated requests to postpone the time for the defendants' responses. He unequivocally instructed the parties to proceed with discovery since the case is going forward either here or in Texas.

**DrinkerBiddle&Reath** LLP

Sanjay K. Murthy
April 3, 2008
Page 3

Judge Moran did suggest that the parties confer regarding any concerns that you have regarding the scope of the pending discovery. You and Mr. Arnold instead suggested that Judge Moran instructed the parties to discuss whether the defendants have an obligation to respond to the discovery. He did no such thing.

I explained that we were willing to discuss your concerns with the scope of the pending discovery. You at first told me that you have 30 days to provide your objections and had no obligation to disclose them at this time. When I reminded you that Judge Moran instructed the parties to confer regarding your concerns with the scope of discovery, you then told me that you had just received the discovery and had not had an opportunity to review it carefully. I reminded you that you argued this morning before the Court that the discovery was overbroad. I asked you to identify the basis for the concerns that you expressed to the Court. You suggested as an example that the discovery regarding damages is improper. I advised you that I would take that under consideration and respond promptly. After consideration, Bretford will withdraw its discovery requests regarding damages if the defendants will forgo any claim of damages in this litigation. If not, we believe that the discovery regarding damages is proper.

I concluded this part of our conversation by reiterating that Bretford expects the defendants to comply with their obligations in this litigation, including timely, complete written responses and production to the pending discovery.

We then returned to our discussions about the schedule for the case overall. You proposed claim construction briefing and hearing during the summer of 2009. I proposed that the summer of 2008 was more appropriate. We agreed to disagree.

As a result, our discussion of the rest of the schedule was not productive. I agreed to provide you with our proposed schedule. We are willing to work with you on any of these dates.

| Event | Date |
|---|---|
| Plaintiff's Response to Motion to Dismiss Due | April 14, 2008 |
| Deadline for Rule 26(a) Disclosures | April 17, 2008 |
| Defendants' Reply in Support of Motion to Dismiss Due | April 21, 2008 |
| Rule 16 Conference | April 23, 2008 |
| Disclosure of Asserted Claims and Infringement Contentions | May 2, 2008 |
| Disclosure of Invalidity Contentions | June 6, 2008 |
| Exchange of Contested Terms | June 6, 2008 |
| Simultaneous Opening Markman briefs | July 2, 2008 |
| Simultaneous Responsive Markman briefs | July 25, 2008 |
| Markman Hearing | August 2008 |

DrinkerBiddle&Reath

Sanjay K. Murthy
April 3, 2008
Page 4

| Amended Infringement Contentions | 14 days after *Markman* ruling |
|---|---|
| Amended Invalidity Contentions | 28 days after *Markman* ruling |
| Close of Fact Discovery | September 12, 2008 |
| Principal Expert Reports Due | October 13, 2008 |
| Rebuttal Expert Reports Due | November 13, 2008 |
| Close of Expert Discovery | December 19, 2008 |
| Deadline for Dispositive Motions | January 30, 2009 |

Finally, we discussed whether a written report of this conference is required under the Local Rules in the Northern District of Illinois. Local Rule 26.1 states that a written report outlining our discovery plan is not required.

I look forward to receiving your follow up on the privilege log issues and your proposed schedule. We are preparing a protective order and will circulate it shortly.

Although we have disagreements at this stage, we look forward to developing a good working relationship with you on this case. We remain available to discuss any concerns that you may have about Bretford's discovery requests. If I misunderstood any of your positions during our Rule 26(f) conference, please let me know.

Very truly yours,

David J. Moorhead

CH02/ 22518663.1