**EXHIBIT 3**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MASS ENGINEERED DESIGN, INC. And JERRY MOSCOVITCH<br><br>   Plaintiffs,<br>   Counter-defendants,<br>   Cross-claimants<br><br>vs.<br><br>ERGOTRON, INC., DELL INC., DELL MARKETING L.P., and TECH DATA CORPORATION<br><br>   Defendants,<br>   Counterclaimants,<br><br>and<br><br>CDW CORPORATION,<br><br>   Counterclaimant and<br>   Third-Party Plaintiff<br><br>and<br><br>A.B. DISTRIBUTING, INC., D&H DISTRIBUTING COMPANY, EIZO NANO TECHNOLOGIES INC., INGRAM MICRO INC., INTERNATIONAL AUDIO VISUAL INC., SYNNEX CORPORATION, TECH DATA CORPORATION, CSAV, INC., GLOBAL MARKETING PARTNERS, INC., SEA LAND, INC., PEERLESS INDUSTRIES, INC., DOUBLESIGHT DISPLAYS, LLC, AND BRETFORD MANUFACTURING, INC.<br><br>   Third-Party Defendants, | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | JUDGE: LED<br><br>Civil Action No. 02-06CV-272<br><br>JURY TRIAL DEMANDED |

**MASS ENGINEERED DESIGN, INC. and JERRY MOSOVITCH'S
REPLY TO BRETFORD AND CSAV'S RESPONSE ON
<u>MOTION FOR LEAVE TO ADD CROSS CLAIMS</u>**

Reduced to its essence, Bretford and CSAV's argument boils down to two separate yet related points—*first*, that MASS waited too long to bring this cross-claim; and *second*, that Bretford and CSAV would suffer prejudice if they were added. Both excuses are unavailing. By CDW's admission to this Court, Bretford and CSAV have been on notice of their infringement since at least February 2007, and have been part of this lawsuit since this Court granted CDW's motion for leave to add third-party defendants on November 29, 2007. Indeed, CDW's third-party complaint specifically alleges a defense of non-infringement, and Bretford likewise denied infringement in this case <u>before</u> it filed any declaratory judgment action. *See* CDW Third-Party Complaint ¶ 25 (Docket 159); Bretford Answer to CDW Third Party Complaint ¶ 25 (Docket 214). Moreover, Bretford and CSAV can hardly claim prejudice since they knew about this case and <u>chose</u> not to participate. Regardless, as this Court recognized when it granted CDW's motion, the parties can easily work out a scheduling order that reflects all parties' concerns.

**I.     MASS Can Add These Cross-Claims**

    **A.     No Showing of Good Cause Is Necessary Here**

No showing of good cause is necessary here under Rule 16(b) because no scheduling order has been entered on these third-party Defendants. Thus, Bretford and CSAV are mistaken that this cross-claim is late. MASS has sought leave of the Court and permission of the parties to add this cross-claim out of caution and respect for this Court over its docket, but the current scheduling does not prevent MASS from doing so. Bretford and CSAV were not yet in the case.

    **B.     In Any Event, Good Cause Exists**

Under Rule 16(b), it is undisputed that this Court has the discretion to add these cross-claims. *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535-36 (5th Cir. 2003). As explained in MASS's opening brief, good cause exists to modify the scheduling

1

order. Bretford correctly identifies the four factors for determining whether to add this cross-claim: (1) why MASS is asserting these claims now; (2) the amendment's importance; (3) prejudice; and (4) the availability of a continuance to cure any prejudice. All exist here, although MASS need not show all four factors; rather, the Court must weigh them. *Id.* Notably, the current defendants—Dell, CDW, Tech Data, and Ergotron—have not filed an opposition.

### 1. Why MASS Is Adding These Cross-Claims

Bretford and CSAV rely heavily on the fact that MASS could have sued them for infringement before now, and they point to MASS's opposition to CDW's motion to file a Third-Party Complaint. MASS opposed CDW's motion because of the risk of complicating the case and adding additional parties. This Court allowed them in the case, and MASS is now trying to abide by this Court's admonition to "move this case along and help it get resolved faster." Transcript of Oral Argument at 4:8-11 (attached as Exhibit 1). After the motion was granted, MASS attempted to amicably resolve this dispute with Bretford and CSAV. MASS added this cross-claim when it became clear that no agreement could be reached and that Bretford and CSAV were trying to delay resolution by filing declaratory judgment actions on the same models that already are in suit here. As counsel for CDW stated, "The basic indemnity question is whether or not these products infringe." Transcript at 7:1-3; 9-13.[1]

Both Bretford and CSAV recently filed declaratory judgment actions against MASS in other districts in which they have placed at issue the same units that already are in suit here. For example, of the 450 total units that Bretford has sold, approximately 200 already are in suit here

---

[1] In its Response, CSAV attempts to blame MASS for causing CSAV to back away from the agreement between the parties to resolve this matter. MASS questions both the propriety and relevancy of raising this issue, and responds only to the extent necessary to rebut a demonstrably false statement that MASS somehow tricked CSAV into what the agreement would contain. MASS proposed several options to all third parties at the same time, and MASS sent CSAV a draft term sheet the evening of the mediation reflecting what CSAV told MASS—that it wanted to reach an agreement based on one specific option proposed by MASS. To the extent necessary, MASS can submit documents to this Court for its *in camera* review. MASS does not question the good faith of CSAV about whether it was confused, but CSAV's attempt to use these discussions is improper, irrelevant, and wrong as a matter of fact.

2

because MASS has accused Dell, Tech Data, or CDW of selling these units. Likewise, for CSAV, thousands of its units already are in suit here. MASS believes that principles of judicial economy and efficiency counsel strongly that all these units should be tried together in the court where Bretford and CSAV first appeared as parties arguing non-infringement of these products.

**2.     The Importance of Adding This Claim**

Adding this cross-claim is to "everyone's advantage" here. Transcript at 9:14-18 (statement of the Court). It is also important for judicial economy. The evidence, proof, and testimony will be the same—regardless of whether there are 2, 200, 2000, or 20,000 devices in suit. It makes no sense to have two different suits on the same exact models in two different jurisdictions, with one-half tried in one jurisdiction and the other half in the other jurisdiction.

MASS was content not to try the products sold by non-party defendants. But Bretford and CSAV have now put these devices at issue by filing declaratory judgment suits in other judicial districts. Because of these dual actions and to conserve judicial resources, it is important to consolidate all the devices in one suit. Not adding these devices would mean that in two separate courts, the same two parties would be litigating the exact same issues of infringement.

Although Bretford does not raise this issue (for good reason), CSAV asserts that one reason to deny the cross-claim is the "customer suit" exception. CSAV fails to point out, however, that the customer suit exception does not apply on its face unless the manufacturer's suit will resolve all issues against the parties. *Microsoft Corp. v. Commonwealth Scientific and Industrial Research Org.*, 2007 WL 4376104 at * 2 (E.D. Tex. Dec. 13, 2007) (Davis, J.); *Alloc, Inc. v. Unilin Décor N.V.*, 2005 WL 3448060 at *3 (W.D. Wis. Dec. 15, 2005). Here, Dell, Tech Data, and CDW sell other accused units, and that trial is proceeding regardless. Moreover, the customer suit exception is not applicable where "all relevant parties are joined in the same suit in

3

the same jurisdiction." *Alloc*, 2005 WL 3448060 at *5. Here, of course, all parties already are in front of this Court and they have consented to jurisdiction and venue.

Finally, this Court also has recognized that "'[t]he guiding principles in the customer suit exception cases are efficiency and judicial economy.'" *Microsoft*, 2007 WL 4376104 at *3 (quoting *Tegic Commc'ns Corp v. Board of Regents of the University of Texas*, 458 F.3d 1335, 1343 (Fed. Cir. 2006)). Here, "efficiency and judicial economy" strongly counsel for keeping all the devices in this suit, where Discovery is proceeding, this Court has already spent significant time and resources issuing a *Markman* order and gaining familiarity with the patent, and a trial date is set. To the extent required, the parties can work out any scheduling issues. *Id.*[2]

As this Court noted, "[s]itting on the sidelines . . . does not promote efficiency or judicial economy." *Id.* Bretford and CSAV have in fact "sat on the sidelines." Counsel for CDW explained it best at the hearing: "[W]e have been in contact with them as I said from the moment that we were first informed that their products were accused of infringement. We have kept them apprised of all of the developments in the case. We have afforded pleadings to them as they have come in. They have been on notice of this Markman Hearing. They were invited to come and at least participate from the gallery, but they chose not to do that." Transcript at 8:1-7.

The fundamental question is whether adding these third parties will increase judicial economy and efficiency. Here, trying all the products together in this case will do so.

---

[2] Moreover, the actions must be contemporaneously-filed for the customer suit exception to apply. *Codex Corp. v. Milgo Electronic Corp.*, 553 F.2d 735, 738 (1st Cir. 1977). Here, by CDW's admission, Bretford and CSAV have been on notice of MASS's claims since February 2007, CDW moved in this Court to add Bretford and CSAV as parties, asserting non-infringement in September 2007, and this Court granted that motion in November 2007. *See* Transcript at 5:10-12 (statement of CDW counsel that "[w]hen we received that word that these other manufacturers were implicated, we immediately began discussions with those manufacturers.").

4

### 3. No Prejudice Will Result

Bretford and CSAV have been on notice and have been following the proceedings since at least February 2007. CDW attempted to add them to the case in September, and this Court officially added them in November 2007—one year before the current trial date. Indeed, Bretford just proposed a schedule to the Northern District of Illinois that sets a trial date one year from its filing. *See* Exhibit 2. Again, counsel for CDW said it best at the hearing: "None of those defendants, potential defendants, have indicated to us that they are going to be seeking any kind of change to the scheduling order. A trial on this case is not set for another year from today, so I don't know if the order even if it was needed to be amended would need to be amended in any way that would affect the trial date in this case. But as I said, Your Honor, none of these parties have indicated to us their intent to try and alter the schedule." Transcript 8:8-13.

Moreover, MASS has attempted (and is currently attempting) to obtain discovery from Bretford and CSAV, which it hopes to do without court intervention, and all parties are receiving notices of depositions. And to re-emphasize, MASS is willing to work with all parties to agree on a revised scheduling order.

### 4. Any Potential Prejudice Can Be Cured

To the extent that any prejudice will result, MASS is agreeable to work on a revised scheduling order to work out any concerns of CSAV or Bretford. This Court recognized as much when it allowed these third parties in the case: "[A]t least get them in the case and then we will have a status conference with them after they are in and see what their position is. And if they -- and the Court will decide then whether -- well, they will decide first if they can live with the scheduling order as it is. And if they can't, then I can either hold them to it or sever them out and put them on a separate track and not disturb this trial setting." Transcript 8:25-9:7.

For all these reasons, MASS respectfully requests that this Court grant the Motion.

DATED: April 4, 2008                    Respectfully submitted,


                                         /s/ Justin A. Nelson
Max L. Tribble, Jr. - Lead Attorney
State Bar No. 20213950
mtribble@susmangodfrey.com
Justin A. Nelson
State Bar No. 24034766
jnelson@susmangodfrey.com
Stephen F. Schlather
State Bar No. 24007993
sschlather@susmangodfrey.com
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

Otis W. Carroll
State Bar No. 03895700
nancy@icklaw.com
IRELAND, CARROLL & KELLEY, P.C.
6101 South Broadway, Suite 500
P.O. Box 7879
Tyler, Texas 75711
Telephone: (903) 561-1600
Facsimile: (903) 561-1071

Franklin Jones, Jr.
State Bar No. 00000055
maizieh@millerfirm.com
JONES AND JONES, INC., P.C.
201 West Houston Street, P.O. Drawer 1249
Marshall, Texas 75671-1249
Telephone: (903) 938-4395
Facsimile: (903) 938-3360

Gregory L. Maag
State Bar No. 12748500
gmaag@conleyrose.com
Jonathan M. Harris
State Bar No. 00796713

6

jharris@conleyrose.com
CONLEY ROSE, P.C.
600 Travis Street, Suite 7100
Houston, Texas 77002
Telephone: (713) 238-8000
Facsimile: (713) 238-8008

S. Calvin Capshaw
State Bar. No. 03783900
ccapshaw@mailbmc.com
BROWN McCARROLL, L.L.P.
1127 Judson Road, Suite 220
P.O. Box 3999
Longview, Texas 75601-5157
Telephone: (903) 236-9800
Facsimile: (903) 236-8787

Robert M. Parker
State Bar No. 15498000
Parker, Bunt & Ainsworth, P.C.
100 E Ferguson Street, Ste. 1114
Tyler, TX, 75702
Telephone: 903-531-3535


ATTORNEYS FOR MASS ENGINEERED
DESIGN, INC. AND JERRY MOSCOVITCH

7

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing instrument was filed electronically in compliance with Local Rule CV-5(a)(3) and has been served this 4th day of April, 2008 on the counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system. Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

   s/Justin A. Nelson
Justin A. Nelson