**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BRETFORD MANUFACTURING, INC., <br><br> Plaintiff, <br><br> v. <br><br> MASS ENGINEERED DESIGN, INC., and JERRY MOSCOVITCH, <br><br> Defendants. | Case No. 08 C 486 <br><br> Judge Moran |

**PROTECTIVE ORDER**

   This Protective Order is issued to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

   For purposes of this Order:

   a. "Documents" includes all tangible written, recorded (electronically or otherwise), or graphic material, whether produced or created by a party or another person, and whether produced pursuant to the discovery rules, by agreement, or otherwise, and includes, without limitation, documents, interrogatory answers, responses to requests for admissions, deposition transcripts and exhibits, pleadings, motions, affidavits, affirmations, and briefs, or any portion of any of the above.

   b. "Protected Document" means any Document that a party to this action or the producing person believes in good faith contains any trade secret, Confidential Information or other confidential research, development or commercial information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G), and which bears the legend, or is otherwise designated, "Confidential" or "Confidential – Outside Counsel's Eyes Only."

   c. "Confidential Information" means trade secrets, other confidential, non-public and proprietary technical information, including, research, or development information, patent applications, commercial, financial, budgeting and/or accounting information, information about existing customers, marketing studies, performance and projections, business strategies, decisions and/or negotiations, personnel compensation, evaluations and other employment information which a producing party so designates based on its good faith belief that the information qualifies as "Confidential Information" hereunder. All testimony that refers or relates to Confidential Information, and all deposition exhibits that consist of or contain

Confidential Information, shall automatically be deemed to carry those designations. Confidential Information further includes information disclosed orally at a deposition that the disclosing party believes in good faith contains trade secret or other confidential research, development or commercial information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G), provided that the disclosing party indicates the confidentiality on the deposition record or, within twenty (20) days after such disclosures, the disclosing party delivers to the receiving party a written document describing the information disclosed and referencing the place and date of such disclosure. Confidential Information does not include any document or information that is: (i) generally known to those in the industry prior to any disclosure hereunder; or (ii) generally known to those in the industry without breach of this Order; or (iii) approved for release by written authorization of the party who owns the information; or (iv) disclosed to the receiving party by a third party lawfully possessing such document or information and under no obligation of confidentiality; or (v) developed independently by the receiving party or any employees or designated agents thereof independently and without any use whatsoever of information received by the receiving party under this Order; or (vi) (a) advertising materials, (b) materials that on their face show that they have been published to the general public, or (c) documents that have been submitted to any governmental entity without request for or statutory entitlement to confidential treatment.

In support of this order, the Court finds that:

1. Documents or information containing Confidential Information that bear significantly on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in this litigation;

2. The parties to this litigation may assert that public dissemination and disclosure of Confidential Information could severely injure or damage the party disclosing or producing the Confidential Information and could place that party at a competitive disadvantage;

3. Counsel for the party or parties receiving Confidential Information are presently without sufficient information to accept the representation(s) made by the party or parties producing Confidential Information as to the confidential, proprietary, and/or trade secret nature of such Confidential Information; and

4. To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this litigation, the following Order should issue:

**IT IS THEREFORE ORDERED THAT:**

1. All documents and things produced by any party shall be numbered (e.g. Bates numbered) using a prefix bearing the party's name or an abbreviation thereof, such as an acronym or the first three letters of its name so long as the abbreviation differs from all other names/abbreviations. The prefix should be used on a consistent basis and in a manner which makes clear the identity of the producing party.

2. Documents or discovery responses containing Confidential Information disclosed or produced by any party in this litigation are referred to as "Protected Documents." Except

as otherwise indicated below, all documents or discovery responses designated by the producing party as "Confidential" or "Confidential — Outside Counsel's Eyes Only" and which are disclosed or produced to the attorneys for the other parties to this litigation are Protected Documents and are entitled to confidential treatment as described below.

3. Confidential Treatment. Protected Documents and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

4. Any party to this litigation, and any non-party from whom discovery is sought in connection with this litigation, may designate as

"Confidential"
Or
"Confidential — Outside Counsel's Eyes Only"

any documents, testimony, or other discovery material that contains "Confidential Information." A non-party or party may challenge the designation of any document, testimony, or other discovery material in accordance with Paragraph 16 of this Order.

5. Until or unless the Court rules otherwise, material marked or otherwise designated as "Confidential" shall be maintained in confidence by the party to whom such material is produced and shall not be disclosed to any person except:

   (a) Outside counsel for the respective parties, including their clerical, litigation support and paralegal employees, provided that any such person is directly involved in preparation or trial of the litigation. As used herein, "outside counsel" shall mean attorneys for the respective firms who have made appearances in the litigation for their clients.

   (b) Except as otherwise provided in paragraph 6 herein, party representatives that have a need to know and first have agreed on their own behalf, and on behalf of any support staff, to be bound by the provisions of the undertaking attached as Exhibit A, and have signed such undertaking.

   (c) Outside consultants/experts for each of the parties, who are not employed by or affiliated with any of the parties, but who are specifically engaged by counsel or the parties to assist in this litigation; provided, however, that (i) any such consultant/expert has signed an undertaking in the form of the attached Exhibit A; (ii) a copy of the signed undertaking and a curriculum vitae of the proposed consultant/expert is served on all counsel of record at least ten (10) calendar days before the Confidential Information is shown to such consultant/expert; and (iii) no party objects in writing to such disclosure within those ten (10) calendar days. If any such objection is made, it must be in writing and state the reasons for such objection; thereafter, no disclosure of Confidential Information shall be made to that consultant/expert as to material produced by the objecting party until the matter is resolved by the Court or upon agreement of the parties.

    (d)    Any court reporter and video recorder operator retained by any party to record a deposition in the litigation.

    (e)    The Court and its officers, court stenographers, data processing vendors. graphics/trial consultants, and outside copy services whose function requires them to have access to material designated as "Confidential" or "Confidential – Outside Counsel's Eyes Only" under this Protective Order.

6.    Material marked or otherwise designated as "Confidential – Outside Counsel's Eyes Only" is further restricted in that it shall not be disclosed to any person identified in category 5(b) above. The parties shall not designate material as "Confidential – Outside Counsel's Eyes Only" unless such Confidential Information comprises or contains competitively sensitive information which could be used by another party to obtain a competitive advantage over the producing party. The parties agree, without limitation, that the following categories of information qualify for the designation "Confidential – Outside Counsel's Eyes Only":

    (a)    Confidential Information relating to defendants' product sales, pricing, costs, profits, or margins; however, notwithstanding the above, counsel of record for a party shall be entitled to provide to that party a summary of another party's annual sales volume and total sales for each product on a confidential basis;

    (b)    Non-public technical information, including schematic diagrams, technical reference manuals, operations manuals, and the like relating to the products not yet released for public sale;

    (c)    Confidential agreements and contracts concerning the development, manufacture, distribution or sale of products; and

    (d)    Non-public patent applications and related correspondence and documents.

7.    This Order is without prejudice to later agreements or requests for a party to request that the Court give additional party representatives access to certain information designated "Confidential – Outside Counsel's Eyes Only."

8.    This Order shall not bar any attorney herein in the course of rendering advice to his or her client with respect to this litigation from conveying to any party client an evaluation in a general way of Protected Documents produced or exchanged herein; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents, directly or indirectly, of any Protected Document produced herein, which disclosure would be contrary to the terms of this Order.

9.    If a party wants to use material designated as "Confidential" or "Confidential - Outside Counsel's Eyes Only" in the deposition of someone (including third parties) other than an employee or representative of the party that produced the Confidential materials, then that party shall notify the producing party of its desire to so use such materials and identify the materials at least five (5) business days before the deposition of the non-producing party is to commence. The producing party and the party desiring to use such

material agree to confer in good faith to resolve any disputes and reach agreement on the form (e.g., redacted versions) or manner in which the materials may be used at the deposition. If an agreement cannot be reached, then the party desiring to use such materials must seek an order from the court allowing use of the materials during the deposition.

10. Notwithstanding the paragraphs above, any witness (including any former director, officer, agent and/or employee of a producing party) may be shown or examined on, at a deposition or at trial, any document containing material designated "Confidential" or "Confidential – Outside Counsel's Eyes Only" if it appears from the face of the document that the witness authored or previously received a copy of it, or if specific documentary or testimonial evidence establishes that the document was communicated to or received from the witness, or if the producing party so agrees. If at any time, it appears that the witness is not familiar with the document, the examining attorney will forthwith remove the document from the view of the witness. At the conclusion of the examination, no witness may retain copies of Confidential Information received at deposition or trial.

11. In the event the producing party elects to produce original documents or other material for inspection, no markings need be made by the producing party in advance of the inspection. During the inspection, all such documents or other material shall be considered as marked "Confidential -- Outside Counsel's Eyes Only." After selection by the inspecting party of specified documents or material for copying, the producing party shall make the appropriate copies, and the appropriate confidentiality designations shall be placed on the specified documents or materials prior to providing the copies to the inspecting party.

12. No designation shall be effective unless there is placed or affixed on such material a "Confidential" or "Confidential – Outside Counsel's Eyes Only." Testimony given at a deposition or hearing and the resulting transcript may be designated as "Confidential" or "Confidential – Outside Counsel's Eyes Only" by an appropriate statement at the time of the giving of such testimony. Counsel shall have 10 business days from the date of the deposition to designate any part of the transcript as confidential.

13. Discovery material produced without the designation of "Confidential" or "Confidential – Outside Counsel's Eyes Only" may be so designated subsequent to production or testimony when the producing party failed to make such designation at the time of production or during the testimony through inadvertence or error. If discovery material is designated subsequent to production or testimony, the receiving party promptly shall collect any copies that have been provided to individuals other than those authorized in paragraphs 5 and 6 of this Order and shall destroy or return them to the producing party.

14. Inadvertent or unintentional production of documents or information containing Confidential Information which are not designated "confidential" shall not be deemed a waiver in whole or in part of a claim for confidential treatment. If a party or non-party learns of any of its Confidential Information being produced in this action by another non-party or party, that party or non-party shall have the opportunity to designate the

information as "Confidential" or "Confidential – Attorney's Eyes Only" and the information shall be treated as such.

15. If a party files a document containing Confidential Information with the Court, it shall do so in compliance with the Electronic Case Filing Procedures for the Northern District of Illinois. Prior to disclosure at trial or a hearing of materials or information designated "Confidential" or "Confidential - Attorneys' Eyes Only", the parties may seek further protections against public disclosure from the Court.

16. At any time after the delivery of Protected Documents, counsel for the party or parties receiving the Protected Documents may challenge the Confidential designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Protected Documents. If the parties are unable to agree as to whether the confidential designation of discovery material is appropriate, the party or parties receiving the Protected Documents shall certify to the Court that the parties cannot reach an agreement as to the confidential nature of all or a portion of the Protected Documents. Thereafter, the party or parties challenging the Protected Documents shall have fourteen (14) days from the date of certification to file and serve a motion to alter the designation of any Protected Documents in dispute, and shall have the burden of establishing that the disputed Protected Documents are not entitled to confidential treatment. Each party to this litigation additionally acknowledges that nothing in this Order shall prevent interested members of the public from challenging the propriety of the designation of Protected Documents by petitioning this Court. All Protected Documents are entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary or a contrary determination is made by the Court as to whether all or a portion of a Protected Document is entitled to confidential treatment.

17. If a party or non-party inadvertently produces or discloses information that is subject to attorney-client privilege and/or attorney-work product immunity, or other applicable privilege, it may request in writing within five business (5) days of learning of such inadvertent production or disclosure that the information inadvertently produced or disclosed be returned or destroyed. Such inadvertent production shall not constitute or be construed as a waiver of any applicable privilege either to the information or subject matter of the disclosure. The request must state the nature of the privilege and/or immunity claimed for the inadvertently produced or disclosed information. Upon receipt of such request, the party or non-party in receipt of such information shall in good faith attempt to retrieve all copies of such information and shall return or destroy the information (and shall to the extent possible destroy any notes relating to the information subject to the request). No party or non-party that received the inadvertently produced or disclosed information under the provisions of this Order may argue that the privilege or immunity has been waived as a result of the inadvertent production or disclosure, nor may that party use any information contained in or obtained from such inadvertent production in this litigation or for any purpose. If the receiving party or non-party wishes to challenge the propriety of the claim of privilege or immunity, it may do so only after first fully complying with the requirements of this paragraph, except that it may retain I

copy of the challenged document for the sole purpose of arguing the merits of the privilege designation.

18. The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

19. To the extent that Protected Documents or information contained therein are used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the Protected Documents or information contained therein.

20. Any court reporter or transcriber who reports or transcribes testimony in this litigation shall agree that all Confidential Information designated as such under this Order shall remain "confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

21. The party or parties receiving Protected Documents shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Documents or any information contained therein.

22. Drafts of expert reports need not be retained or produced; but inquiry is permitted into whom, if anyone, other than the expert participated in the drafting of his/her report. Experts must produce all documents upon which they rely in forming their opinions.

23. All Protected Documents produced in the course of this litigation shall be utilized solely for the purposes of this litigation and the litigation currently pending in the Eastern District of Texas, Civil Action No. 2:06 CV-272 (the "Texas Action"). The parties also agree and acknowledge that discovery taken or produced in connection with either this litigation or the Texas Action may be used in both this litigation and the Texas Action.

24. After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

25. Upon termination of this litigation by dismissal, judgment, or settlement, counsel for the party or parties receiving Protected Documents shall, at the option of the disclosing or producing party, return the Protected Documents to the counsel for the party or parties disclosing or producing the Protected Documents or certify that such documents have been destroyed. The receiving parties' counsel of record may retain one copy of the Protected Documents for their files, may keep their attorney work product which refers or relates to any Protected Documents. Attorney work product may be used in subsequent litigation provided that such use does not disclose Protected Documents or any information contained therein.

26. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

27. Nothing in this Order prevents a party from disclosing its own documents and information on a non-confidential basis as it sees fit. Parties may also agree among themselves in a signed writing to permit access to their own documents and information notwithstanding this Order. Such agreements may be submitted to the Court for entry as an order.

28. A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as "Confidential" or "Confidential – Outside Counsel's Eyes Only" information pursuant to the terms of this Protective Order, and the material or information will be subject to all terms of this order. A nonparty's use of this Protective Order to protect its Confidential Information does not entitle that nonparty to access Confidential Information produced by any party in this litigation.

**Respectfully submitted and agreed to by:**

| **BRETFORD MANUFACTURING, INC.** | **MASS ENGINEERED DESIGN, INC. and JERRY MOSCOVITCH** |
|---|---|
| */s/ Richard W. Young* | */s/ Sanjay K. Murthy, with permission* |
| Richard W. Young (IL Bar No. 6181557) | Robert M. Barrett |
| Richard.Young@dbr.com | rbarrett@bellboyd.com |
| David J. Moorhead (IL Bar No.6280666) | Sanjay K. Murthy |
| David.Moorhead@dbr.com | smurthy@bellboyd.com |
| DRINKER BIDDLE & REATH LLP | BELL BOYD & LLOYD LLP |
| 191 N. Wacker Dr., Suite 3700 | 70 West Madison St., Suite 3100 |
| Chicago, IL 60606-1691 | Chicago, IL 60602 |
| (312) 569-1000 | (312) 372-1121 |
| (312) 569-3000 | (312) 827-8000 |
| *Counsel for Plaintiff* | *Counsel for Defendants* |

So ORDERED and SIGNED this ___ day of _____, 2008.

JAMES B. MORAN
UNITED STATES DISTRICT JUDGE

EXHIBIT A

CERTIFICATE OF CONSENT
TO BE BOUND BY PROTECTIVE ORDER
BRETFORD MANUFACTURING, INC. V. MASS ENGINEERED DESIGN, INC., and JERRY MOSCOVITCH,
CASE NO: 08 C 486, Northern District of Illinois

_____ (name), I am (i) a party representative, who agrees on my behalf and on behalf of any support staff or (ii) I am an individual who has been specially retained by _____ (counsel or party) to assist in the above-styled proceeding.

I hereby agree to be bound by the Protective Order in the present civil action, a copy of which has been provided to me. I further state that I have read the Protective Order (dated _____ and understand and agree to the terms and conditions thereof. The undersigned agrees to and submits to the jurisdiction of the above-mentioned court for the purposes of enforcing this protective order and the undersigned's obligations under the protective order.

| | |
|---|---|
| Date | Signature |

CH01/ 13504139.4