

Richard W. Young
(312) 569-1460 Direct
(312) 569-3460 Fax
Richard.Young@dbr.com

*Law Offices*

191 North Wacker Drive
Suite 3700
Chicago, IL
60606-1698

312-569-1000 phone
312-569-3000 fax
www.drinkerbiddle.com

CALIFORNIA
DELAWARE
ILLINOIS
NEW JERSEY
NEW YORK
PENNSYLVANIA
WASHINGTON DC
WISCONSIN

May 6, 2008

**By ECF and Hand Delivery**

The Honorable James B. Moran
United States District Court
Northern District of Illinois
219 South Dearborn Street
Chicago, Illinois 60604

Re:    *Bretford Mfg., Inc. v. MASS Engineered Design, Inc., et al.*
       **Northern District of Illinois, Civil Action No. 08 C 486**

Dear Judge Moran:

I write in response to a May 2, 2008 letter [Dkt. No. 38] filed on behalf of MASS by its counsel, Sanjay K. Murthy.

This case should proceed and the case in Texas should be stayed under the well-established customer-suit exception in patent law. Under the customer suit exception, litigation brought by a manufacturer, even if it is the second-filed suit, should proceed while the suit against the customer should be stayed. *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990). Bretford substantively addressed this issue in its Opposition to Defendants' Amended Motion to Dismiss [Dkt. No. 31].

In seeking leave to drag Bretford into the Texas action more than a year after the deadline for doing so and as the case was getting ready for trial later this year, MASS has repeatedly argued that upcoming deadlines in that action could be extended to cure the manifest prejudice to Bretford. MASS assured this Court that "'fast approaching deadlines' and due dates for expert reports [in the Texas action] are easily addressed." *Reply*, [Dkt. No. 32], p. 9.

Yet MASS has proposed a schedule in the Texas action that does nothing to mitigate the prejudice to Bretford. Indeed, the schedule compounds Bretford's concerns. A copy of MASS' proposed Docket Control Order is enclosed. Under MASS' proposed schedule, Bretford will have six days to complete its document production. The schedule makes no change to the deadline for expert reports, which is little more than a month from now. While MASS and the other defendants have had more than 18 months for discovery, MASS proposes that Bretford have just three months. And while Bretford promptly served MASS with discovery in this action, MASS has delayed responding.

*Established 1849*

DrinkerBiddle&Reath

The Honorable James B. Moran
May 6, 2008
Page 2

Bretford expressly reserves its right to challenge the Texas court's April 30, 2008 order granting MASS leave to add Bretford as infringement defendant just six months before trial and almost 15 months after the Court-set deadline for adding parties passed.

Bretford respectfully submits that this case should proceed here where Bretford has the time and the opportunity to defend itself against the plaintiffs' claims of infringement, to resolve those issues that bear on its defense which have already been determined in Texas and to adequately discover and develop those facts bearing on its affirmative defenses and counterclaims.

Very truly yours,

Richard W. Young

Enclosure

RWY/DJM

cc:    Robert M. Barrett (by ECF and Email)
       Sanjay K. Murthy (by ECF and Email)

CH02/ 22522680.1

**Young, Richard**

| | |
|---|---|
| **From:** | Justin A. Nelson [jnelson@SusmanGodfrey.com] |
| **Sent:** | Monday, May 05, 2008 3:14 PM |
| **To:** | Andrea Augustine; Brian Dietzel; Casey A. Kniser; Craig Tyler; Efren Garcia; Eric Findlay; Guy Harrison; Kurt Niederluecke; Lora Friedemann; Mark Izraelewicz; Matt Graham; Peter Albert, Jr.; Young, Richard; Scott Morris; Stefan Stein; Thomas L. Duston; Allan Tameshtit; Calvin Capshaw ; Charles Ainsworth; Chris Bunt; Collin Rose; Deana Attaway; Elizabeth DeRieux; Franklin Jones Jr.; Gregory L. Maag; Jerry Moscovitch; Jonathan M. Harris; Jonathan Pierce; Justin A. Nelson; Max L. Tribble; Nanci Mohr; Otis Carroll ; Patsy Goff; Robert Parker ; Stacy Schulze; Stephen F. Schlather; Tammie J. DeNio; Tom Gorham |
| **Subject:** | Draft Docket Control Order for Bretford and CSAV |
| **Attachments:** | Docket Control Order April 10 (2).DOC |

Andrea/Casey --

Please see attached.  I did not hear from you on Friday regarding my email from last week.  Let's discuss tomorrow so that we can work something out.  I am open at your convenience.  Thanks.

5/6/2008

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| MASS ENGINEERED DESIGN, INC. and JERRY MOSCOVITCH | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 2:06CV-272-LED |
| v. | ) ) | Judge Leonard Davis |
| ERGOTRON, INC., DELL INC., CDW CORPORATION, and TECH DATA CORPORATION | ) ) ) ) | Jury Trial Demanded |
| Defendants | ) ) | |

## DOCKET CONTROL ORDER

In accordance with the joint motion submitted on , 2008, it is hereby

**ORDERED** that the following schedule of deadlines is in effect until further order of this

Court:

| | |
|---|---|
| **November 10, 2008 (Mon)** | Jury Trial, 9:00 AM in Marshall, TX |
| **November 10, 2008 (Mon)** | Exhibits & Exhibit Lists: Each party is requested to provide the Court with an original and two courtesy copies of exhibits and exhibit lists. The Court's preferred format for Exhibit Lists is available on the Court's website at www.txed.uscourts.gov under "Judges' Orders & Information."<br><br>If exhibits are voluminous, provide only specific pages that pertain to the issues on the two courtesy copies. The original exhibits that are agreed upon by the parties should be ready to be tendered to the Clerk of the Court at the beginning of trial. Other exhibits that are admitted during trial should be tendered to the Clerk of the Court immediately after admission. |

Error! Unknown document property name.

| | |
|---|---|
| | The parties are further requested to have all exhibits labeled with the following information on each label:  Designation of Plaintiffs or Defendant's Exhibit Number and Case Number.  For example: |
| | <table><tr><th>Plaintiff's Exhibit</th><th>Defendant's Exhibit</th></tr><tr><td>Exhibit No. _____<br>Case No. _____</td><td>Exhibit No. _____<br>Case No. _____</td></tr></table> |
| **November 4, 2008 (Tues)** | Jury Selection – 9:00 a.m. in Marshall, Texas |
| **October 23, 2008 (Thurs)** | Pretrial Conference – 11:00 a.m. in Tyler, Texas |
| **October 21, 2008 (Tues)** | Parties to file estimates of the amount of time they request at jury selection and trial for (1) voir dire, (2) opening statements, (3) direct and cross examinations, and (4) closing arguments |
| **October 20, 2008 (Mon)** | Motions in Limine due.  The parties are directed to confer and advise the Court on or before 3:00 o'clock p.m. the day before the pre-trial conference which paragraphs are agreed to and those that need to be addressed at the pre-trial conference. |
| **October 17, 2008 (Fri)** | Pretrial objections due. |
| **October 14, 2008 (Tue)** | Objections to Rebuttal Deposition Testimony due. |
| **October 7, 2008 (Tue)** | Rebuttal Designations and Objections to Deposition Testimony due.  Cross examination line and page numbers to be included.  In video depositions, each party is responsible for preparation of the final edited video in accordance with their parties' designations and the Court's rulings on objections. |
| **September 29, 2008 (Mon)** | Pretrial Disclosures due.<br>Video and Stenographic Depositions Designation due.  Each party who proposes to offer deposition testimony shall file a disclosure identifying the line and page numbers to be offered. |
| **September 29, 2008 (Mon)** | **Joint Pretrial Order, Joint Proposed Jury Instructions with citation to authority and Form of the Verdict for jury trials due.**  Proposed Findings of Fact and Conclusions of Law with citation to authority for bench trials.  Notice of Request for Daily Transcript or Real Time Reporting of Court Proceedings due.  If a daily transcript or real time reporting of court proceedings is requested for trial or hearings, the party or parties making said request shall file a notice with the Court and email the Court Reporter , Shea Sloan, at shea_Sloan@txed.uscourts.gov. |
| **September 15, 2008 (Mon)** | Response to Dispositive Motions (including *Daubert* |

---

[1] The parties are directed to Local Rule CV-7(d), which provides in part that "[i]n the event a party fails to oppose a motion in the manner prescribed herein, the court will assume that the party has no opposition." Local Rule CV-7(e) provides that a party opposing a motion has **12 days, in addition to any added time permitted under Fed. R. Civ.**

| | motions)[1] Responses to dispositive motions filed prior to the dispositive motion deadlines, including *Daubert* motions, shall be due in accordance with Local Rule CV-7(e). |
|---|---|
| **August 25, 2008 (Mon)** | Dispositive Motions due from all parties and any other motions that may require a hearing (including *Daubert* motions). Motions for Summary Judgment shall comply with Local Rule CV-56. |
| **August 25, 2008 (Mon)** | Parties to Identify Rebuttal Trial Witnesses. |
| **August 18, 2008 (Mon)** | Parties to Identify Trial Witnesses; Amend Pleadings (after *Markman* Hearing). It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings. It is necessary to file a Motion for Leave to Amend after the deadline. However, except as provided in Patent Rule 3-6, if the amendment would affect preliminary or final infringement contentions or preliminary or final invalidity contentions, a motion must be made pursuant to Patent Rule 3-7 irrespective of whether the amendment is made prior to this deadline. |
| **August 15, 2008 (Fri)** | Close of Expert Discovery. |
| **August 15, 2008 (Fri)** | Close of Fact Discovery. |
| **July 16, 2008 (Wed)** | Designate Rebuttal Expert Witnesses (other than claims construction): Rebuttal expert witness report due; Refer to Discovery Order for required information. |
| **Later of January 31, 2008 or 98 days before dispositive motions are due** | Comply with P.R. 3-8 – Furnishing documents and privilege logs pertaining to willful infringement. |
| **June 16, 2008 (Mon)** | Party with the burden of proof to designate Expert Witnesses other than claims construction; Expert witness report due; Refer to Discovery Order for required information |
| June 13, 2008 | Plaintiffs file any response to new briefing on claim construction |
| May 23, 2008 | Bretford and CSAV submit any additional briefing on claim construction |
| May 19, 2008 | Bretford and CSAV serve invalidity contentions on MASS |
| May 12, 2008 | Plaintiffs serve infringement contentions on Bretford and CSAV |
| May 12, 2008 (Mon) | Bretford and CSAV complete production of documents |
| **November 29, 2007 (Thurs)** | Claim construction hearing 9:00 am, Tyler, Texas |
| **November 19, 2007 (Mon)** | Parties shall jointly submit a claim construction chart on computer disk in WordPerfect format or in such other format as the Court may direct in accordance with P.R. 4-5(d). |
| **November 15, 2007 (Thurs)** | **Parties to file a notice with the Court stating the estimated amount of time requested for the *Markman* Hearing.** The Court will notify the parties if it is unable to accommodate this request. |

---

P. 6(e), in which to serve and file a response and any supporting documents, after which the court will consider the submitted motion for decision.

Error! Unknown document property name.

| | |
|---|---|
| | **Comply with P.R. 4-5(c)** - Reply brief and supporting evidence due re: response to claim construction. The moving party is to provide the Court with two binders containing their reply brief and exhibits appropriately tabbed. If a technical advisor has been appointed, the moving party is to provide their brief on disk or CD, along with a hard copy, tabbed and bound in notebook format with exhibits, to the advisor. |
| **November 8, 2007 (Thurs)** | **Comply with P.R. 4-5(b)** – Responsive brief and supporting evidence due to party claiming patent infringement. The moving party is to provide the Court with two binders containing their *Markman* brief and exhibits appropriately tabbed. If a technical advisor has been appointed, the moving party is to provide their *Markman* brief on disk or CD, along with a hard copy, tabbed and bound in notebook format with exhibits, to the advisor. |
| **October 25, 2007 (Thurs)** | **Comply with P.R. 4-5(a)** – The party claiming patent infringement shall serve and file an opening brief and any evidence supporting its claim construction. The moving party is to provide the Court with two binders containing their *Markman* brief and exhibits appropriately tabbed. If a technical advisor has been appointed, the moving party is to provide their *Markman* brief on disk or CD, along with a hard copy, tabbed and bound in notebook format with exhibits, to the advisor. |
| **October 18, 2007 (Thurs)** | Deadline for parties, if they desire, to provide Court with tutorials concerning technology involved in patent. If a technical advisor has been appointed, each party that provides a tutorial shall provide a copy to the advisor. |
| **October 11, 2007 (Thurs)** | **Discovery Deadline – Claim Construction Issues.** |
| **September 27, 2007 (Thurs)** | Respond to Amended Pleadings |
| **September 20, 2007 (Thurs)** | Parties to provide name, address, phone number, and curriculum vitae for three (3) agreed technical advisors and information regarding the nominees' availability for *Markman* hearing or a statement that they could not reach an agreement as to any potential technical advisor. |
| **September 13, 2007 (Thurs)** | Amended Pleadings (pre-claim construction) due from all parties. It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings. It is necessary to file a Motion for Leave to Amend after the deadline. However, if the amendment would affect preliminary infringement contentions or preliminary invalidity contentions, a motion must be made pursuant to Patent Rule 3-7 irrespective of whether the amendment is made prior to this deadline. |
| **September 10, 2007 (Thurs)** | **Comply with P.R 4-3 – Filing of Joint Claim Construction and Prehearing Statement.** |

| | |
|---|---|
| **July 27, 2007 (Fri)** | Comply with P.R. 4-2 – Exchange Preliminary Claim Constructions and Extrinsic Evidence for the '170 Patent Only. |
| **June 27, 2007 (Wed)** | Comply with P.R. 4-2 – Exchange of Preliminary Claim Constructions and Extrinsic Evidence for the '978 Patent Only. |
| **June 15, 2007 (Fri)** | Comply with P.R. 4.1 – Parties exchange terms for claim construction regarding the '170 patent only. |
| **June 6, 2007 (Wed)** | Comply with P.R. 3.3 and 3.4 – Supply invalidity contentions regarding the '170 patent only. |
| **May 25, 2007 (Fri)** | Privilege Logs to be exchanged by parties (or a letter to the Court stating that there are no disputes as to claims of privileged documents.)<br><br>Parties agree documents created after the initiation of this lawsuit do not need to be logged on the privilege log, except to the extent that a party may rely on events post-suit as a defense to willfulness, which will be disclosed in a time and manner required by this docket control order and P.R. 3-8. |
| **May 11, 2007** | Comply with P.R. 4-1 – Exchange Proposed Terms and Claim Elements for Construction. |
| **April 2, 2007** | Comply with P.R. 3-3 and P.R. 3-4 – Preliminary Invalidity Contentions due.  Thereafter, it is necessary to obtain leave of Court to add and/or amend invalidity contentions, pursuant to Patent Rule 3-7.<br><br>Add any inequitable conduct allegations to pleadings.  It is not necessary to file a motion for leave to add inequitable conduct allegations to pleadings prior to this date.  Thereafter, it is necessary to obtain leave of Court to add inequitable conduct allegations to pleadings. |
| **February 2, 2007 (Fri)** | Comply with P.R. 3-1 and P.R. 3-2 – Disclosure of Asserted Claims and Preliminary Infringement Contentions due. Thereafter, it is necessary to obtain leave of Court to add and/or amend infringement contentions, pursuant to Patent Rule 3-7.<br><br>Join Additional Parties.  It is not necessary to file a motion to join additional parties prior to this date.  Thereafter, it is necessary to obtain leave of Court to join additional parties. Add new patents and/or claims for patents-in-suit.  It is not necessary to file a motion to add additional patents or claims prior to this date.  Thereafter, it is necessary to obtain leave of Court to add patents or claims. |
| **December 15, 2006 (Fri)** | **Mediation to be completed.  Richard Grainger, 118 W. Houston Street, Tyler, TX 75702 (903.595.3514)** is appointed as mediator in this cause.  The mediator shall be |

| | deemed to have agreed to the terms of Court Ordered Mediation Plan of the United States District Court of the Eastern District of Texas by going forth with the mediation in accordance with this Order.  General Order 99-2. |
| --- | --- |
| | |

In the event that any of these dates fall on a weekend or Court holiday, the deadline is modified to be the next Court business day.

## OTHER LIMITATIONS

1.   All depositions to be read into evidence as part of the parties' case-in-chief shall be **EDITED** so as to exclude all unnecessary, repetitious, and irrelevant testimony; **ONLY** those portions which are relevant to the issues in controversy shall be read into evidence.

2.   The Court will refuse to entertain any motion to compel discovery filed after the date of this Order unless the movant advises the Court within the body of the motion that counsel for the parties have first conferred in a good faith attempt to resolve the matter.  See Eastern District of Texas Local Rule CV-7(h).

3.   The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:

   (a)   The fact that there are motions for summary judgment or motions to dismiss pending;

   (b)   The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this Order or was made as a special provision for the parties in the other case;

   (c)   The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

**So ORDERED and SIGNED this 6th day of November, 2006.**