IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRETFORD MANUFACTURING, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 08 C 486 |
| ) | |
| MASS ENGINEERED DESIGN, INC., and ) | |
| JERRY MOSCOVITCH, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Mass Engineered Design, Inc., and Jerry Moscovitch (Mass), allegedly own a patent. They sued three alleged customers of the alleged manufacture of an infringing product in the Eastern District of Texas in 2006, and that case is now about six months from trial.

Apparently they did not sue Bretford Manufacturing, Inc. (Bretford, the alleged manufacturer), and Bretford eventually brought the declaratory judgment action in the Northern District of Illinois. Defendants have moved to dismiss, claiming the suit is a violation of the first-to-file rule, or, alternatively, to transfer this case to Texas. We deny the motion to dismiss and grant the motion to transfer.

We are not advised why defendants did not sue Bretford in Texas in the first place. In any event, we are sympathetic to the views that the manufacturer, not a customer, should be the primary defendant, and that patent litigation should be, to the extent possible, localized in one district. Those views could have led to localizing the primary dispute here.

But the Texas suit is well advanced – <u>Markman</u> rulings have been made. We are led

to believe that Bretford has been involved in that litigation (as manufacturers generally are when customers are sued for patent infringement), and even though it was not originally named as a party, it is now a third party defendant there and it could have filed claims once it became a party. Judge Davis has now permitted Mass to amend its complaint to allege infringement, and the alternate motion here indicates that defendants here are willing to be answerable there.[1] We see no reason why a new lawsuit should supplant or duplicate an ongoing litigation that is progressing in the usual course. Texas is where it ought to be resolved.

                                                                           JAMES B. MORAN
                                                                   Senior Judge, U. S. District Court

May 13, 2008.

---

[1] We are confident that Judge Davis will provide defendants with ample opportunity to pursue in a reasonable fashion their infringement contentions in Texas.